```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
AKHMED GADZHIEVICH BILALOV,                                      :
                                                                 :
                                        Plaintiff,               :     1:20-cv-9153-GHW
                                                                 :
                          -against -                             :     ORDER
                                                                 :
HERMAN GREF AND KIRIL ANDROSOV,                                  :
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiff has requested leave to pursue this case entirely under seal. Because he has not overcome the strong presumption of public access that attaches to his complaint, the motion to seal is DENIED.

**I.    BACKGROUND**

The complaint in this case was filed on October 30, 2020. The presiding Part I judge provisionally sealed the complaint—"until November 6, 2020 or until further order of the Court." This permitted Plaintiff to file the complaint under seal initially, so that the assigned district judge could evaluate the arguments presented to seal the complaint. The Court has reviewed the motion in support of sealing the complaint and the case in its entirety and concludes that Plaintiff has not met the high burden necessary to overcome the presumption of public access to judicial documents.

**II.   LEGAL STANDARD**

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F.

Supp. 2d 616, 620–621 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (requiring that a court make specific, rigorous findings before sealing a document or otherwise denying public access). Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars

disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

### III.   ANALYSIS

Plaintiff has failed to meet the burden of proof required for the complaint to be sealed. Step one of the Circuit's test is easily satisfied: the information Plaintiff seeks to seal is contained in a complaint, obviously a judicial document that is both "relevant to the performance of the judicial function and useful in the judicial process[.]" *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)

With respect to step two, the presumption of public access to the information Plaintiff seeks to shield from the public has extraordinarily substantial weight. Plaintiff seeks to hide the entirety of the case, and the identity of the players involved, from the public eye. This is at the core of the judicial function. *Cf. Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 Civ. 8958 (JFK), 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").

The weight of the presumption with respect to this information is very high. Plaintiff appears to misunderstand the governing standard, arguing that the "public has no significant interest in the information contained on the record of this case." Sealing Motion at 3. But, as stated above "[t]he weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1049). Evidently, the public cannot evaluate a case that it does not know about—so the weight accorded to the complaint, and existence of this litigation is very high. Moreover, the factual premise of Plaintiff's argument is flawed because it puts the cart before the horse—the public may have little interest in his case today because the public does not know about it. That may change once the allegations are disclosed.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure. Plaintiff alleges that he has been physically threatened by representatives of the defendants, and that he is being persecuted by the Government of Russia. Unfortunately, crediting his allegations, the risks that Plaintiff describes existed before this litigation was filed. Such threats are a substantial concern, but they do not permit Plaintiff to litigate this case in secret. Plaintiff also makes arguments that confuse this case with other proceedings that involve similar facts. While the facts pleaded in this action may overlap with those presented in connection with the other proceedings, that does not permit Plaintiff to overcome the presumption of public access and to litigate this case in secret.

**IV.     CONCLUSION**

One of the strengths of the United States legal system is that its courts do not operate in secret. Perhaps that is one of the reasons why Plaintiff has filed this case involving decades-old transactions in Russia amongst Russians here in New York City. The Court declines Plaintiff's invitation to deviate from that bedrock principle. Because Plaintiff has not rebutted the

presumption of public access, his motion to seal the complaint is denied.

The Clerk of Court is directed to unseal this case. Plaintiff is directed to file the complaint, along with this order, on the docket of this case.

Plaintiff is directed to serve a copy of this order, and all of the Court's prior orders in connection with this application, on each of the defendants and to retain proof of service.

SO ORDERED.

Dated: November 5, 2020
New York, New York

                                                GREGORY H. WOODS
                                               United States District Judge