Irina Shpigel
Shpigel and Associates, P.C.
*Attorneys for Plaintiff*
250 Greenwich Street, 46th Floor
New York, New York 10007
E-mail: ishpigel@iselaw.com
T 212-390-1913
F 646-355-0242

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AKHMED GADZHIEVICH BILALOV, an individual, | |
| Plaintiff, | Civil Action No. 1:2020cv09153 |
| - against- | |
| HERMAN GREF, SBERBANK CIB USA, INC. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR LEAVE TO FILE A SECOND AMENDED</u>**
**<u>COMPLAINT</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT AND BACKGROUND ................................................................1

ARGUMENT ....................................................................................................................................5

I.   DEFENDANTS CANNOT DEMONSTRATE UNDUE DELAY OR BAD FAITH .........6

II.  DEFENDANTS CANNOT DEMONSTRATE ANY PREJUDICE BY VIRTUE
     OF THE PROPOSED AMENDMENT .............................................................................7

III. DEFENDANTS CANNOT DEMONSTRATE THAT THE AMENDED
     COMPLAINT'S ADDITIONAL FRAUD-BASED CLAIMS ARE "FUTILE" ................8

CONCLUSION ................................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Page(s)**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
　87 F. Supp. 2d 281 (S.D.N.Y. 2000) ............................................................................ 8

*Acito v. IMCERA Grp., Inc.*,
　47 F.3d 47 (2d Cir. 1995) ............................................................................................. 5

*Agerbrink v. Model Serv. LLC*,
　155 F. Supp. 3d 448 (S.D.N.Y 2016) ....................................................................... 7-8

*Allison v. Clos-ette Too, L.L.C.*,
　No. 14-cv-1618 (LAK) (JCF), 2015 WL 136102 (S.D.N.Y. Jan. 9, 2015) ................. 5

*Am. Medical Ass'n v. United Healthcare Corp.*,
　No. 00-cv-2800, 2006 WL 3833440 (S.D.N.Y. Dec. 29, 2006) ................................. 6

*City of N.Y. v. Grp. Health Inc.*,
　649 F.3d 151 (2d Cir. 2011) ........................................................................................ 5

*Duling v. Gristede's Operating Corp.*,
　265 F.R.D. 91 (S.D.N.Y. 2010) .................................................................................. 7

*Finlay v. Simonovich*,
　No. 97-cv-1455, 1997 WL 746460 (S.D.N.Y. Dec. 2, 1997) .................................... 6

*Foman v. Davis*,
　371 U.S. 178 (1962) .................................................................................................... 5

*Gallegos v. Brandeis Sch.*,
　189 F.R.D. 256 (E.D.N.Y. 1999) ................................................................................ 9

*Hanlin v. Mitchelson*,
　794 F.2d 834 (2d Cir. 1986) ........................................................................................ 8

*Henry v. Murphy*,
　No. M-82, 2002 WL 24307 (S.D.N.Y. Jan. 8, 2002) ................................................. 8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
　986 F. Supp. 2d 428 (S.D.N.Y. 2013) ........................................................................ 5

*Intersource, Inc. v. Kidder Peabody & Co.*,
　No. 90-cv-7389 (PKL), 1992 WL 369918 (S.D.N.Y. Nov. 20, 1992) ....................... 8

*Kroshnvi v. U.S. Pack Courier Servs., Inc.*,
    771 F.3d 93 (2d Cir. 2014) .................................................................................................... 5

*Maiaro v. Alarm Specialists, Inc.*,
    No. 13-cv-8658 (NSR), 2014 WL 5285695 (S.D.N.Y. Oct. 15, 2014) ................................... 8

*Park B. Smith, Inc. v. CHF Indus. Inc.*,
    811 F. Supp. 2d 766 (S.D.N.Y. 2011) ..................................................................................... 7

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir. 2008) ............................................................................................. 7, 8

*S.S. Silberblatt, Inc.* v. *East Harlem Pilot Block Bldg, 1. Hous. Dev. Fund. Co.*,
    608 F.2d 28 (2d Cir. 1979) .................................................................................................8-9

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011) .................................................................................................. 5

**Statutes and Rules**

Fed. R. Civ. P. 9 .................................................................................................................................. 2

Fed. R. Civ. P. 15 ....................................................................................................................... 1, 4, 5

Fed. R. Civ. P. 26 .............................................................................................................................. 3

12 U.S.C. § 632 ................................................................................................................................ 1

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff, Bilalov, Akhmed Gadzhievich, through his attorneys, Shpigel & Associates, P.C., submits this memorandum of law, together with the First Amended Complaint, in support of Plaintiff's Motion to File an Amended Complaint.

## PRELIMINARY STATEMENT AND BACKGROUND

Plaintiff filed his original and now-operative complaint ("Complaint") in the Southern District of New York on November 5, 2020. The Complaint alleges claims against Herman Gref, and Sberbank CIB USA. On February 5th, 2020, before the Defendants' time to answer expired, Plaintiff filed a First Amended Complaint. The Defendants time to answer or otherwise move with respect to the Complaint was May 21st, 2021 [Dkt. 29]. Plaintiff's counsel met and conferred with Defendants' counsel by way of an exchange of pre-motion to dismiss letters, and several key facts and issues were raised, these new facts and issues necessitated the filing of an amended complaint. Since no Answer of dispositive motions were filed by the Defendants, Plaintiff instant prayer for relief does not prejudice the Defendants.

Plaintiff is making this Motion now to avoid any statute of limitations, laches, or prejudice arguments that Defendants might raise if Plaintiff waited. There has been no bad faith or dilatory motive on Plaintiff's part, and the fraudulent misrepresentation and conspiracy to defraud claims are well supported by the particularized factual allegations already present in the existing Complaint. Accordingly, there is no plausible basis to oppose this Motion on futility grounds.

Under Federal Rule of Civil Procedure 15(a)'s permissive standards and the liberal policy of allowing pleading amendments in the Second Circuit, this Court should grant Plaintiff's Motion for leave to file the Amended Complaint.

## ARGUMENT

The Motion should be granted in the interests of justice. "The Federal Rules provide that courts 'should freely give leave [to amend] when justice so requires.'" *Kroshnvi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). Justice so requires absent factors "such as undue delay, bad faith or dilatory motive on the part of the movant…undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment, etc.," which are wholly absent here. *Foman v. Davis*, 371 U.S. 178, 182 (1962). While decisions regarding leave to amend are left to the court's discretion, "there must be good reason to deny the motion." *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) (citation omitted). The Courts of this Circuit and District apply a "permissive standard" to such motions and have a "strong preference for resolving disputes on the merits," all of which favors granting leave to amend. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (quotation omitted); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2013) ("Generally, amendments are favored because they tend to facilitate a proper decision on the merits.") (internal quotation and citation omitted).

To defeat this Motion, Defendants must overcome this permissive standard and strong preference for resolving claims on their merits and meet their burden of demonstrating bad faith, prejudice, or futility. *See City of N.Y. v. Grp. Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) ("The rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith."); *Allison v. Clos-ette Too, L.L.C.*, No. 14-cv-1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015) (party opposing motion bears the burden of establishing futility). Defendants cannot do so and thus the Motion should be granted.

I. **DEFENDANTS CANNOT DEMONSTRATE UNDUE DELAY OR BAD FAITH**

Plaintiff has not delayed in seeking leave to amend. Discovery has not yet commenced in this Action. Written responses and objections have not yet commenced. Accordingly, documents

have not been produced by any party and no such productions are imminent. Depositions are not even scheduled. *See, e.g.*, *Am. Medical Ass'n v. United Healthcare Corp.*, No. 00-cv-2800, 2006 WL 3833440 (LMM), at *4 (S.D.N.Y. Dec. 29, 2006) (finding no undue delay when discovery was in its "early stages" and "[n]o scheduling order or deadline for filing motions to amend the pleading ha[d] expired"); *Finlay v. Simonovich*, No. 97-cv-1455, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997) (proposed amendment timely where plaintiff sought leave to amend "while discovery was still open – indeed, early in the discovery period") (collecting cases).

In sum, Defendants cannot demonstrate undue delay or bad faith, and this failure renders any opposition to the Motion futile. *See, e.g.*, *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) ("Mere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (same).

## II. DEFENDANTS CANNOT DEMONSTRATE ANY PREJUDICE BY VIRTUE OF THE PROPOSED AMENDMENT

Defendants will not be prejudiced (unduly or otherwise) by Plaintiff's proposed amendment for many of the same reasons noted above. Discovery is barely underway, Defendants have been on notice of Plaintiff's intention to assert each and every claim in the amended complaint and the background and factual allegations remain the same. Thus, there has been no change in position or circumstances, or other unfair surprise that might constitute legal prejudice. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 103 (S.D.N.Y. 2010) ("defendants were on notice of the facts underlying [plaintiff's] claims prior to his motion [to amend] and cannot colorably claim prejudice due to unfair surprise"); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455-56 (S.D.N.Y 2016) (proposed amendment did not unduly prejudice defendants because it arose from and related to the same set of facts and transactions as the claims in the original pleading); *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) ("[T]he new claims

are merely variations of the original theme…arising from the same set of operative facts as the original complaint…[and] were forecast by the original…allegations."); *cf. Ruotolo*, 514 F.3d at 192 ("Undue Prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'") (citation omitted); *Henry v. Murphy*, No. M-82, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002) ("prejudice occurs if the opposing party would experience undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the movant").

The damages portion of the Complaint is also identical in the Amended Complaint, the changes only add a necessary party and plead the claims with better and clearer particularity as such this is not the kind of legal prejudice that is relevant to a motion to amend a pleading. *See, e.g., Maiaro v. Alarm Specialists, Inc.*, No. 13-cv-8658 (NSR), 2014 WL 5285695, at *3 (S.D.N.Y. Oct. 15, 2014) ("increased potential liability is 'not the type of prejudice that warrant[s] denial of leave to amend the complaint.'") (citation omitted). Likewise, "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000). Accordingly, the Motion should be granted.

### III. DEFENDANTS CANNOT DEMONSTRATE THAT THE AMENDED COMPLAINT'S ADDITIONAL FRAUD-BASED CLAIMS ARE "FUTILE"

In the absence of undue delay, bad faith, or undue prejudice, "the Second Circuit repeatedly has held that if the party moving for leave to amend its pleading 'has at least colorable grounds for relief, justice…require[s]'" permitting the amendment. *Intersource, Inc. v. Kidder Peabody & Co.*, No. 90-cv-7389 (PKL), 1992 WL 369918, at *2 (S.D.N.Y. Nov. 20, 1992) (quoting *S.S. Silberblatt, Inc.* v. *East Harlem Pilot Block Bldg, 1. Hous. Dev. Fund. Co.*, 608 F.2d 28, 42 (2 Cir. 1979). While district courts have the discretion to deny a motion for leave to amend if the proposed amendment would be futile, "[c]ourts should exercise caution…in labeling a claim 'futile.'" *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999) (citation omitted). "A

proposed claim may be labeled futile only where it is clearly frivolous or legally insufficient on its face." *Id*. a  259 (internal quotation and citation omitted). "If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Id*. (citation omitted). Defendants cannot establish futility.

As noted above, the Complaint and the Amended Complaint are distinguished by clearer pleadings and addition of an indispensable party.

In sum, under the permissive standard that applies, and in light of the above judicial assessments of Plaintiff's central allegations to date, Defendants cannot establish that the proposed fraud-based claims are clearly frivolous or that Plaintiff does not have at least colorable grounds for relief. Accordingly, the Motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file an Amended Complaint in the form of the proposed Amended Complaint appended as Exhibit A.

Dated: New York, New York
June 4th, 2021                                                                                    Respectfully submitted,

                                                                                                  */s/ Irina Shpigel*
                                                                                                  Irina Shpigel, Esq.