**WHITE & CASE**

July 23, 2021

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:   *Bilalov v. Gref et al.,* No. 20-cv-09153 (AT)(KNF) – Pre-Motion Letter

Dear Judge Torres:

We are counsel for Defendant Sberbank CIB USA, Inc. ("SCIB") in the above-captioned matter. We respectfully submit this letter pursuant to Rules III.A.ii and III.B.iii of Your Honor's Individual Practices to set forth the various pleading deficiencies in Plaintiff Akhmed Bilalov's Second Amended Complaint (the "SAC")[1] and to request permission to file a motion to dismiss.[2]

The SAC is a sprawling pleading that, while it tries to invoke all manner of suspicious-sounding misbehavior centered on the Russian Federation, is entirely untethered to any cognizable claim for Plaintiff. The core of the SAC is Plaintiff's claim that through a series of events taking place in Russia between *2008* and *2013*, Defendants coerced Plaintiff, a Russian national, into selling his purported shares in a Russian company associated with the 2014 Winter Olympics called Krasnaya Polyana. Plaintiff then asserts a laundry-list of claims: four RICO claims, an Alien Tort Statute ("ATS") claim, and state law claims for fraud, conspiracy to commit fraud, conversion, abuse of process, and unjust enrichment.

Plaintiff's allegations are deficient as a matter of law and the SAC should be dismissed. First, the SAC does not include any particularized allegations against SCIB and, as a result, fails to establish any plausible inference of any claim against SCIB under F.R.C.P. 8(a). In fact, the only plausible inference is that Plaintiff included SCIB as a defendant in a misguided attempt to localize in New York what is decidedly a Russian dispute. Second, Plaintiff's claims are time-barred because they accrued no later than 2013. Third, the SAC fails to state a claim upon which relief can be granted, as the SAC's allegations are untethered to the actual claims Plaintiff brings,

---

[1] SCIB also joins in the positions set forth in the pre-motion letter from counsel for Herman Gref and Sberbank of Russia (together with SCIB, "Defendants") regarding further deficiencies in the SAC, including the impropriety of this Russia-centric action proceeding in a U.S. forum, and SCIB reserves the right to identify additional grounds for dismissal in future submissions.

[2] Pursuant to Rule III.B.ii of Your Honor's Individual Practices, SCIB sent Plaintiff an initial pre-motion letter on July 13, 2021. Plaintiff sent a response on July 20, 2021, in which he indicated that he disagrees with SCIB's objections to the SAC (rather than make any further amendment).

WHITE & CASE

The Honorable Analisa Torres
July 23, 2021

and Plaintiff does no more than recite, in boilerplate fashion, the elements of the applicable causes of action without any factual support.

    I.    <u>The SAC Alleges No Wrongdoing By SCIB</u>

As to SCIB, the SAC alleges only legal conclusions and no facts. It recites the conclusion that Sberbank operates in the United States and New York "through" SCIB, without any facts in support. SAC ¶ 21. It similarly recites the conclusions that SCIB "played a crucial role in the conspiracy" and "laundered" money, without any factual support of what SCIB actually did, or any facts on what role SCIB supposedly played. *See id.* ¶¶ 25-27, 119. The SAC does not include any other substantive references to SCIB—other than to allege that it has an "intimate relationship" with JP Morgan Chase—let alone make any factual allegations against SCIB in support of its claims. *Id.* ¶ 116. Instead, it purports to lump SCIB together with the other Defendants in textbook "group pleading" that courts consistently reject.

Where a complaint lacks specific allegations as to a defendant, a motion to dismiss should be granted. *Kirkland v. Bianco*, 595 F. Supp. 797, 799-800 (S.D.N.Y. 1984). Moreover, the fact that two corporations are in a parent-subsidiary relationship, as SCIB is with Sberbank, does not make one liable for the alleged conduct of the other. *Metlife Sec., Inc. v. Bedford*, 456 F. Supp. 2d 468, 472 (S.D.N.Y. 2006). Because the SAC does not identify any participation in wrongdoing by SCIB or suggest that the corporate separateness of SCIB and Sberbank should be disregarded, the SAC does not establish a plausible inference of any claim against SCIB under F.R.C.P. 8(a). By extension, the SAC fails to satisfy the heightened pleading standard of F.R.C.P. 9(b) applicable to claims sounding in fraud, such as Counts I-VII and IX, which requires that fraudulent statements or conduct be attributed to each defendant individually, and which the SAC makes no effort to do. *See, e.g.*, SAC ¶¶ 128, 196.

    II.    <u>Plaintiff's Claims Against All Defendants Are Time-Barred</u>

The statute of limitations for Plaintiff's claims for fraud and conspiracy to commit fraud is the greater of six years or two years from the time the plaintiff discovered or could have with reasonable diligence discovered the fraud. CPLR 213(8). The statutes of limitations for Plaintiff's various other claims are four years (RICO),[3] three years (conversion and unjust enrichment), and one year (abuse of process).[4]

Plaintiff's claims against Defendants accrued as early as 2008, when, according to the SAC, Defendants began their efforts to take control of Krasnaya Polyana from Plaintiff and his brother. *See* SAC ¶¶ 53-58. By Plaintiff's own admission, he was on notice of Defendants' alleged scheme no later than 2012. *See id.* ¶¶ 65-67 (alleging an "undisputed conspiracy"). And Plaintiff claims he and his brother were forced to sell their shares in 2013. *See id.* ¶¶ 87-89. Accordingly, the six-year statute of limitations for fraud and conspiracy to commit fraud expired no later than

---

[3] *See Rosenshein v. Meshel*, 688 F. App'x 60, 62 (2d Cir. 2017) (RICO claims have a four-year statute of limitations accruing on the date that the injury was discovered or should have been discovered).

[4] Count X is deficient for various other reasons described herein and in the letter of Mr. Gref and Sberbank.

2019, and Plaintiff's claims filed in November 2020 are untimely. The shorter statutes of limitations for RICO, conversion, and unjust enrichment expired still earlier.

Plaintiff's claim for abuse of process is likewise time-barred because the SAC's alleged "persecutory campaign" culminated in October 2019 with Plaintiff's wrongful arrest in Miami, *see* SAC ¶¶ 144-47, but Plaintiff filed this lawsuit more than one year after his arrest.

In an effort to evade the statute of limitations, the SAC invokes equitable estoppel and equitable tolling in conclusory fashion. *See* SAC pp. 57-59. Neither is applicable. Equitable tolling requires that a plaintiff be unaware that he has a claim because of a defendant's fraudulent concealment, but on Plaintiff's own allegations, he was aware of the "scheme" regarding his shares as early as 2008 and no later than 2012-2013, and Plaintiff does not allege any concealment. Equitable estoppel requires that the plaintiff, though diligently pursuing his claims, was wrongfully induced by the defendant to refrain from filing a lawsuit. The SAC makes clear that Plaintiff did not diligently pursue his claims; for example, Plaintiff alleges that he moved to New York in 2016, but instead of filing a lawsuit, he waited two years before attempting to "back channel members of the 'inner circle' in an effort to recover some of his assets." *See id.* ¶ 124-25. That is a deliberate decision by Plaintiff, not any inducement by Defendants. Nor are Plaintiff's RICO claims saved by the separate accrual rule, which only applies to a new and independent RICO injury discovered in the four years preceding the date of the lawsuit, and none is alleged here. *World Wrestling Ent., Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 524 (S.D.N.Y. 2007).

### III. The SAC Fails to State a Claim for Which Relief Can Be Granted

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]ald assertions and conclusions of law will not suffice" to avoid dismissal. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). The SAC is rife with conclusory allegations and legal conclusions rather than facts, and fails to plead essential elements of the claims asserted, including as set forth below:

- *Fraud and Conspiracy to Commit Fraud*. The SAC does not allege any misstatements or omissions by Defendants; that Defendants worked in concert to perpetuate any conspiracy; knowledge, scienter, or reasonable reliance; or any matters with the required particularity.

- *Conversion and Unjust Enrichment*. The SAC does not plead that Defendants exercised unauthorized dominion over Plaintiff's property; that Defendants were unjustly enriched at Plaintiff's expense; or any matters with the required particularity. Plaintiff also fails to plead a possessory interest in the allegedly stolen shares. *See* SAC ¶ 45 (alleging Plaintiff's brother became owner of the shares in 2006). This defect also undercuts Plaintiff's Article III standing to pursue various of his claims.

- *Abuse of Process*. The SAC lacks particularized allegations in support of Plaintiff's claim that Defendants worked in concert with law enforcement to have him detained.

The SAC's allegations in support of its four RICO claims are likewise deficient as a matter of law. In addition to failing to plead a domestic injury, the SAC does not allege the required

WHITE & CASE

The Honorable Analisa Torres
July 23, 2021

pattern of racketeering activity. Each of the alleged predicates is asserted against all Defendants generally and in conclusory statements that mirror the statutory language for each offense. *See Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.*, 14-cv-7349 (AJN), 2016 U.S. Dist. LEXIS 44265, at *14 (S.D.N.Y. Mar. 31, 2016) (complaint ascribing actions to all defendants "as an undifferentiated group" is insufficient "because each element of a RICO violation must be plausibly alleged as to each individual defendant" (internal quotations and citations omitted)).

The alleged predicates are also inadequately pled. The Travel Act and mail and wire fraud statutes do not apply extraterritorially, and the SAC lacks factual allegations establishing their elements. *Id.* at *21. The SAC alleges that Defendants violated the Hobbs Act when they attempted to cause Plaintiff to abandon his legal claims, *see* SAC ¶ 184(i), but it does not allege that Defendants obtained Plaintiff's property. *See Worldwide Directories*, 2016 U.S. Dist. LEXIS 44265, at *18-19 (finding that complaint failed to state a claim for Hobbs Act extortion where it did not allege that defendants obtained property from plaintiff). Plaintiff's money laundering claims fail because the threadbare allegation, made on information and belief, that Plaintiff's assets were laundered through something called the "Troika Laundromat" is unsupported by any facts. *See, e.g., Schlesinger v. Schlesinger*, 05-CV-5016-ADS-WDW, 2007 U.S. Dist. LEXIS 104921, at *23-24 (E.D.N.Y. Feb. 8, 2007) (dismissing RICO claims where "Plaintiff's allegation of money laundering consists of the conclusory assertion that [defendant] used various corporations to … launder funds").

In addition, the SAC fails to allege an association-in-fact enterprise. The SAC fails to allege relationships among the various individuals and entities—including currency dealers, state officials and law enforcement officers—to plead an enterprise. *See Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 440 (S.D.N.Y. 2019) ("A plaintiff may not simply string[] together … various defendants and label[] them an enterprise." (internal quotations and citation omitted) (alterations in original)). Counts I and II also fail as a matter of law because Plaintiff does not allege an investment injury or an acquisition injury as required. Moreover, because the SAC does not sufficiently plead a substantive RICO claim, it cannot plead a RICO conspiracy claim.

Finally, Plaintiff's ATS claim fails as to SCIB as a matter of law because general corporate activity in the United States, which is at best all that is claimed with respect to SCIB, is not sufficient to support domestic application of the ATS. *Nestle USA, Inc. v. Doe*, No. 19-416, 2021 U.S. LEXIS 3120, at *9 (June 17, 2021). In any event, it is well-established that garden variety violations of domestic law, such as corporate torts, do not give rise to an ATS claim.

We thank the Court for its consideration.

**WHITE & CASE**

The Honorable Analisa Torres
July 23, 2021

Respectfully submitted,

*/s/ Kimberly A. Havlin*

**Kimberly A. Havlin**

**T** +1 212-819-8683
**E** kim.havlin@whitecase.com

Copies to Counsel of Record (via ECF Filing)

5

AMERICAS 108341767