# SHPIGEL & ASSOCIATES, P.C.
Attorneys At Law

250 Greenwich Street, 46th Floor
7 World Trade Center
New York, New York 10007
Phone (212) 390-1913     Fax (646) 355-0242
E-Mail: ishpigel@iselaw.com

---

July 30th, 2021

**VIA ECF**

The Honorable Analisa Torres
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Bilalov v. Gref et al., 20-Civ-09153-(AT)(KNF)*- Response to Pre-Motion Letter

Dear Judge Torres:

I write on behalf of Plaintiff Akhmed G. Bilalov (hereinafter "Mr. Bilalov") in response to Defendant Sberbank CIB USA, Inc. (hereinafter "SberBank US"), "SberBank of Russia" and Defendant Herman Gref's (hereinafter "Mr. Gref") (hereinafter collectively the "Defendants") July 23, 2021 letters seeking a pre-motion conference under your Honor's Individual Practice Rules III.A.ii and III.B.iii. Plaintiff Akhmed G. Bilalov respectfully requests that your Honor deny the Defendants' request at this time. Plaintiff has sufficiently pled its claims against each of the Defendants, and his Second Amended Complaint (hereinafter "SAC") should not be summarily dismissed at the initial pleading stage.

I. Plaintiff's Claims are Timely

A Civil RICO claim is subject to a statute of limitations period of four years from when Plaintiff had notice of his injury. *Rotella v. Wood*, 528 US 549, 553 (2000). However, there is a "separate accrual" rule in the Second Circuit. A new four-year limitations period accrues each time plaintiff discovers, or should have discovered, a new injury caused by the predicate RICO

violation. *Bingham v. Zold*, 66 F.3d 553, 559 (2d Cir. 1995), *cert. Den*, 517 US 1134 (1996)(*emphasis added*); *see also Koch v. Christie's Intern. PLC,* 699 F.3d 141, 148-49 (2d Cir. 2012). This Court has referred to this "separate accrual" rule for RICO claims in *World Wrestling Ent., Inc. v. Jakks P., Inc.*, 530 F. Supp. 2d 486, 524 (SDNY 2007), *aff'd*, 328 Fed. Appx. 695 (2d Cir. 2009). Under this rule, the accrual of a civil RICO action is premised on when Plaintiff first knew of each injury caused by the individual predicate acts alleged.

Here Plaintiff has alleged that the last predicate act, Hobbs Act Extortion, occurred on or about August 2019. *See* SAC ¶¶137, 138-143

Plaintiff alleges in the SAC that in or around August 2019, he started to pursue his claims against the Defendants. See SAC ¶¶137, 138-143. Defendants began to use intimidation and force of threat to pressure Plaintiff into abandoning his allegations against them. *See* SAC ¶¶137, 138-143. The Hobbs Act Extortion acts caused injury to Plaintiff in that it deprived Plaintiff from exercising his rights and allowed Defendant to retain Plaintiff's property.  Furthermore, Defendants threatened Plaintiff with physical violence in furtherance of their plan to deprive Plaintiff of his ownership interest of Krasnaya Polyana. *See* SAC ¶¶137, 138-143

Hobbs Act Extortion is a new and independent injury and falls under the Second Circuits "separate accrual." *See* SAC at ¶¶ 184(i). The statute of limitations, therefore, began to accrue on or about August 2019.

II.  The SAC Alleges a Domestic Injury

Although some of the Civil RICO acts occurred in Russia, the SAC alleges that Sberbank US is located in the US and was integral in moving the proceeds of the Defendants wrongful acts to the US via the Troika Laundromat and subsequently Gref and Sberbank of Russia committed acts constituting Hobbs Act Extortion in New York. *See* SAC at ¶¶102-119, 184(i). Consequently, these activities have a substantial effect in the United States, and these offenses have caused direct, substantial injury to important economic and legal interests in the US. *United States v. Parness*, 503 F.2d 430 (2d Cir. 1974).

III. The Court has Personal Jurisdiction over Mr. Gref, Sberbank of Russia and Sberbank CIB USA,

This Court has Personal Jurisdiction over Mr. Gref. FRCP Rule 4(k)(2) provides federal courts with personal jurisdiction over a foreign defendant "in federal question cases and if the foreign

defendant has sufficient contacts with the United States to satisfy due process requirements." See Eskofor A/S vs. EI Du Pont Nemours & Company, 872 F. Supp. 81 (SDNY 1995).

Mr. Gref is subject to this Court's personal jurisdiction under CPLR §302(a).

Here the Court has jurisdiction over Defendant Sberbank and Gref. The Court has jurisdiction over Defendant Sberbank on the ground that Defendant trades Level II ADR's on the New York Stock Exchange, conducts business within the United States directly and through its subsidiary, and Defendant has purposefully availed itself of this Court's jurisdiction in previous litigation. SAC at ¶¶ 18-31.

This Court has jurisdiction over Defendant Gref on the ground that he has committed a tortious act within the state, as alleged in SAC at ¶¶ See SAC at ¶¶102-119, 184(i). Gref furthered the conspiracy in that he directed Alexey Nikolaevich and other individuals to threaten, extort and intimidate Plaintiff in New York in or about August 2019.  Sberbank US, Sberbank Russia and Mr. Gref are co-conspirators who committed acts in furtherance of a conspiracy which they knew included acts in the United States, such as investing in US businesses and using US banks for the transfer of the money and/or US dollar payments for the assets of Krasnaya Polyana.

IV. CIVIL RICO allegations

A. Allegations against Sberbank U.S.and Sberbank of Russia are Pled with Requisite Particularity

Sberbank US and Sberbank of Russia is a co-conspirator and an insider. Herman Gref is and was the CEO of Sberbank of Russia. See the SAC at ¶ 28. At all times he was acting both on behalf of himself and in his official capacity on behalf of Sberbank of Russia. See SAC at ¶¶ 30, 31.

Federal Rule of Civil Procedure 9(b) requires that when "multiple defendants are involved in the alleged fraud, it is especially important that the fraud be particularized as to each one of them." Asdourian v. Konstantin, 77 F.Supp.2d 349, 354 (E.D.N.Y. 1999). "[S]pecific connection need not be necessarily made between fraudulent representations and the specific defendants where the defendants are insiders." Id. (citing DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)).

In the present case, Sberbank US and Sberbank of Russia are alleged to be an insider in an illicit enterprise. Because defendants are insiders, the particularity that Defendants seek "need not be necessarily made." Id.

Furthermore, Sberbank US and Sberbank of Russia are liable under the theory of respondent superior; an employer can be held liable for the actions of their employees when the employee acts negligently or intentionally as long as the tortious conduct is generally foreseeable and a natural incident of the employment. "Judith M. v. Sisters of Charity Hosp., 93 N.Y.2d 932, 933 (1999).

Plaintiff has otherwise pled the Civil RICO claims with requisite particularity and has alleged every element of CIVIL RICO and has property pled all the other causes of action alleged in the SAC.

For these reasons, Plaintiff respectfully requests Your Honor deny the Defendants the requested permission to file a Rule 12(b)(6) motion to dismiss on these grounds.

Respectfully Submitted,

*/s/ Irina Shpigel*
Irina Shpigel, Esq.

CC:
All attorneys of record via ECF