UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKHMED GADZHIEVICH BILALOV,

Plaintiff,

-against-

HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive,

Defendants.

1:20-cv-09153-AT-KNF

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SBERBANK CIB USA, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1
ARGUMENT .......... 1
I. The SAC Alleges No Wrongdoing By SCIB .......... 1
II. Plaintiff's Claims are Time-Barred .......... 3
III. The SAC Fails to State a Claim .......... 5
A. The SAC Fails to State a RICO Claim .......... 6
1. The SAC Fails to Allege a Domestic Injury to Business or Property .......... 7
2. The SAC Fails to Allege an Investment Injury or Acquisition Injury .......... 8
3. The SAC Fails to Allege a Pattern of Racketeering Activity .......... 8
a. Mail and Wire Fraud .......... 8
b. Hobbs Act Extortion .......... 9
c. Travel Act .......... 10
d. Money Laundering .......... 10
4. The SAC Fails to Allege a RICO Enterprise .......... 11
B. The SAC Fails to State an Alien Tort Statute Claim .......... 12
C. The SAC Fails to State Any State Law Claims .......... 12
IV. Leave to Amend Should Be Denied .......... 13
CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Black v. Vitello*,
841 Fed. App'x 334 (2d Cir. 2021)....13

*Boritzer v. Calloway*,
2013 U.S. Dist. LEXIS 11119 (S.D.N.Y. Jan. 24, 2013) ....9

*Burrowes v. Combs*,
312 F. Supp. 2d 449 (S.D.N.Y. Mar. 11, 2004)....7

*Casio Computer Co. v. Sayo*,
1999 U.S. Dist. LEXIS 14675 (S.D.N.Y. Sept. 20, 1999)....11

*Citi Connect, LLC v. Local Union No. 3, IBEW*,
2020 U.S. Dist. LEXIS 185796 (S.D.N.Y. Oct. 7, 2020)....5

*Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*,
271 F.3d 374 (2d Cir. 2001)....7

*Dangelo v. Client Servs., Inc.*,
2020 U.S. Dist. LEXIS 103296 (E.D.N.Y. June 11, 2020) ....8

*Deluca v. GPB Auto. Portfolio, LP*,
2020 U.S. Dist. LEXIS 234443 (S.D.N.Y. Dec. 13, 2020) ....6

*Edmond v. Live Well Fin., Inc.*,
2019 U.S. Dist. LEXIS 208384 (S.D.N.Y. Dec. 2, 2019) ....11

*Evergreen E. Coop. v. Bottomley Evergreens & Farms, Inc.*,
2021 U.S. Dist. LEXIS 58305 (S.D.N.Y. Mar. 26, 2021)....2

*Felske v. Hirschmann*,
2012 U.S. Dist. LEXIS 29893 (S.D.N.Y. Mar. 2, 2012)....3

*FindTheBest.com, Inc. v. Lumen View Tech. LLC*,
20 F. Supp. 3d 451 (S.D.N.Y. 2014)....10

*Hayes v. Dep't of Educ. of N.Y.*,
20 F. Supp. 3d 438 (S.D.N.Y. 2014)....14

*Lewis v. Lhu*,
696 F. Supp. 723 (D.D.C. 1988)....7

*Lopez-Motherway v. City of Long Beach*,
2021 U.S. Dist. LEXIS 48597 (E.D.N.Y. Mar. 15, 2021)........................................................5

*Mackin v. Auberger*,
59 F. Supp. 3d 528 (W.D.N.Y. 2014)..........................................................................7

*Metlife Sec., Inc. v. Bedford*,
456 F. Supp. 2d 468 (S.D.N.Y. 2006)..........................................................................2

*Mills v. Polar Molecular Corp*,
12 F.3d 1170 (2d Cir. 1993)........................................................................................6

*Nahl v. Jaoude*,
2018 U.S. LEXIS 100056 (S.D.N.Y. June 14, 2018) ...............................................12

*Nestle USA, Inc. v. Doe*,
No. 19-416, 2021 U.S. LEXIS 3120 (June 17, 2021)...............................................12

*Nygard v. Bacon*,
2021 U.S. Dist. LEXIS 157972 (S.D.N.Y. Aug. 20, 2021) .........................................7

*Ouaknine v. MacFarlane*,
897 F.2d 75 (2d Cir. 1990)..........................................................................................6

*Plount v. Am. Home Assurance Co.*,
668 F. Supp. 204 (S.D.N.Y. 1987)...............................................................................9

*RJR Nabisco, Inc. v. European Cmty.*,
136 S. Ct. 2090 (2016)..................................................................................................7

*Rosenshein v. Jeffrey Meshel*,
688 Fed. App'x 60 (2d Cir. 2017).................................................................................3

*Santana v. Adler*,
2018 U.S. Dist. LEXIS 51401 (S.D.N.Y. Mar. 26, 2018) ..........................................7

*Schansman et al., v. Sberbank et al.*,
No. 1:19-cv-02985 (S.D.N.Y. 2021)..........................................................................11

*Simmons v. Reich*,
2020 U.S. Dist. LEXIS 223479 (E.D.N.Y. Nov. 30, 2020).........................................4

*Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.*,
2019 U.S. Dist. LEXIS 164387 (S.D.N.Y. Sept. 23, 2019).........................................4

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*,
2004 U.S. Dist. LEXIS 19501 (S.D.N.Y. Sept. 30, 2004)..........................................7

*Willey v. J.P. Morgan Chase, N.A.*,
2009 U.S. Dist. LEXIS 57826 (S.D.N.Y. July 7, 2009) ....................2

*Worldwide Directories, S.A. De C.V. v. Yahoo!, Inc.*,
2016 U.S. Dist. LEXIS 44265 (S.D.N.Y. Mar. 31, 2016) ....................9

*Zahl v. Kosovsky*,
2011 U.S. Dist. LEXIS 22028 (S.D.N.Y. Mar. 3, 2011) ....................4

Defendant Sberbank CIB USA, Inc. ("SCIB") respectfully submits this reply in further support of its motion to dismiss the Second Amended Complaint (the "SAC"), ECF No. 51.

## PRELIMINARY STATEMENT

Despite two amended complaints and multiple rounds of pre-motion letters that previewed SCIB's dismissal arguments, Plaintiff offers nothing new that could possibly surmount the clear bars to his claims set forth in SCIB's Motion to Dismiss the Second Amended Complaint, ECF 62 (the "Opening Brief" or "Mem."). Initially, Plaintiff's Opposition (the "Opp."), ECF 67, fails to identify a single well-pleaded factual allegation as to SCIB and, therefore, fails even the liberal pleading standards of Rule 8(a). *See infra*, at Section I. The Opposition also fails to identify any applicable tolling doctrine that would salvage Plaintiff's RICO, fraud, conversion, and unjust enrichment claims, each of which he concedes accrued no later than 2013. *See infra*, at Section II. Moreover, the SAC, which merely recites in boilerplate fashion the elements of the causes of action it asserts, fails across the board to state a claim upon which relief can be granted. *See infra*, at Section III. Any further amendment would be futile, and this ten-year-old Russian-centric dispute should be dismissed with prejudice.

## ARGUMENT

### I. The SAC Alleges No Wrongdoing By SCIB

SCIB showed that the SAC falls short of even the liberal pleading standards of Rule 8(a) because, as to SCIB, the SAC offers legal conclusions and no facts. *See* Mem. at 6-8. In response, Plaintiff simply repeats the same labels and conclusory allegations set forth in the SAC:

> Plaintiff has sufficiently pled wrong doing [sic] by Defendant Sberbank SCIB. Plaintiff has pled that Defendants Sberbank and Gref laundered money through Sberabnk [sic] SCIB. Furthermore, Plaintiff has alleged that Sberabank [sic] SCIB was an insider, and was instrumental in the conspiracy.

Opp. at 27. Contrary to Plaintiff's claim, these bare allegations are insufficient to survive a motion to dismiss. The SAC does not contain any factual allegations detailing how SCIB participated or was "instrumental" in the alleged conspiracy. *See Willey v. J.P. Morgan Chase, N.A.*, 2009 U.S. Dist. LEXIS 57826, at *10-11 (S.D.N.Y. July 7, 2009) (dismissing claims unsupported by factual allegations; "*ipse dixit* pleading is insufficient" under *Iqbal*). Nor does the SAC explain how SCIB was used to launder the proceeds of the wrong, which Plaintiff alleges on information and belief without any statement of facts creating a plausible inference that any money laundering actually occurred. *See* SAC ¶ 119; *see also Evergreen E. Coop. v. Bottomley Evergreens & Farms, Inc.*, 2021 U.S. Dist. LEXIS 58305, at *11 (S.D.N.Y. Mar. 26, 2021) ("[A]llegations on information and belief … will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability.").

The only other reference to SCIB in the entire thirty-page Opposition relates to Plaintiff's conclusory allegation that Sberbank of Russia operates in the United States and New York through SCIB. *See* Opp. at 12. As above, there is no factual support for this claim, and the fact that SCIB and Sberbank of Russia are in the same corporate family does not make one liable for the alleged misconduct of the other. *See* Mem. at 8 (citing *Metlife Sec., Inc. v. Bedford*, 456 F. Supp. 2d 468, 472 (S.D.N.Y. 2006)). It is evident that SCIB, which was not named as a defendant in the first iteration of Plaintiff's complaint, was added to the caption in a misguided attempt to localize this Russian dispute to New York for jurisdictional purposes. But this tactic does not solve Plaintiff's jurisdictional shortcomings, *see* Section II of the Motion to Dismiss of Defendants Sberbank and Gref, ECF 59, nor does it excuse Plaintiff's abject failure to set forth any substantive allegations of specific conduct as to SCIB. *See* Mem. at 6-8. The SAC's improper reliance on group pleading—which the Opposition does not address—cannot salvage Plaintiff's claims. *See id.* at

7-8. Where, as here, a defendant is named in the caption but the complaint is devoid of any particularized allegations as to that defendant, dismissal is required. *See id.*

## II. Plaintiff's Claims are Time-Barred

SCIB showed in its Opening Brief that Bilalov's RICO claims and his claims for fraud, conspiracy to commit fraud, conversion, and unjust enrichment accrued no later than March 2013 when, according to the SAC, Bilalov and his brother were coerced into selling the remainder of their putative shares of Krasnaya Polyana. *See* SAC ¶ 87; Mem. at 9-10.

The six-year statute of limitations for fraud and conspiracy to commit fraud accordingly expired no later than March 2019, and the three-year statutes of limitations for conversion and unjust enrichment expired no later than March 2016. *See* Mem. at 9-10. Plaintiff does not dispute these dates in the Opposition. SCIB also showed that Plaintiff's claims cannot be saved by the doctrines of equitable tolling or equitable estoppel, including because the SAC does not allege any concealment by Defendants and Plaintiff did not diligently pursue his claims, opting instead to wait years before attempting to "back-channel" members of Defendants' inner circle. *See id.* at 11-13. Plaintiff has no response. *See Felske v. Hirschmann*, 2012 U.S. Dist. LEXIS 29893, at *9 (S.D.N.Y. Mar. 2, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."). These claims should be dismissed as time-barred.

Plaintiff's RICO claims are also time-barred because the four-year statute of limitations applicable to civil RICO claims expired no later than March 2017. *See* Mem. at 9 (citing *Rosenshein v. Meshel*, 688 Fed. App'x 60, 62-63 (2d Cir. 2017)). Plaintiff counters that the separate accrual rule caused a new four-year limitations period to accrue in August 2019 when the last predicate act, Hobbs Act extortion, allegedly occurred. *See* Opp. at 15-16. As shown in the Opening Brief, however, Plaintiff fails to plead the essential elements of a Hobbs Act extortion

claim, *see* Mem. at 20-21, so this alleged predicate cannot trigger a new limitations period. Plaintiff also ignores the fact that later-in-time predicates that simply reinforce a prior RICO injury do not reset the clock. *See id.* at 13-15 (citing *Zahl v. Kosovsky*, 2011 U.S. Dist. LEXIS 22028, at *39-40 (S.D.N.Y. Mar. 3, 2011) (noting the Supreme Court's rejection of the "last predicate act rule"; only new and independent RICO injuries, as opposed to new predicates, implicate the separate accrual rule)). If anything, the Opposition further confirms that the alleged Hobbs Act injuries are derivative of the alleged misappropriation of Bilalov's shares six years earlier:

> The Hobbs Act Extortion acts caused injury to Plaintiff in that it deprived Plaintiff from exercising his rights *and allowed Russian Defendants to retain Plaintiff's property*. Furthermore, Defendants threatened Plaintiff with physical violence *in furtherance of their plan to deprive Plaintiff of his ownership interest of Krasnaya Polyana*.

Opp. at 15 (emphases added).

As shown in SCIB's Opening Brief, threats that relate back to the underlying RICO injury, as they do here, cannot form the basis of a new and independent injury for purposes of the separate accrual rule. *See* Mem. at 14-15 (citing *Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.*, 2019 U.S. Dist. LEXIS 164387, at *22 (S.D.N.Y. Sept. 23, 2019) ("The fact that [defendant] allegedly made additional threats to continue exactly the same [RICO] scheme does not restart the clock on the statute of limitations."); *Simmons v. Reich*, 2020 U.S. Dist. LEXIS 223479, at *31 (E.D.N.Y. Nov. 30, 2020) ("[T]he separate accrual rule does not apply where the complaint alleges new RICO violations that merely reinforce the *same* injury." (internal quotations and citation omitted) (emphasis in original))). Plaintiff does not address these cases in his Opposition or otherwise explain how the alleged threats, which, by his own admission, were made "in furtherance of" the alleged misappropriation of his Krasnaya Polyana shares, are new and independent injuries. *See*

Opp. at 15; Pl.'s Pre-Mot. Ltr., ECF 56, at 2. The separate accrual rule does not apply here, and Plaintiff's RICO claims expired no later than March 2017.

Finally, Plaintiff argues that his abuse of process claim is timely because the one-year statute of limitations, which Plaintiff acknowledges would have expired in October 2020, was tolled until November 3, 2020[1] by a series of COVID-19-related Executive Orders signed by the Governor of the State of New York. *See* Opp. at 16. Whether the "Executive Order's tolling on the ground that state courts were closed applies [to federal courts], where courts were open," is not fully resolved. *Citi Connect, LLC v. Local Union No. 3, IBEW*, 2020 U.S. Dist. LEXIS 185796, at *10 (S.D.N.Y. Oct. 7, 2020).[2] *Cf. Lopez-Motherway v. City of Long Beach*, 2021 U.S. Dist. LEXIS 48597, at *20-21 (E.D.N.Y. Mar. 15, 2021) (questioning the executive's authority to issue an order tolling a statute of limitations under New York Executive Law § 29-a). Even assuming, *arguendo*, that the Executive Orders tolled the limitations period for Plaintiff's abuse of process claim, this claim remains deficient as a matter of law for a host of other reasons. *See infra*, at Section III.C.

## III. <u>The SAC Fails to State a Claim</u>

SCIB showed that the SAC fails to state a claim as a matter of law, including because the claims sounding in fraud, which Plaintiff asserts against all Defendants without specification, are not pled with the requisite particularity. *See* Mem. at 16-17. Plaintiff acknowledges that where, as here, multiple defendants are allegedly involved in a claim sounding in fraud, "it is especially important that the fraud be particularized as to each one of them," Opp. at 22, but the SAC falls

[1] Plaintiff commenced this lawsuit on November 2, 2020. *See* Opp. at 16.

[2] In *Citi Connect*, the Court borrowed the "arguably tolled" state statute of limitations in part because there would be no prejudice to defendant "since [plaintiff] loses on the merits." 2020 U.S. Dist. LEXIS 185796, at *11.

far short of this standard, opting instead to lump Defendants together in conclusory fashion. *See, e.g.*, SAC ¶¶ 30, 102, 196-199.

Left grasping at straws, Plaintiff argues that because Defendants are "insiders," the SAC does not need to specify which Defendants made the alleged misrepresentations. *See* Opp. at 22 (citing *Asdourian v. Konstantin*, 77 F. Supp. 2d 349, 354 (E.D.N.Y. 1999)). Initially, Plaintiff's argument that Defendants are insiders is wholly circular: "In the instant case, Plaintiff has pled that the Defendants are insiders, therefore Sberbank US and Sberbank of Russia are co-conspirators and insiders." *Id.* In any event, even if Defendants are "insiders," SCIB showed in its Opening Brief that bare allegations of a defendant's affiliation with entities allegedly committing fraudulent acts is insufficient under Rule 9(b). *See* Mem. at 17 (citing *Ouaknine v. MacFarlane*, 897 F.2d 75, 80 (2d Cir. 1990) (holding that, without more, the allegation that one defendant was an affiliate of another defendant is insufficient to link the defendant to the misstatement)); *see also Deluca v. GPB Auto. Portfolio, LP*, 2021 U.S. Dist. LEXIS 234443, at *34 (S.D.N.Y. Dec. 13, 2020) ("[S]imply alleging that entities are 'insiders or affiliates' … is not enough to satisfy Rule 9(b) ….").  Rather, a complaint must specify, at a minimum, that each defendant knew of or participated in the alleged fraud. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("[P]laintiffs also had to allege that the [defendants] *personally* knew of, or participated in, the fraud." (emphasis in original)). Here, by contrast, the SAC does not (and cannot) allege any non-conclusory facts describing SCIB's role in or knowledge of the alleged scheme to misappropriate Bilalov's putative shares. The claims sounding in fraud (RICO, fraud, conspiracy to commit fraud, conversion and unjust enrichment) fail for this reason alone.

### A. The SAC Fails to State a RICO Claim

SCIB showed that Plaintiff's RICO claims were further deficient and require dismissal due to the SAC's failure to allege (i) a domestic injury to business or property, (ii) an acquisition or

investment injury, (iii) a pattern of racketeering, and (iv) a RICO enterprise. *See* Mem. at 18-24 (citing *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, 2004 U.S. Dist. LEXIS 19501, at *17 (S.D.N.Y. Sept. 29, 2004) ("[C]ourts must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing.")). Nothing in Plaintiff's Opposition compels a different result.

**1. The SAC Fails to Allege a Domestic Injury to Business or Property**

Plaintiff claims that he has adequately alleged a domestic injury to business or property, as required under *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090 (2016), comprising reputational damages, loss of employment opportunities, and threats that discouraged him from pursuing his putative claims against Defendants. *See* Opp. at 19-21. But "reputational harm is not a cognizable injury under RICO." *Santana v. Adler*, 2018 U.S. Dist. LEXIS 51401, at *20 (S.D.N.Y. Mar. 26, 2018).[3] Nor is a generalized claim of lost employment or employment opportunities, as is alleged here without any supporting detail. *See* SAC ¶ 178; *Mackin v. Auberger*, 59 F. Supp. 3d 528, 558 (W.D.N.Y. 2014) ("[T]he loss of Plaintiff's reputation and resulting inability to gain future employment are personal injuries and are not compensable under RICO."). Plaintiff's contention that he suffered a domestic injury when he was discouraged from pursuing his claims meets the same fate. *See Burrowes v. Combs*, 312 F. Supp. 2d 449, 452 (S.D.N.Y. Mar. 11, 2004) (finding that "delayed commencement of litigation to enforce [plaintiff's] rights" is not cognizable under RICO). Without a domestic injury to business or property, Plaintiff lacks standing to pursue his RICO claims.[4]

[3] Certain courts have held that reputational harm resulting in "quantifiable and non-speculative" business harm may constitute a cognizable RICO injury, *e.g.*, *Nygard v. Bacon*, 2021 U.S. Dist. LEXIS 157972, at *12-14 (S.D.N.Y. Aug. 20, 2021), but the SAC is devoid of allegations tying Plaintiff's alleged reputational harm to any quantifiable and non-speculative pecuniary loss.

[4] Plaintiff's reliance on *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374 (2d Cir. 2001) and *Lewis v. Lhu*, 696 F. Supp. 723 (D.D.C. 1988) is unavailing. Opp. at 20. The

**2. The SAC Fails to Allege an Investment Injury or Acquisition Injury**

Plaintiff does not respond to SCIB's argument that the SAC fails to allege an investment injury under Section 1962(a) (Count I) or an acquisition injury under Section 1962(b) (Count II). *See* Mem. at 18-19. These counts should accordingly be dismissed. *See Dangelo v. Client Servs.*, 2020 U.S. Dist. LEXIS 103296, at *10-11 (E.D.N.Y. June 11, 2020) (recommending claims be deemed abandoned for plaintiff's failure to respond to arguments for dismissal), *adopted in* 2020 U.S. Dist. LEXIS 128619 (E.D.N.Y. July 21, 2020).

**3. The SAC Fails to Allege a Pattern of Racketeering Activity**

SCIB showed in its Opening Brief that, taking all allegations in the light most favorable to Plaintiff, the SAC does not adequately allege a pattern of racketeering activity. *See* Mem. at 19-23. Plaintiff counters that the SAC pleads no fewer than nine predicate acts, *see* Opp. at 21, but, as above, Plaintiff ignores the authorities cited in SCIB's Opening Brief, *see* Mem. at 19-23, showing that the alleged predicates are not plausibly pleaded.

**a. Mail and Wire Fraud**

Plaintiff argues that he "has alleged the Mail and Wire Fraud allegations with the requisite specificity by pleading the time, place, and content of the communications," as well as the "parties to the fraudulent communications," Opp. at 24, but this is a mischaracterization of the SAC, which is devoid of these essential details. *See* Mem. at 20. For example, Plaintiff contends that "Defendants necessarily used the mails and wires to obtain the fraudulent red notice and/or diffusion" against Bilalov, Opp. at 23, but the SAC does not specify which Defendant(s) used the mails or wires or the contents of the alleged communications. Instead, the SAC merely alleges that Defendants, acting through intermediaries, provided things of value to foreign officials on or

---

plaintiffs in these cases identified *specific* contracts and licenses that were lost due to alleged RICO violations, whereas the SAC fails to allege any domestic, concrete economic harm.

around March 4, 2018. *See* SAC ¶ 131. This is plainly insufficient under Rule 9(b). *See Plount v. Am. Home Assurance Co.*, 668 F. Supp. 204, 206 (S.D.N.Y. 1987) ("[A]ll of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions . . . .").

Plaintiff next highlights a series of "back channel" conversations that he initiated with members of Defendants' "inner circle" about five years after his putative shares were allegedly misappropriated. *See* Opp. at 23. According to the SAC, after not having any contact with any Defendant between 2014 and 2017, Plaintiff reached out to Kirill Androsov (whom the SAC improperly refers to as a Defendant, *see* SAC ¶ 126) and Mr. Gref's brother on multiple occasions in 2018 and 2019. *See* SAC ¶¶ 132, 138, 141. Even if the SAC alleged the circumstances and content of these calls with the requisite specificity—which it does not—the SAC fails to plausibly allege how these calls, which Plaintiff initiated, furthered a scheme to defraud that allegedly culminated years earlier. *See Boritzer v. Calloway*, 2013 U.S. Dist. LEXIS 11119, at *23 (S.D.N.Y. Jan. 24, 2013) ("[A]s a general rule, even where a complaint directly references various wire or mail transactions, if the allegations of a scheme to defraud are themselves deficient, there will be no plausible claim sounding in fraud—a necessary element of the RICO predicate act of [wire fraud].").

**b. Hobbs Act Extortion**

Plaintiff argues that he has adequately alleged the elements of Hobbs Act extortion in light of Defendants' alleged efforts to cause Plaintiff to abandon his legal claims, *see* Opp. at 25, but Plaintiff admits that he did not transfer property to Defendants. *See id.* As shown in the Opening Brief, extortion under the Hobbs Act requires a showing that the defendant actually obtained property from the plaintiff. *See* Mem. at 21 (citing *Worldwide Directories, S.A. De C.V. v. Yahoo!, Inc.*, 2016 U.S. Dist. LEXIS 44265, at *19 (S.D.N.Y. Mar. 31, 2016) ("The complaint fails to state

a claim for extortion under [the Hobbs Act] because it does not allege that the Baker Defendants obtained any property from Plaintiffs.")). Plaintiff's Hobbs Act predicate thus fails as a matter of law.

**c. Travel Act**

Plaintiff next argues that he has adequately pled the elements of the Travel Act by alleging "with specificity that several members of the Defendants [sic] inner circle traveled from Russia to the United States for the purpose of intimidate and extort [sic] Plaintiff." Opp. at 25. As set forth above, however, the SAC fails to state a violation of the Hobbs Act. Thus, Plaintiff's Travel Act predicate also fails.[5] *See FindTheBest.com, Inc. v. Lumen View Tech. LLC*, 20 F. Supp. 3d 451, 460 (S.D.N.Y. 2014) (holding that plaintiff's Travel Act predicate, which mirrored its Hobbs Act predicate, failed in light of plaintiff's failure to state an extortion claim). Moreover, as set forth in the Opening Brief, Plaintiff's Travel Act predicate is pled in conclusory fashion, simply parroting the statutory elements of the offense, *see* SAC ¶ 184(h), and Plaintiff does not allege that any Defendant travelled in interstate commerce or any "additional act" in furtherance of the specified unlawful activity. *See* Mem. at 21-22.

**d. Money Laundering**

Plaintiff argues that the SAC states a proper money laundering claim because Defendants moved money obtained from Plaintiff through New York bank accounts. *See* Opp. at 26. But the

---

[5] Plaintiff also suggests in passing that he has adequately pleaded a violation of the Travel Act predicated on bribery under the Foreign Corrupt Practices Act ("FCPA"). *See* Opp. at 25. As with the other alleged predicates, however, the SAC relies on sweeping, conclusory statements, such as "Defendants, acting through intermediaries, provided money or things of value to foreign officials to obtain and Interpol red notice and/or diffusion against Bilalov," and is devoid of specifics about the purported bribes that were provided, which foreign officials they were allegedly provided to, and the nature of the unfounded accusations that were allegedly levied. *See* SAC ¶¶ 131, 179, 184(f). Moreover, any money laundering claim predicated on alleged violations of the FCPA, *see id.* ¶ 184(f), fails for the additional reasons set forth in Section III.A.3.d, *infra*.

mere movement of funds through a New York bank does not constitute money laundering. *See Casio Computer Co. v. Sayo*, 1999 U.S. Dist. LEXIS 14675, at *55 (S.D.N.Y. Sept. 20, 1999), *adopted in* 2000 U.S. Dist. LEXIS 15411 (S.D.N.Y. Oct. 13, 2000) (noting that an essential element of money laundering is the defendant's knowledge that the financial transaction was designed to conceal or disguise the source or ownership of the laundered proceeds). And the SAC's conclusory allegation, made on information and belief, that the Defendants laundered the proceeds of Plaintiff's putative shares in order to avoid detection by authorities and circumvent sanctions, SAC ¶ 119, amounts to nothing more than rank speculation. *See Casio Computer Co.*, 1999 U.S. Dist. LEXIS 14675, at *57 (dismissing money laundering predicate based on "sweeping allegations" that merely offered "conclusory statements that defendants' transactions were conducted with the purpose of concealing 'the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity'"); Mem. at 22-23. Nor can Plaintiff's citation to *Schansman et al., v. Sberbank et al.*, No. 1:19-cv-02985 (S.D.N.Y. Sept. 30, 2021), ECF 185, save these predicates, given that *Schansman* does not involve money laundering claims and the transactions at issue in that lawsuit have nothing to do with the allegations here.

**4. The SAC Fails to Allege a RICO Enterprise**

Citing *Boyle v. United States*, 556 U.S. 938 (2009), Plaintiff argues that he has sufficiently pled an association-in-fact enterprise including Defendants and various third parties with the shared objective of acquiring private companies by illegal means. *See* Opp. at 26-27. As shown in SCIB's Opening Brief, however, "[a] complaint which simply groups together the individuals and entities involved in an alleged racketeering act and calls them an enterprise is not a RICO enterprise." *Edmond v. Live Well Fin., Inc.*, 2019 U.S. Dist. LEXIS 208384, at *13 (S.D.N.Y. Dec. 2, 2019), *adopted in* 2020 U.S. Dist. LEXIS 3253 (S.D.N.Y. Jan. 6, 2020); *see also* Mem. at

23-24. The SAC alleges a RICO enterprise comprising Defendants, various associated "inner circle" members and companies, and unidentified third-party currency dealers and money brokers. *See* SAC ¶ 183. The conclusory naming of a string of individuals and entities, without identifying their roles or any formal or informal organization, does not adequately allege a RICO enterprise.

**B. The SAC Fails to State an Alien Tort Statute Claim**

Plaintiff appears to argue that he had pled a viable ATS claim against Defendants by virtue of the SAC's money laundering and Hobbs Act extortion RICO predicates. *See* Opp. at 28. But SCIB showed in its Opening Brief that money laundering, which is the only misconduct in which SCIB allegedly partook, is not actionable under the ATS. *See* Mem. at 25 (citing *Nahl v. Jaoude*, 2018 U.S. Dist. LEXIS 100056, at *14 (S.D.N.Y. June 14, 2018), *aff'd* 968 F.3d 173, 181 (2d Cir. 2020)). Plaintiff does not address this authority in his Opposition, nor does he offer any support for the proposition that his (inadequately pled) Hobbs Act extortion claim is actionable under the ATS. Moreover, to sufficiently plead an ATS claim against SCIB, a U.S. corporation (if such claim exists at all), Plaintiff must plead more than "mere corporate presence" and "general corporate activity" in the United States. *Nestle USA, Inc. v. Doe*, No. 19-416, 2021 U.S. LEXIS 3120, at *9 (June 17, 2021). The SAC does not do so here and, as a result, the ATS claim should be dismissed as to SCIB.

**C. The SAC Fails to State Any State Law Claims**

SCIB showed in its Opening Brief that Plaintiff's litany of common law claims, including fraud, conspiracy to commit fraud, conversion, unjust enrichment, and abuse of process, are defective and require dismissal. *See* Mem. at 26-30. Although the Opposition contends, in a heading, that these claims are "legally sustainable and adequately pled," Opp. at 28, it does not provide any analysis in support.

In any event, in addition to being time-barred, each of these claims is deficient as a matter of law:

- **Fraud and Conspiracy to Commit Fraud**. In addition to engaging in impermissible group pleading, Plaintiff's fraud claims warrant dismissal for failure to plead falsity, reasonable reliance by Bilalov on the alleged misrepresentations, or damages traceable to a misrepresentation. *See* Mem. at 26-27.

- **Conversion and Unjust Enrichment**. Without a possessory right in the allegedly converted shares, which the SAC concedes belonged to Plaintiff's brother, *see* SAC ¶¶ 45, 79, Plaintiff's conversion and unjust enrichment claims fail. Moreover, the SAC does not allege that SCIB (or any Defendants, for that matter) exercised unauthorized dominion over Plaintiff's shares or were unjustly enriched at Plaintiff's expense. *See* Mem. at 27-29.

- **Malicious Abuse of Process**. Initially, Plaintiff's allegation that Defendants provided false information to Interpol and/or DHS, which in turn caused Plaintiff's arrest, is conclusory. The SAC does not allege any facts about the false information that was supposedly provided, who provided it, or the circumstances of Plaintiff's arrest (which public sources suggest related to Plaintiff overstaying his visa). *See* ECF 59, at 7, n.1. In addition, Plaintiff does not allege a collateral purpose beyond or in addition to Plaintiff's arrest, which is the "crux" of a malicious abuse of process claim. *See* Mem. at 29-30.

## IV. Leave to Amend Should Be Denied

As Plaintiff's case law makes clear, leave to amend should be denied where, as here, any amendment would be futile. *See* Opp. at 29 (citing *Friedl v. City of N.Y.*, 210 F.3d 79, 87 (2d Cir. 2000)). Plaintiff has already amended his complaint twice, added and dropped claims and defendants, and benefitted from multiple rounds of pre-motion letters in which Defendants set forth in meticulous detail Plaintiff's various pleading deficiencies. Yet Plaintiff still cannot plead a single viable claim against any Defendant, let alone allege any non-conclusory facts as to SCIB. Given that the principal defects in Plaintiff's pleading are substantive and, as a result, cannot be cured with more artful or better framed pleadings, granting Plaintiff leave to amend his complaint for a third time would be nothing more than a costly and prejudicial exercise in futility. *See, e.g.*, *Black v. Vitello*, 841 Fed. App'x 334, 336 (2d Cir. 2021) ("Where it is apparent that the plaintiff

can prove no set of facts in support of his claim – that "better pleading" cannot cure the deficiencies – leave to amend should be denied."); *Hayes v. Dep't of Educ. of N.Y.*, 20 F. Supp. 3d 438, 451 (S.D.N.Y. 2014) ("Even were the Court to grant [] leave to amend . . . that amendment would be futile: it could not survive a motion to dismiss because it would be time-barred.").

## CONCLUSION

For the reasons stated above, and in SCIB's prior pleadings and submissions, this Court should grant the Motion to Dismiss the SAC in its entirety, with prejudice.

Dated: New York, New York
November 2, 2021

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Claire DeLelle*
Claire DeLelle
Email: claire.delelle@whitecase.com
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Kim Havlin
Email: kim.havlin@whitecase.com
Scott Hershman
Email: scott.hershman@whitecase.com
Isaac Glassman
Email: isaac.glassman@whitecase.com
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200

*Counsel for Defendant*
*Sberbank CIB USA, Inc.*