

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**John S. Kiernan**
Partner
jskiernan@debevoise.com
+1 212 909 6692

December 4, 2021

**VIA ECF AND EMAIL**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Bilalov v. Gref et al.*, 1:20-cv-09153-AT-KNF (S.D.N.Y.)

Dear Judge Torres:

    I am writing on behalf of Defendants Sberbank of Russia ("Sberbank") and Herman Gref (together, the "Russian Defendants"), pursuant to Rules III.A and III.B.iii of Your Honor's Individual Practices, to seek permission to supplement the Russian Defendants' pending motion to dismiss (*see* ECF No. 58) the Second Amended Complaint (ECF No. 51) (the "SAC") with an additional ground for dismissal under Federal Rule of Civil Procedure 12(b)(1) on the basis of sovereign immunity and consequent lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq*. and the common law, in addition to the grounds on which the Russian Defendants have already sought dismissal.[1]

    By virtue of Sberbank's direct majority ownership by a "foreign state or political subdivision thereof," Sberbank is an "agency or instrumentality of a foreign state" within the meaning of the FSIA and consequently entitled to immunity in this case. *See* 28 U.S.C. § 1603(b). No exception to Sberbank's immunity under the FSIA applies. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("[U]nless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state.") (*citing Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488-89 (1983)). The Court consequently lacks subject-matter jurisdiction over Plaintiff's claims against Sberbank. Mr. Gref is similarly immune, as the SAC addresses his actions in his official capacity, making no distinction between him and his employer Sberbank, the real party in interest in this suit and the party alleged to have become the ultimate owner of Krasnaya Polyana.

    **I.   Courts Must Dismiss Actions When They Lack Subject-Matter Jurisdiction**

    The Russian Defendants' assertion of sovereign immunity is a threshold, jurisdictional issue that must be resolved before the Court can adjudicate Plaintiff's claims. *Vera v. Republic of Cuba*, 867 F.3d 310, 316-17 (2d Cir. 2017) ("At the threshold of every action in a district court against a foreign state…the court must satisfy itself that one of the exceptions [to the FSIA] applies…If the court fails to undertake that analysis and determine for itself that an exception

---

[1]    The Russian Defendants expressly preserve all rights, privileges, defenses and immunities, including the defenses of foreign sovereign immunity and lack of subject-matter and personal jurisdiction under the FSIA.

applies, it has no authority to hear the claim.") (*quoting Verlinden*, 461 U.S. at 493-94) (cleaned up).

Recently, and subsequent to the filing of their motion to dismiss, the Russian Defendants decided to assert their immunity from suit as foreign instrumentalities. Federal Rules of Civil Procedure 12(g)(2) and 12(h)(3) permit raising a motion to dismiss on subject-matter jurisdiction grounds at any time. *Abramov v. I.C. Sys.*, 65 F. Supp. 3d 323, 326 (E.D.N.Y. 2014) (Fed. R. Civ. P. 12(g)(2) and (h)(3) permit filing successive motions challenging subject matter jurisdiction: "This is so because courts have an independent obligation to examine [their] subject-matter jurisdiction at all successive stages of litigation.") (*citing Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994)). Sovereign immunity defenses are not waived unless such waiver was unmistakable, and the defendant attempts to raise the defense at a far later point in the action than this suit has progressed. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 296 (2d Cir. 2011); *Drexel Burnham Lambert Grp. Inc. v. Comm. of Receivers for Galadari*, 12 F.3d 317, 326 (2d Cir. 1993).

## II. **Defendant Sberbank Is an Agency or Instrumentality of a Foreign State Under the FSIA and Is Immune From Suit in This Action**

An "agency or instrumentality of a foreign state" is defined as, among other things, an entity the "majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof," as Sberbank's are by the Russian Federation. 28 U.S.C. § 1603(b)(2). Courts in the Southern District have repeatedly considered a bank that is majority owned by a foreign state an "agency or instrumentality" of that foreign state. *See, e.g.*, *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 422, 424 (S.D.N.Y. 2007). The SAC alleges—and the Russian Defendants do not dispute—that Sberbank is majority owned by the Russian Federation. *See* SAC ¶ 22 (government of the Russian Federation "owns 51% of the bank"); Sberbank's Fed. R. Civ. P. 7.1 Disclosure Statement (ECF No. 53) ("The Russian Federation in the person of the Ministry of Finance of the Russian Federation owns a 50% equity stake plus one ordinary share in Defendant Sberbank of Russia.").

No exception to the FSIA permits this suit against Sberbank as an "agency or instrumentality of a foreign state." The commercial activity exception in 28 U.S.C. § 1605(a)(2) does not apply because the gravamen of the complaint sounds in tort. *See Nelson*, 507 U.S. at 357 (granting FSIA dismissal for lack of subject-matter jurisdiction where complaint was based upon tortious activity outside the United States); *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 34-35 (2015) (holding that establishing "a single element of a claim" through commercial activity in the United States is "insufficient to demonstrate that the claim is 'based upon'" that act; rather, the exception turns on "the 'particular conduct' that constitutes the 'gravamen' of the suit") (quoting *Nelson*, 507 U.S. at 356-57).[2] The commercial activity exception is also

---

[2] For the same reason, the "expropriation exception" in 28 U.S.C. § 1605(a)(3) also does not apply, since no allegation in the SAC makes the U.S. the gravamen of the acts alleged in the SAC or the center of Plaintiff's alleged harms. Moreover, for the reasons identified in the Russian Defendants' Mem. in Sup. of Mot. to Dismiss at 29-30 (ECF No. 59), no act alleged in

inapplicable for other reasons, including lack of "direct effect" in the United States of any of the Russian Defendants' alleged commercial activity. *See Virtual Countries, Inc. v. Rep. of S. Africa*, 300 F.3d 230, 236 (2d Cir. 2002) (affirming dismissal under the FSIA for lack of "direct effect").

### III. **Mr. Gref Is Also Immune from Suit Because He Is Alleged to Have Acted in His Official Capacity**

An individual is immune from suit when the individual is sued in his official capacity or when the claims are actually against his immune employer as the real party in interest. The SAC alleges Mr. Gref was acting in his capacity as the leader of Sberbank, and alleges it was Sberbank that ultimately was the beneficiary of the scheme alleged in the SAC.

Despite the inclusion of Mr. Gref's name as a defendant in this action, this is a suit against Sberbank, because it is Sberbank that is alleged to have (in unspecified fashion) ultimately acquired shares in Krasnaya Polyana. *See, e.g.*, SAC ¶ 91 (Sberbank eventually became "the owner of 92% of Krasnaya Polyana."). To the extent the SAC alleges any acts by Mr. Gref constituting elements of Plaintiff's claims, each of those acts is alleged to have been in his official capacity as the leader of Sberbank. *See, e.g.*, SAC ¶¶ 28 ("Herman Gref is and was the CEO and chairman of the executive board of Sberbank"); 30 ("The DEFENDANTS are and were, during all relevant times, responsible for the acts and omissions of their employees, for acts undertaken within the general area of their authority and for the benefit of the DEFENDANTS."); 31 ([T]he DEFENDANTS have undertaken responsibility for the acts of the employees of the DEFENDANTS, wherever taken"); 72 (Mr. Gref allegedly reached agreement whereby assets of Krasnaya Polyana would "be allocated and transferred to SberBank [sic].").

Mr. Gref is therefore not being sued in his personal capacity, and Sberbank is the real party in interest. Accordingly, the "artful pleading" of including Mr. Gref as a defendant does not convert the suit to one where Mr. Gref is sued in his personal capacity and is therefore amenable to suit under the FSIA. *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, 12 cv 7316 (LGS), 2014 WL 288705, at *11 (S.D.N.Y. Jan. 27, 2014) ("where an official is sued in his official capacity, and where the action is clearly against the foreign state itself as the real party in interest, the case may be treated as an action 'against the foreign state itself, as the state is the real party in interest.'") (*quoting Samantar v. Yousuf*, 560 U.S. 305, 325 (2010)). Alternatively, under the common law, an individual foreign official is entitled to immunity for acts performed in his official capacity on behalf of an immune entity. *See Weiming Chen v. Ying-Jeou Ma*, 12 civ. 5232 (NRB), 2013 WL 4437607, at *3 (S.D.N.Y. Aug. 19, 2013) (official capacity found when official "executed (and allegedly breached) the contract at issue" and commercial activity exception does not apply to common law sovereign immunity for officials.).

---

the SAC was a violation of international law, also making § 1605(a)(3) inapplicable. *See Rukoro v. F.R.G.*, 976 F.3d 218, 155 (2d Cir. 2020).

* * *

Pursuant to Rule III.B.ii of Your Honor's Individual Practices, on November 24, 2021 the Russian Defendants sent a letter to Plaintiff's counsel asserting that their immunity as foreign instrumentalities divests the Court of subject-matter jurisdiction, and requesting Plaintiff withdraw the SAC. Plaintiff did not respond to the Russian Defendants' letter within the five business days allotted by Rule III.B.ii, and as of this writing has not responded in any way.

The Russian Defendants therefore request permission to file a supplementary brief in support of their motion to dismiss the SAC on the grounds that the Court lacks subject-matter jurisdiction over the Russian Defendants pursuant to the FSIA and common law.

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: */s/ John S. Kiernan*
   John S. Kiernan
   jskiernan@debevoise.com

   919 Third Avenue
   New York, New York 10022
   (212) 909-6000

   *Counsel for Sberbank of Russia and Herman Gref*

cc: All counsel of record (via ECF)