UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                               :

AKHMED GADZHIEVICH BILALOV,       :
                                    :  1:20-cv-09153-AT-KNF

                  Plaintiff,   :
                                    :  Hon. Analisa Torres

          -against-         :
                                    :

HERMAN GREF, SBERBANK CIB USA, INC., :
SBERBANK OF RUSSIA PJSC, and DOES 1- :
100 inclusive,                        :
                                    :

                  Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM IN OPPOSITION TO SBERBANK OF RUSSIA AND HERMAN GREF'S SUPPLEMENTMOTIONTO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

Irina Shpigel
SHPIGEL LAW P.C.
250 Greenwich Street, 46th Floor
New York, New York 10007

*Counsel for Plaintiff Akhmed*
*Gadzhievich Bilalov*

Plaintiff AKHMED GADZHIEVICH BILALOV submits this memorandum in opposition to Defendants' Sberbank of Russia and Herman Gref's supplemental motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in support thereof states as follows:

## ARGUMENT

### I.     Sberbank of Russia Is Not Immune Under the Foreign Sovereign Immunities Act

Sberbank and Grefs' argument that the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602, et seq., bars this action against them fails for two reasons. First, Sberbank's and Gref's  activities are outside the scope of his authority and outside the protection of the FSIA. Second, both Sberbank's and Gref's activities satisfy the "commercial activity" exception of the FSIA.

Under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1602–1611, a foreign state, including its agencies and instrumentalities, is immune from jurisdiction unless an exception set forth in the FSIA applies. 28 U.S.C. § 1604. Exceptions to the FSIA are set forth in 28 U.S.C. §§ 1605-1607.

#### 1.     Sberbank Has Engaged In a Commercial Activity or Acts in Connection with Commercial Activity.

Pursuant to 28 U.S.C. § 1605(a)(2) (the "Commercial Activity Exception"), foreign states and instrumentalities are not immune from jurisdiction for an action "[1] based upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a

commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." (Bracketed numbers added). The SAC's claims falls into the Commercial Activity Exception.

The phrase "based upon" as used in FSIA §1605(a)(2) refers to "those elements of a claim that, if proven, would entitle a plaintiff to relief under his theory of the·case." Nelson, 507 U.S. at 357;see also Transatlantic Shiffahrtskontor GMBH v. Shanghai Foreign Trade Corp., 204 F.3d. 384, 389 (2d Cir. 2000); Filetech S.A. v. French Telecom S.A., 157 F.3d. 922,930 (2d Cir. 1998).

Plaintiff's civil RICO claims are "based on" activities that Sberbank and Gref carried on in the United States, which, because they are activities in which a private party can engage, are commercial. Weltover, 504 U.S. at 614.

The Plaintiff has pled that after divesting Plaintiff of his ownership of Krasnaya Polyana, Defendants including Sberbank and Gref filed false, unfounded, and politically motivated charges against Plaintiff, while he was in New York. *See* SAC at ¶¶124-129. Further, that on March 4th, 2018 the Defendants, acing through intermediaries, provided money or things of value to foreign officials to obtain an Interpol red notice and/or diffusion against Bilalov, while he was in the U.S. *See Id.* at ¶131. The red notice was based on false, and unfounded accusations. *Id*. Between May 2019 and August 2019, Defendants' used intimidation and threats to dissuade the Plaintiff from pursuing claims against them relating to the divestiture of Krasnaya Polyana and to further misappropriate Plaintiff's assets and launder the proceeds. *Id*. at ¶¶131-148. Plaintiff further alleges that while he was in the U.S. Defendants employed force, threats of force, fear and violence in an attempt to deprive plaintiff of pursuing civil and criminal claims against Defendants. *Id*. at ¶ 178. Furthermore, Plaintiff has alleged that Defendants transferred the ill gotten gains to banks in New York.

Plainttiff's civil RICO action is "based upon" Sberbank and Gref's commercial activities in

4

the United States because these commercial activities disguised the underlying RICO predicate acts Plaintiff has alleged. Thus, the first prong of the commercial activity exception applies to Sberbank and Gref, which is therefore not immune from this civil action.

The commercial activities exception applies if the plaintiff's action is "based . . . upon *an act performed in the United States* in connection with a commercial activity of the foreign state elsewhere." 28 U.S.C. § 1605(a)(2)(emphasis added). This prong "is generally understood to apply to *non-commercial* acts in the United States that relate to commercial acts abroad." *Byrd v. Corporacion Forestal y Industrial de Olancho S.A.*, 182 F.3d 380, 390 (5th Cir.1999) (internal quotation marks omitted) (emphasis added).

There is no requirement that the "act" itself be a commercial activity. Courts have held that the "act" forming the basis of an exception to immunity under the second (and third) clause of FSIA §1605(a)(2) "is 'generally understood to apply to non-commercial acts in the United States that relate to commercial acts abroad.'" *Byrd*, 182 F.3d at 390 (*citing Yoest-Alpine Trading USA Com. v. Bank of China*, 142 F.3d 887 (5th Cir. 1998)). *Yoest*, in reliance on the Supreme Court's decision in Nelson, stated that:

> "the second clause permits jurisdiction if the cause of action is based on any 'act' in the United States, provided it occurs 'in connection with' commercial activity outside the United States. Because the first clause permits jurisdiction based on 'commercial' acts in the United States, the second clause is generally understood to apply to non-commercial acts in the United States that relate to commercial acts abroad."

142 F.3d at 892 n.5.

Therefore, the Court would have jurisdiction under the second prong of § 1605(a)(2) over acts committed "in connection with" a commercial activity of the foreign state elsewhere, namely the tortious acts committed in New York Between May 2019 and August 2019 wherein Defendants' used intimidation and threats to dissuade the Plaintiff from pursuing claims against

them relating to the divestiture of Krasnaya Polyana and to further misappropriate Plaintiff's assets and launder the proceed and ill-gotten obtained from the divestiture.

The third clause of the commercial activity exception, which provides for jurisdiction over civil actions based "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that causes a direct effect in the United States," likewise establishes an independent basis for this Court's jurisdiction over this case.

Defendants' acts have had a "direct effect" based on losses in the United States arising from defendants' scheme, SAC at ¶¶124-178.

Here, Sberbank and Gref's actions outside the United States in connection with the commercial activities of divesting Plaintiff's ownership of Krasnaya Polyana by threat of force outside the United States have had direct effects in the United States. SAC at ¶102. These acts directly caused the·transportation of stolen property into the United States and caused funds to be paid into the United States in furtherance of the illegal money laundering scheme. *Id*. ; *see, Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1358 (RICO; finding that the "effect on the commerce of the United States of ...bringing stolen property into the [United States] is palpable"); *see also,Wiwa*, 2002 WL 319887, at *22 ("the court finds that the allegations, read favorably.to plaintiffs, demonstrate that corporate defendants' racketeering activities, if proven, have effects on the United States economy that plainly support subject matter jurisdiction under the civil RICO statute for purpose of a Rule 12 motion."). Plaintiff's  civil action is "based upon" those acts, and this Court has jurisdiction over Sberbank and Gref under the third clause of FSIA §1605(a)(2).

2.      **The Expropriation Exception Is Applicable**

The exception to immunity in 28 U.S.C. § 1605(a)(3) for certain cases involving "rights in property taken in violation of international law" when the property is used in the United States for commercial activity or owned by an agency or instrumentality engaged in commercial activity in the United States (the "Expropriation Exception") is applicable in the case at bar. The loss of Plaintiff's ownership interest in Krasnaya Polyana was not an expropriation in violation of international law.

An expropriation is a public act of a sovereign taking ownership of property through eminent domain, nationalization or similar processes. In this case, the dispute relates to Sberbank's and Gref's utilization of Reiderstvo tactics carried out through well-known techniques. These techniques include fraud, bribery, forgery, corruption, intimidation, and ultimately expropriation of the targeted company. Reidestvo often involves private and public-sector white-collar criminals conspiring with sate organization, including law enforcement agencies, as well as high level siting politicians and their family members. Which Plaintiff alleges in his SAC. See SAC at ¶¶ 7-17, 76- 78, 131.

Sberbank was acting at the behest of the Russian state. *See* SAC ¶ 172 (p. 33) (alleging campaign for "de-privatization of [Plaintiff's] assets).

To plead the Expropriation Exception, a plaintiff must offer supporting factual allegations amounting to more than simply "nonfrivolous" claims that property was taken in violation of international law. *Helmerich*, 137 S. Ct. at 1316 ("the relevant factual allegations must make out a legally valid claim that a certain kind of right is at issue (property rights) and that the relevant property was taken in a certain way (in violation of international law.") Here, the SAC establishes that the loss of Plaintiff's ownership in Krasnaya Polyana was a violation of international law. Sberabank and Gref divested Plainttiff of his assets in Krasnaya Polyana under

threat of death and torture and further made good on that promise by a well documents attempt to poison Plaintiff with Mercury.

## II.   Gref is Not Entitled To Immunity Under the FSIA Because He was Acing Outside The Scope of his Authority

Actions that are illegal or not in furtherance of the interests of the sovereign are "beyond the scope" of official duties and are not protected by the FSIA. *See, Anglo-IberiaUnderwriting Mgmt. Co. v. Jamostek*, 97 Civ. 5116, 1998 WL 289711, at *6 (S.D.N.Y., June 4, 1998) (employee of a government owned corporation could be sued because he did not have authority to engage in certain businesses); *Cabiri v. Assasie-Gyimah*, 921 F. Supp. 1189, 1198 (S.D.N.Y. 1996) ("the FSIA will not shield an official who acts beyond the scope of his authority.") (citations omitted); *Xuncax v. Gramajo*, 886 F. Supp. 162, 175 (D. Mass. 1995) (FSIA immunity is "unavailable in suits against an official arising from acts that were beyond the scope of official's authority").

Gref  has not presented any evidence of his authority to commit the predicate acts alleged in the SAC including divestiture of property, money laundering, malicious prosecution, and fraud, and other acts alleged by the Plaintiff.

Gref bears the burden of proof to establish that the affirmative defense of immunity protects-them from his lawsuit.-see generally *Virtual Countries, lnc. v. Republic of South Africa*, 300 F.3d 230, 241-42 (2d Cir. 2002) ("In contrast to a Rule 12(b)(6) motion to dismiss for failure to state a claim, in a challenge to FSIA the defendant must present a prima facie case that it is a foreign sovereign.") (*citations omitted; emphasis added*); H.R. No. 94-1487 at 6616 ("evidence must be produced to establish that a foreign state or one of its subdivisions, agencies or instrumentalities is the defendant in the suit and that the plaintiff's claim relates to a public act of the foreign state - that is, an act not with the exceptions in sections 1605 -1607.")

The ultimate burden of proving immunity rests with the foreign state. *Id*. If this Court finds that Sberbank and Gref have met their burden to show they were not engaged in a commercial activity,

Plaintiff would request that the Court permit it to conduct discovery on this issue. *See Virtual Countries, Inc.*, 300 F.3d at 241 (discussing burden of proof and discovery); *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922,932 (2d Cir. 1998) (clear error to have ruled by reference only to Complaint with respect to whether factual disputes existed regarding jurisdiction).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants Motion to Dismiss.


Dated: New York, New York
       February 2nd, 2022

                      Respectfully submitted,

                      SHPIGEL LAW P.C.

                      By: *_/s/ Irina Shpigel_*
                           Irina Shpigel

                           250 Greenwich Street, 46th Floor
                         New York, New York 10007
                         (212) 390-1913

                         *Counsel for Plaintiff*