UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKHMED GADZHIEVICH BILALOV,<br><br>                            Plaintiff,<br><br>-against-<br><br>HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive,<br><br>                            Defendants. | 20-Civ-09153 (AT) (JW) |

**DECLARATION OF IRINA SHPIGEL**
**PURSUANTT TO LOCAL RULE 6.1(d) AND IN SUPPORT**
**OF MOTION FOR ASSET FREEZE**

I, Irina Shpigel, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. §1745, that the following is true and correct, and that I am over 18 years of age and I am competent to testify to the matters stated herein:

1. I am a member of the Bar of the State of New York.

2. I am the principle of Shpigel Law P.C., counsel for Plaintiff Akhmed Gadzhievich Bilalov.

4. I make this Declaration based upon public records, documents and information provided to me by the Plaintiff.

1

**Local Rule 6.1(d) – Why the Plaintiff Moves *Ex Parte***

5. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reason exists for bringing the Plaintiff's *ex parte* emergency motion for an order freezing the assets of the Defendants Herman Gref, Sberbank CIB USA, Inc., Sberbank of Russia PJSC (together, the "Sberbank Defendants"), and for other relief by order to show cause rather than by notice of motion.

6. The Plaintiff makes this emergency motion by order to show cause primarily to prevent the Sberbank Defendants (or any persons acting on their behalf or with their authorization) from transferring to foreign accounts, or from otherwise dissipating, funds currently held in accounts in the names of the Sberbank Defendants. The Plaintiff moves *ex parte* by order to show cause (i) to preserve the status quo pending adjudication of the motion; (ii) to ensure that the funds are protected and not dissipated; (iii) to ensure that any future judgment of this Court for disgorgement, prejudgment interest, and civil money penalties is not rendered meaningless; and (iv) to prevent the destruction or fabrication of evidence. The Plaintiff believes that proceeding by notice of motion will likely jeopardize the Court's ability to grant full and effective relief both on this Application and on the merits of the Second Amended Complaint, because doing so will allow for the movement of funds held by the Sberbank Defendants out of the Court's jurisdiction, and their potential permanent loss, before an asset freeze order can be entered.

7. Today, I contacted counsel for Sberbank CIB USA, Ms. Claire DeLelle, Kimberly Havlin, Scott Hershman, and Isaac Glassman at White & Case LLP, and counsel for Sberbank of Russia

PJSC and Herman Gref of Debevoise & Plimpton LLP, to inform them of this filing. The undersigned emailed to each of them copies of each of the papers that we are filing with the Court.

8. No previous application for the relief requested herein or any similar relief has been made.

9. Proceeding *ex parte* is the only method that will provide Plaintiff with effective relief.

10. The extraordinary circumstances of this case demonstrate that good cause exists for granting the *ex parte* relief requested. Indeed, for a TRO to be effective at all, the Court must grant Plaintiffs application *ex parte*

12. Beginning on February 21st, 2022 the United States imposed sanctions after Russia attacked Ukraine. *See* Executive Order 14065, Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. § 587 (March 1st, 2022); Ukraine Related Sanctions Regulations, 31 C.F.R. §589 (March 2nd, 2022). As of March 2, 2022 the Russian ruble had fallen more than 30 percent against the dollar compared to before the sanctions. Reuters, *Russian Rouble Hits New Lows in Volatile Trading*, (March 3rd, 2022).

13. The sanctions imposed on Russia and Sberbank PJSC, will impose enormous costs on Russia's economy, effectively cutting it off from international capital, triggering a currency crisis, and a potential banking crisis. Although thus far, sanctions have not been issued against Sberbank USA and Herman Gref the situation is evolving, and as the fight in Ukraine continues, further sanctions are strongly projected.

14. U.S. sanctions against Russian banks include cutting off the Russian banks from SWIFT and certain transactions. *See* Executive Order 13661 and 14065.

15. The U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) designated Russian government officials, members of the Russian leadership's inner circle, pursuant to Executive Order (E.O.) 13661 and 14065, which authorizes sanctions on, among

others, officials of the Russian Government and any individual or entity that is owned or controlled by, that has acted for or on behalf of, or that has provided material or other support to, a senior Russian government official.

16. Those being designated are individual who are acting for or on behalf of or materially assisting, sponsoring, or providing financial, material, or technological support for, or goods or services to or in support of, a senior official of the Government of the Russian Federation. *See* Executive Order 13661 and 14065.

17. According to Sberbank's Fed. R. Civ. P. 7.1 Disclosure Statement "[t]he Russian Federation in the person of the Ministry of Finance of the Russian Federation owns a 50% equity stake plus one ordinary share in Defendant Sberank of Russia.") *See* ECF Dkt. Defendant Herman Gref, is the chairman and CEO of Sberbank of Russia.

18. In January 2018, Gref was added to the U.S. Treasury's "Kremlin list", a list of 210 officials, politicians and businessmen believed to be close to Vladimir Putin. According to the US Department of Treasury, the list is not a sanctions list and no restrictions are automatically imposed on its subjects.

19. A freeze on the assets that are under the control, or held in the name of, the Sberbank Defendants, is therefore both necessary and appropriate. Without such a freeze, based upon the reality of the economic sanctions against Russia, it is highly likely that Bilalov would never be able to recover a judgment against the Defendants.

20. Furthermore, the Sberbank entities have already demonstrated that any notice of such an action, would likely result in Defendants' moving their accounts and dissipating or transferring their funds beyond this Court's jurisdiction. *See, e.g., SEC v. Gonzalez de Castilla*, 145 F. Supp. 2d 402, 420 (S.D.N.Y. 2001). *De Beers Consolidated Mines, Ltd. v. United States,* 325 U.S. 212, 215–16 (1945)

(holding, in antitrust action, that "sequestration of [defendants'] property is the only means of enforcing this Court's orders or decree against said foreign corporate defendants. The principal business of said defendants is carried on in foreign countries and they could quickly withdraw their assets from the United States and so prevent enforcement of any order or decree which this Court may render.")). *See also FTC v. Affordable Media. LLC*, 179 F.3d 1228, 1236 (9th Cir. 1999) (upholding district court's freeze where defendant's prior conduct included "history of spiriting their commissions away to a Cook Island trust").

Executed on March 8th, 2022
New York, New York

*/s/ Irina Shpigel*
Irina Shpigel