UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKHMED GADZHIEVICH BILALOV,<br><br>                                        Plaintiff,<br><br>-against-<br><br>HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive,<br><br>                                        Defendants. | 20-Civ-09153 (AT) (JW) |

**[PROPOSED] TEMPORARY RESTRAING ORDER FREEZING ASSETS
AND ORDER TO SHOW CAUSE**

This matter came before the Court on the *ex parte* emergency motion of plaintiff Akhmed Gadzhievich Bilalov (the "Mr. Bilalov" or "Plaintiff" ), by proposed order to show cause, against defendants Herman Gref, Sberbank CIB USA, Inc, and Sberbank of Russia PJSC, (collectively, "Sberbank Defendants"). By its motion, the Plaintiff seeks orders: (1) freezing assets under the Sberbank Defendants' control, held in their names:

(1) permitting certain expedited discovery; (2) prohibiting the destruction of documents; and (3) requiring Entity Defendants to show cause why the Court should not preliminarily impose the requested relief during the pendency of this action.

The Court, having considered the Plaintiff's Second Amended Complaint, Plainttiff Motion for Temporary Restraining Order and Memorandum of Law in support and the Declarations filed therewith; and any proceedings before the Court, finds that:

1. This Court has jurisdiction over the subject matter of this action, and there is good cause to believe it will have jurisdiction over all the parties.
2. There is good cause to believe that venue lies properly in this Court.
3. Plaintiff has demonstrated that he is entitled to the injunctive relief sought by establishing that there are serious questions on the merits of its claims, the balance of equities tips in Plaintiff's favor, and that Plaintiff will suffer irreparable harm unless a TRO is issued.
4. The Plaintitff has further demonstrated that good cause exists to believe that an asset freeze is necessary to maintain the status quo and prevent the dissipation or expatriation of Defendants' assets, and may be necessary to satisfy a judgment of disgorgement, prejudgment interest, and for civil penalties. It is therefore appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions, and other persons, can be made, thus preventing the dissipation of assets and preserving the status quo.
5. Good cause exists to believe that, unless restrained and enjoined by order of this Court, documents relevant to this action may be altered, destroyed or become unavailable for discovery.
6. Good cause exists to believe that expedited discovery, in the form of document requests to the parties on shortened time, and subpoenas to third parties, as necessary, pending the issuance of any preliminary injunction.

I.

IT IS THEREFORE HEREBY ORDERED that the Akhmed Gadzhievich Bilalov's Motion for a Temporary Restraining Order is GRANTED.

II.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediatefreeze shall be placed on:

a. All monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by, or managed or controlled by, Defendants Herman Gref, Sberbank CIB USA, and Sberbank of Russia PJSC;

b. All monies and assets (including all digital assets and cryptocurrencies) in all accounts atany bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, or for the benefit of, Herman Gref, Sberbank CIB USA, and Sberbank of Russia PJSC, and;

c. Those monies and assets (including all digital assets and cryptocurrencies) that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Second Amended Complaint in accounts at any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or managed or controlled or over which account authority is held by, Defendants Herman Gref, Sberbank CIB USA, and Sberbank of Russia PJSC.

Any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange holding such monies and assets described above, who receives actual notice of this Order, by personal service or otherwise, including by facsimile transmissions, electronic mail, or overnight delivery service, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as otherwise ordered by this Court.

III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Herman Gref, Sberbank CIB USA, INC., Sberbank of Russia PJSC (the "Sberbank Defendants") and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to any of the Sberbank Defendants, Akhmed Gadzhievich Bilalov and Krasnaya Polyana, or to any of the matters set forth in the Second Amended Complaint.

IV.

IT IS FURTHER ORDERED that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, the parties may proceed with discovery of documents from the parties, or from third parties, pending any order of preliminary injunction.

V.

IT IS HEREBY FURTHER ORDERED, that each Defendant or their attorneys shall appear before this Court at _____, on ____, via telephone or video conference, as directed by the Court, in keeping with the Orders (including emergency orders occasioned by the COVID-19

pandemic) of the Southern District of New York, to show cause, if any exists, why this Court should not enter a preliminary injunction extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had. Defendants Herman Gref, Sberbank CIB USA, INC., Sberbank of Russia PJSC  LLC shall file with the Court, and serve any papers in opposition to such relief by ECF no later than_____, 2022. The Plaintiff may serve and file a reply no later than_____,and shall serve such reply brief, if any, on Defendants by ECF.

IT IS SO ORDERED:

Dated:_____, 2022

United States District Judge