UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
　　　　　　　　　　　　　　　　　　　　　　:
AKHMED GADZHIEVICH BILALOV,　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　: 1:20-cv-09153-AT-JW
　　　　　　　　　　　　Plaintiff,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　: Hon. Analisa Torres
　　　　　　　-against-　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
HERMAN GREF, SBERBANK CIB USA, INC., :
SBERBANK OF RUSSIA PJSC, and DOES 1- :
100 inclusive,　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# MEMORANDUM OF DEFENDANTS
# SBERBANK OF RUSSIA, HERMAN GREF AND SBERBANK CIB USA, INC.
# IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
# FOR AN ASSET FREEZE AND OTHER RELIEF

　　　　　　　　　　　　　　　　　　　　　Mark P. Goodman
　　　　　　　　　　　　　　　　　　　　　William H. Taft V
　　　　　　　　　　　　　　　　　　　　　DEBEVOISE & PLIMPTON LLP
　　　　　　　　　　　　　　　　　　　　　919 Third Avenue
　　　　　　　　　　　　　　　　　　　　　New York, New York 10022

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants Sberbank of*
　　　　　　　　　　　　　　　　　　　　　*Russia and Herman Gref*


　　　　　　　　　　　　　　　　　　　　　Claire DeLelle
　　　　　　　　　　　　　　　　　　　　　Kim Havlin
　　　　　　　　　　　　　　　　　　　　　Scott Hershman
　　　　　　　　　　　　　　　　　　　　　Isaac Glassman
　　　　　　　　　　　　　　　　　　　　　WHITE & CASE LLP
　　　　　　　　　　　　　　　　　　　　　1221 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, New York 10020

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　　　*Sberbank CIB USA, Inc.*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     Supreme Court Precedent Forbids Injunctions Freezing Assets to Secure Payment of a Potential Future Money Judgment ..................................................................................2

II.    Sberbank of Russia's Assets Are Immune from Attachment or Similar Freezing Under the FSIA ............................................................................................................................3

III.   Plaintiff Cannot Satisfy the Requirements for a Temporary Restraining Order or Preliminary Injunction .................................................................................................................5

       A.     Plaintiff Has Not Demonstrated Irreparable Injury ...............................................5

       B.     Plaintiff Has Not Demonstrated a Likelihood of Success in the Action .................7

       C.     Plaintiff Has Not Demonstrated a Balance of Hardships in His Favor .................10

       D.     Plaintiff Has Not Established That the Public Interest, Including the Rights of Third Parties, Would Not Be Damaged ..........................................................12

IV.   Plaintiff Has Not Established a Need for a Document Preservation Order or Expedited Discovery ..................................................................................................................13

CONCLUSION ..............................................................................................................................15

# **TABLE OF AUTHORITIES**

**CASES**

*Ali v. Barr*, 464 F. Supp. 3d 549 (S.D.N.Y. 2020) ........................................................................ 8

*Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193 (2d Cir. 2016) ............................... 14

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887 (2d Cir. 2015) ......................... 5, 7, 12

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S.
    Ct. 1312 ....................................................................................................................................8

*Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206
    (2d Cir. 2012) ................................................................................................................... 10-11

*Coley v Vannguard Urban Improvement Ass'n,* 2016 U.S. Dist. LEXIS 172378
    (Dec. 13, 2016) ........................................................................................................................ 3

*Concord Reinsurance Co. v. Caja Nacional De Ahorro Y Seguro*, 93 Civ. 6606
    (JSM), 1994 U.S. Dist. LEXIS 2964 (S.D.N.Y. Mar. 15, 1994) ............................................. 4

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012) ................................................................... 3

*Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207 (S.D.N.Y. 2019) ................................. 6

*Dexter 345 Inc. v. Cuomo*, 663 F.3d 59 (2d Cir. 2011) ................................................................ 6

*Dubois v. Abode*, No. 02-4215, 2004 U.S. Dist. LEXIS 30596 (D.N.J. Mar. 15,
    2004) ................................................................................................................................ 11-12

*FDIC v. Engel*, 746 F. Supp. 1223 (S.D.N.Y. 1990) .................................................................. 13

*Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703 (2021) ...................................................... 9

*Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112 (2d Cir. 2005) ................................................. 5

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417 (S.D.N.Y. 1998) .................. 14

*Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999) .................. 2, 3, 9

*In re Qwest Communs. Int'l Sec. Litig.*, 231 F. Supp. 2d 1066 (D. Colo. 2002) ........................ 11

*Levy v. Young Adult Inst., Inc.*, No. 13-CV-02861 (JPO) (SN), 2014 U.S. Dist.
    LEXIS 180324 (S.D.N.Y. Nov. 21, 2014) ........................................................................... 12

*Moore v. Nat'l Distillers & Chem. Corp.*, 143 F.R.D. 526 (S.D.N.Y. 1992) ............................... 4

*New York City Environmental Justice Alliance v. Giuliani*, 214 F.3d 65 (2d Cir. 2000) .................................................................................................................... 7

*Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553 (2d Cir. 2011) ................................... 12

*OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015) .............................................. 9

*Park Place Entm't Corp. v. Arquette*, 113 F. Supp. 2d 322 (N.D.N.Y. 2000) ............... 7

*R.B. Dev. Co. v. Tutis Capital LLC*, No. 12-CV-1460 (CBA) (SMG), 2012 U.S. Dist. LEXIS 85703 (E.D.N.Y. June 20, 2012) ................................................... 3

*Rosenkrantz v. Inter-American Dev. Bank*, Civil Action No. 20-3670 (BAH), 2021 U.S. Dist. LEXIS 65482 (D.D.C. Apr. 5, 2021) ......................................... 7-8

*S&S Mach. Co. v. Masinexportimport*, 706 F.2d 411 (2d Cir. 1983) ...................... 4, 5

*Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008) ..................................................... 3

*Sec. Pac. Nat'l Bank v. Nyland, Ltd.*, 91 Civ. 2647 (PNL), 1991 U.S. Dist. LEXIS 17478 (S.D.N.Y. Dec. 2, 1991) ............................................................... 11

*Spin Master v. Aciper*, No. 19-CV-6949 (VSB), 2020 U.S. Dist. LEXIS 206278 (S.D.N.Y. Nov. 4, 2020) ....................................................................... 3, 6-7

*Stephens v. National Distillers & Chemical Corp.*, 69 F.3d 1226 (2d Cir. 1995) ......... 5

*Sterling v. Deutsche Bank Nat'l Trust Co.*, 368 F. Supp. 3d 723 (S.D.N.Y. 2019) ..... 5, 10

*Suber v. VVP Servs., LLC*, No. 20-cv-08177 (AJN), 2021 U.S. Dist. LEXIS 128427 (S.D.N.Y. July 9, 2021) ............................................................................. 3

*Tutor Time Learning Ctrs., LLC v. KOG Indus.*, No. 1:12-CV-4129 (NGG) (RER), 2012 U.S. Dist. LEXIS 162124 (E.D.N.Y. Nov. 13, 2012) ..................... 13

*Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376 (E.D.N.Y. 2016) ..................................................................................................... 8

*Weitzman v. Stein*, 897 F.2d 653 (2d Cir. 1990) ....................................................... 7, 8

*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008) ...................................................................... 6

**STATUTES, RULES AND EXECUTIVE DIRECTIVES**

CPLR § 302 ..................................................................................................................... 9

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-1611 ......................... 1, 4

Fed. R. Civ. P. 4 .............................................................................................................. 9

Fed. R. Civ. P. 8 ..........................................................................................................................10

Fed. R. Civ. P. 37 ........................................................................................................................13

Fed. R. Civ. P. 65 ............................................................................................................... 1, 2, 12

U.S. Dep't of Treas., Directive 2 Under Executive Order 14024 (Feb. 24, 2022) ..........................6

Pursuant to the Court's order of March 9, 2022 (ECF No. 85), Defendants Herman Gref, Sberbank of Russia ("Sberbank," and together with Mr. Gref, the "Russian Defendants") and Sberbank CIB USA, Inc. ("SCIB," and together with the Russian Defendants, the "Defendants") submit this memorandum in opposition to the application by Plaintiff Akhmed Gadzhievich Bilalov for a temporary restraining order ("TRO") and an order to show cause for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. ECF Nos. 81-84 (the "Motion").[1]

## PRELIMINARY STATEMENT

Plaintiff's Motion seeks a broad-ranging asset freeze and a jumble of other relief that is not only unwarranted and unnecessary but expressly forbidden under well-established Supreme Court precedent. Plaintiff's request for an asset freeze is legally flawed and should be denied for three independent reasons.

*First*, the requested asset freeze is barred by Supreme Court precedent, which unequivocally prohibits a district court from using its injunctive powers to freeze assets where, as here, the freeze is merely meant to preserve assets for a potential future money judgment.

*Second*, Sberbank is an instrumentality of a foreign state and, under the FSIA, has a specific immunity from attachment, distinct from its immunity from jurisdiction. This immunity from attachment, which Plaintiff completely fails to address, also precludes the requested relief.

*Third*, Plaintiff has not established the prerequisites for a TRO or preliminary injunction: Plaintiff has not demonstrated a likelihood of success on the merits; Plaintiff has not demonstrated irreparable harm; and the unbounded and vague relief requested—including an

---

[1] The Russian Defendants expressly preserve all rights, privileges, defenses and immunities, including the defenses of foreign sovereign immunity and lack of subject-matter and personal jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-1611 (the "FSIA").

1

order freezing assets all assets under the Defendants' control or held in their names, *see* Proposed Order at 1 (ECF No. 84)—would impose unnecessary and undue hardship on Defendants and on third parties who are not represented before this court.

Plaintiff's other requested relief also should be denied. Plaintiff has identified no need for an emergency order that simply reiterates Defendants' existing document-preservation obligations. Nor has Plaintiff articulated any reason why expedited discovery is needed at this time, or why such discovery is even permissible while a motion to dismiss under the FSIA is pending.

## **ARGUMENT**

### I. Supreme Court Precedent Forbids Injunctions Freezing Assets to Secure Payment of a Potential Future Money Judgment

The Supreme Court has made clear that district courts may not use their injunctive powers under Rule 65 to freeze assets to satisfy a potential judgment for money damages. In *Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999), the Supreme Court held that a prejudgment injunction, which restricted the defendant from "dissipating, disbursing, transferring, conveying, [or] encumbering" bond proceeds, violated the rule of equity that "a general creditor could not interfere with the debtor's use of his property." *Id.* at 312, 322. Here, as in *Grupo Mexicano*, Plaintiff seeks an injunction freezing Defendants' assets because of a purported concern that Defendants may be unable to satisfy a future money judgment. That is precisely what the court in *Grupo Mexicano* held impermissible.

The Second Amended Complaint (the "SAC") purports to assert a claim for unjust enrichment (Count IX), *see* SAC ¶¶ 220-24 (pp. 55-56), which is in theory an equitable claim; but Plaintiff's unjust enrichment claim, like all of Plaintiff's other claims, requests money damages and does not request any specifically identified equitable relief. An asset freeze

2

injunction in support of an equitable claim is possible "only if the plaintiff demonstrates a 'nexus' between the assets she seeks to freeze and the specific equitable claim…." *Suber v. VVP Servs., LLC*, No. 20-cv-08177 (AJN), 2021 U.S. Dist. LEXIS 128427, at *6 (S.D.N.Y. July 9, 2021) (*citing Coley v Vannguard Urban Improvement Ass'n*, 2016 U.S. Dist. LEXIS 172378, at *7-9 (Dec. 13, 2016) (collecting cases)).  In other words, a plaintiff must demonstrate an equitable ownership interest in the "*particular property*" being frozen. *R.B. Dev. Co. v. Tutis Capital LLC*, No. 12-CV-1460 (CBA) (SMG), 2012 U.S. Dist. LEXIS 85703, at *7 (E.D.N.Y. June 20, 2012) (emphasis in original).  Any asset freeze then has to be limited to that specific property and must not include assets to secure a claim for general money damages. *Spin Master v. Aciper*, No. 19-CV-6949 (VSB), 2020 U.S. Dist. LEXIS 206278, at *9 (S.D.N.Y. Nov. 4, 2020).  Here, Plaintiff identifies no specific property in which he asserts an equitable interest to be protected by an injunction.  Instead, he asks for a freeze of all of Defendants' assets globally to address an asserted concern that Defendants may be unable to satisfy a future judgment for money.  Again, that is precisely what *Grupo Mexicano* forbids.[2]

## II. Sberbank of Russia's Assets Are Immune from Attachment or Similar Freezing Under the FSIA

Plaintiff does not dispute that Sberbank is an agency or instrumentality of the Russian Federation.  *See* SAC ¶ 22 ("the Government of the Russian Federation [] owns 51% of the bank"); Pl.'s Mem. in Supp. of Motion at 7 (ECF No. 82) ("Pl.'s Br.") (arguing exceptions to the FSIA apply, not that Sberbank is not presumptively immune); Pl.'s Opp. to Mot. to Dismiss for

---

[2] In any event, Plaintiff's unjust enrichment claim is not viable because it "simply duplicates[] or replaces" Plaintiff's fraud and conversion claims, *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91 (2012), which would provide "an adequate remedy at law" if plaintiff were entitled to any relief, *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 81 (2008).  The unjust enrichment claim is also time-barred and fails for additional reasons previously briefed.  *See* SCIB Mem. in Supp. of Mot. to Dismiss at 9-10 (ECF No. 62) (statute of limitations) & 28-29 (failure to satisfy required elements).

3

Lack of Subject-Matter Jur. at 3 (ECF No. 79) (same). The FSIA immunizes all assets of a foreign state or its agencies or instrumentalities from attachment or execution unless a specific exception set forth in 28 U.S.C. § 1610 is satisfied. 28 U.S.C. § 1609 ("the property in the United States of a foreign state shall be immune from attachment, arrest and execution except as provided in sections 1610 and 1611 of this chapter.");[3] *S&S Mach. Co. v. Masinexportimport*, 706 F.2d 411, 416 (2d Cir. 1983).

The FSIA's sole authorization for prejudgment attachments of a state defendant's property is in § 1610(d), which permits prejudgment attachments only if "the foreign state has explicitly waived its immunity from attachment prior to judgment." 28 U.S.C. § 1610(d). Here, Sberbank has not "explicitly waived its immunity from attachment prior to judgment," and Plaintiff does not contend that it has done so. The FSIA therefore bars the relief that Plaintiff seeks against Sberbank.

Although Plaintiff has not in terms requested an "attachment," the Second Circuit has repeatedly held that the FSIA bars courts from granting relief that similarly has the effect of restraining use of the assets of a foreign sovereign defendant prior to judgment. For example, in *S&S*, the court explained that it was improper to enjoin a foreign state instrumentality from negotiating a promissory note because "[t]he FSIA would become meaningless if courts could eviscerate its protections merely by denominating their restraints as injunctions against the negotiation or use of property rather than as attachments of that property." 706 F.2d at 418.

---

[3] Section 1610 sets out exceptions to immunity under § 1609, while § 1611 immunizes certain types of property from attachment or execution notwithstanding § 1610.

"Foreign state" for purpose of the FSIA is defined in 28 U.S.C. § 1603(a) to include agencies and instrumentalities of a foreign state, such as Sberbank. *See Moore v. National Distillers & Chemical Corp.*, 143 F.R.D. 526, 534-35, 537-38 (S.D.N.Y. 1992) (granting immunity from prejudgment attachment to agencies and instrumentalities); *Concord Reinsurance Co. v. Caja Nacional De Ahorro Y Seguro*, 93 Civ. 6606 (JSM), 1994 U.S. Dist. LEXIS 2964, at *5 (S.D.N.Y. Mar. 15, 1994) (same).

4

Thus, the court held, "courts…may not grant, by injunction, relief which they may not provide by attachment." 706 F.2d at 418. Similarly, in *Stephens v. National Distillers & Chemical Corp.*, 69 F.3d 1226, 1229-30 (2d Cir. 1995), the Second Circuit held that an order requiring a defendant to post pre-answer security was the equivalent of a prejudgment attachment and therefore prohibited by the FSIA. Here too, Plaintiff seeks an order that would have the effect of attaching property of an agency or instrumentality of a foreign state prior to judgment. As in *S&S* and *Stephens*, such a result is prohibited by the FSIA.

### III. Plaintiff Cannot Satisfy the Requirements for a Temporary Restraining Order or Preliminary Injunction

In any event, Plaintiff does not meet the requirements to obtain a TRO or preliminary injunction. The standard for a TRO is the same as for a preliminary injunction. *See, e.g.*, *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). To obtain a TRO or preliminary injunction, a plaintiff has the burden of establishing four elements: (1) a likelihood of irreparable injury in the absence of the injunction; (2) a substantial likelihood of success on the merits of its claims against defendants or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor;" (3) that the "balance of hardships tips decidedly in plaintiff's favor;" and (4) that "the injunction will not disserve the public interest." *Id*. Plaintiff fails to establish any of these elements.

#### A. Plaintiff Has Not Demonstrated Irreparable Injury

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Trust Co.*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (*quoting Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). "If a party fails to show irreparable harm, a court need not [] address the remaining elements."

5

*Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019). Moreover, it is not enough to show a mere possibility of irreparable harm; rather, Plaintiff has the burden of proving that "irreparable injury is *likely* in the absence of an injunction." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original).

Irreparable harm is "an injury that is not remote or speculative but actual and imminent…for which a monetary award cannot be adequate compensation." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011). It is not enough for a plaintiff to raise general concerns that the defendants might eventually be unable to pay. Rather, plaintiff has the burden of proving, through evidence, that defendants are in the process of dissipating assets with the intent to frustrate an eventual judgment. *Spin Master*, 2020 U.S. Dist. LEXIS 206278, at *13-14. Plaintiff has made no such showing here.

Plaintiff asserts that "based upon the reality of the economic sanctions against Russia, it is highly likely that Bilalov would never be able to recover a judgment against the Defendants." Pl.'s Br. at 6-7. Plaintiff provides no evidence, and scarcely any argument, in support of this extraordinary conclusion, but instead speaks of a generalized concern regarding international events and speculates on the imposition of sanctions in the future, all of which are outside the control of any Defendant.[4] Plaintiff's Motion, in other words, offers no non-speculative injury, and instead presents the Court with only vague and unsupported insinuations of bad intentions on Defendants' part. This is wholly insufficient to support a TRO or preliminary injunction. *See Spin Master*, 2020 U.S. Dist. LEXIS 206278, at *13-14 ("Plaintiffs' sweeping statements about

---

[4] In fact, Sberbank and SCIB have been subject to certain U.S. sanctions since 2014, and the United States imposed certain additional sanctions on Defendant Sberbank, prohibiting U.S. financial institutions from opening or maintaining a Sberbank correspondent account or otherwise processing transactions involving Sberbank, which sanction takes effect on March 26, 2022. *See* U.S. Dep't of Treas., Directive 2 Under Executive Order 14024 (Feb. 24, 2022), *available at* https://home.treasury.gov/system/files/126/correspondent_accounts_directive_2.pdf.

6

the practices of foreign corporations and counterfeiters in general are unsupported by evidence and, more importantly, do not speak to the question of whether [defendant], a specific corporation whose liability for counterfeiting is merely alleged, not established, is likely to dissipate assets."). As Plaintiff has not proffered any evidence suggesting Defendants will attempt to frustrate a judgment (and for the avoidance of doubt, they have no such intention), he has not demonstrated a likelihood of irreparable harm and cannot obtain a preliminary injunction.

### B. Plaintiff Has Not Demonstrated a Likelihood of Success in the Action

Even if Plaintiff can show irreparable harm, he may not obtain a TRO or preliminary injunction unless he can show (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Benihana*, 784 F.3d at 894 (2d Cir. 2015). Assertions are insufficient to establish a likelihood of success on the merits; rather, "facts" must be presented to "back [the moving party's] assertions." *New York City Environmental Justice Alliance v. Giuliani*, 214 F.3d 65, 68 (2d Cir. 2000) ("the paucity of the evidence in the record will prevent [the court] from holding that [the moving party] shown a likelihood of success.") (internal quotations and citations omitted).

The requirement of likelihood of success applies to both jurisdictional requirements and the underlying merits. A *prima facie* showing of jurisdiction is not enough. *Weitzman v. Stein*, 897 F.2d 653, 658-59 (2d Cir. 1990).

As to subject-matter jurisdiction, the moving party must establish that the Court *in fact* has subject-matter jurisdiction before the court grants any preliminary relief. *See Park Place Entm't Corp. v. Arquette*, 113 F. Supp. 2d 322, 323 (N.D.N.Y. 2000) (before considering preliminary relief, the "[c]ourt has an independent duty to ensure that jurisdiction is appropriate"); *Rosenkrantz v. Inter-American Dev. Bank*, Civil Action No. 20-3670 (BAH), 2021

7

U.S. Dist. LEXIS 65482, at *23-24 (D.D.C. Apr. 5, 2021) (holding that "[b]efore evaluating the availability of preliminary relief, the Court must first determine that it may properly exercise jurisdiction over the action."); *see also Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1324 (2017) ("a court should decide the foreign sovereign's immunity defense at the threshold of the action.") (internal quotations and citations omitted). Thus, courts regularly consider and fully resolve questions of their subject-matter jurisdiction before entering preliminary relief. *See Ali v. Barr*, 464 F. Supp. 3d 549, 556 (S.D.N.Y. 2020) (preliminary injunction denied because court "lacks subject matter jurisdiction over the claims of individual plaintiffs or the authority to issue the requested preliminary injunction").[5]

As to personal jurisdiction, a moving party must show at least a reasonable probability of ultimate success on the question of the court's *in personam* jurisdiction over the non-moving party. *Weitzman*, 897 F.2d at 659.

Plaintiff's brief offers a lengthy rehashing of his allegations and jurisdictional arguments, *see* Pl.'s Br. at 7-15, but fails to present any evidence in support of his claims. Nor does Plaintiff address a single argument or case presented in Defendants' extensive briefing in support of their motions to dismiss.

*First*, Plaintiff has not established that this Court has subject-matter jurisdiction to grant preliminary relief (or any other relief) against the Russian Defendants. As the Russian Defendants illustrated in their briefing, the Commercial Activity Exception to jurisdictional

---

[5] *But see Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 383-84 (E.D.N.Y. 2016) ("[W]here a challenge to jurisdiction is interposed on an application for a preliminary injunction the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.") (quotations and citation omitted). Even if the Court were to apply this lower standard, Plaintiff has not shown a reasonable probability of success in opposing the motion to dismiss for lack of subject-matter jurisdiction.

8

immunity under the FSIA does not apply because the "gravamen" of this suit are actions that took place in Russia. *See OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015); Russian Defs.' Br. in Supp. of Mot. to Dismiss for Lack of Subject-Matter Jur. at 4-6 (ECF No. 73); Reply in Supp. of Mot. to Dismiss for Lack of Subject-Matter Jur. at 3-7 (ECF No. 80). Nor does the Expropriation Exception apply, because this action concerns property allegedly taken by a state from its own citizens. *See Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 709, 711 (2021) ("a foreign sovereign's taking of its own nationals' property remains a domestic affair"). Plaintiff addresses none of these authorities.

*Second*, Plaintiff cannot show a reasonable probability of establishing personal jurisdiction over the Russian Defendants. In fact, Plaintiff's brief does not address personal jurisdiction at all. In opposition to the Russian Defendants' motion to dismiss, ECF No. 67 at 10-12, Plaintiff argued that personal jurisdiction could be asserted under N.Y. CPLR § 302(a), Fed. R. Civ. P. 4(k)(2) or by virtue of "conspiracy jurisdiction." In their opening brief at 13-19 (ECF No. 59) and reply brief at 8-11 (ECF No. 68) on their motion to dismiss, the Russian Defendants provided the Court with the relevant case law refuting these alleged bases for jurisdiction. Plaintiff's latest brief provides no rebuttal.

*Third*, Plaintiff has also not shown a likelihood of success on the underlying merits of his claims. Under *Grupo Mexicano*, the only arguably relevant claim for this purpose is Plaintiff's purported equitable claim for unjust enrichment, but Plaintiff cannot possibly succeed on that claim. *See supra* Part I. In any event, Plaintiff does not raise sufficiently serious questions, let alone a likelihood of success, on the merits of any claim. Plaintiff's claims stem from the alleged misappropriation of shares in the Krasnaya Polyana property (which Plaintiff sometimes alleges actually belonged to his brother, *see* SAC ¶ 45). By his own admission, Plaintiff was on

9

notice of his putative claims no later than 2013, yet failed to timely assert them. Moreover, Plaintiff's litany of federal and state law claims fail to state a claim upon which relief may be granted for a host of reasons, including failure to plead predicate acts, an enterprise, and a domestic injury to business or property for the RICO claims, failure to plead a cognizable violation of the law of nations for the Alien Tort Statute claim, and failure to plead a collateral objective for the abuse of process claim. As to SCIB, the SAC fails even the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as it alleges no facts and merely recites the conclusion that SCIB was somehow used to launder the proceeds of Defendants' wrongs. For a fuller recitation of the SAC's failures to state a valid claim, Defendants respectfully refer the Court to the extensive briefing (*see* ECF Nos. 59, 62, 68, 69) demonstrating why each of the SAC's causes of action should be dismissed.

*Finally*, to obtain a TRO or preliminary injunction, it is not enough for Plaintiff to argue that his claims can survive a motion to dismiss; rather, Plaintiff must present evidence that he is likely to succeed on the merits after trial. *Sterling*, 368 F. Supp. 3d at 728 ("Plaintiff has not provided *any* evidence that would allow this Court to make such a finding" of likelihood of success on the merits) (emphasis in original and internal quotation and citation omitted). Here, Plaintiff provides no evidence in support of his claims; rather he relies on the same threadbare allegations that he makes in the SAC.

### C. Plaintiff Has Not Demonstrated a Balance of Hardships in His Favor

Plaintiff must show that the balance of hardships tips in his favor—and "decidedly" in his favor if he has shown anything less than an actual likelihood of success on the merits. *See, e.g.*, *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012) ("The District Court may grant a preliminary injunction if the moving party establishes…sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.") (quotes and citation omitted).  Here, the balance of hardships favors Defendants, not Plaintiff.

Plaintiff requests an injunction that would effectively bar Defendants from conducting their day-to-day business, serving their customers' needs, and meeting their contractual obligations to third parties.  It requests a "freeze" of all of Defendants' assets for an unspecified length of time, covering, among other things, "all monies and assets…held in the name of, for the benefit of, or over which account authority is held…managed or controlled" by Defendants, anywhere in the world.  *See* Proposed Order at 3.

The hardships imposed by Plaintiff's proposed injunction freezing all of Defendants' assets would fall extremely heavily on Defendants, unnecessarily limiting or even shutting down the conduct of their ordinary business operations or, in the case of Defendant Gref, preventing him from paying daily living expenses.  *See Sec. Pac. Nat'l Bank v. Nyland, Ltd.*, 91 Civ. 2647 (PNL), 1991 U.S. Dist. LEXIS 17478, at *19 (S.D.N.Y. Dec. 2, 1991) (denying motion to freeze assets when "other equity claimants [would be] deprived of access to their property.  That deprivation is unquestionably a hardship.  It would continue for a lengthy period while [plaintiff] conducted discovery seeking evidence that would support its contentions."); *In re Qwest Communs. Int'l Sec. Litig.*, 231 F. Supp. 2d 1066, 1070 (D. Colo. 2002) ("The proposed injunction would, in essence, likely cause [defendant's] current financing structure to collapse.  That, in turn, would cause major disruption of the entire…operation…Such injuries to [defendant] weigh more heavily than the potential harm the plaintiffs seek to avert.").

By contrast, Plaintiff's only proffered "hardship" is his speculative and baseless concern there will be no assets to satisfy a judgment in the future.  *See Dubois v. Abode*, No. 02-4215,

11

2004 U.S. Dist. LEXIS 30596, at *7 n.1 (D.N.J. Mar. 15, 2004) ("given the apparently unlimited scope of the relief sought, that the hardship to the Defendant from a freezing of all his assets would considerably outweigh the hardship to the Plaintiff of potentially losing an as yet uncertain damages remedy."); *Levy v. Young Adult Inst., Inc.*, No. 13-CV-02861 (JPO) (SN), 2014 U.S. Dist. LEXIS 180324, at *28 (S.D.N.Y. Nov. 21, 2014).

Although Plaintiff does not address it, his requested relief would also require him to post a substantial bond before the Court grants any preliminary relief. Federal Rule of Civil Procedure 65(c) allows the Court to issue a TRO or preliminary injunction "only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Security in the form of a bond "assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined." *Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011). Given the massive damages that an asset freeze would inflict on Defendants, if the Court grants Plaintiff's Motion, it should—before any injunction or TRO takes effect—require a bond and call for briefing and evidence on the appropriate amount of a bond to protect Defendants from any damages they will have suffered in the event the Court later grants the pending motions to dismiss or the asset freeze otherwise is ultimately vacated.

### D. Plaintiff Has Not Established That the Public Interest, Including the Rights of Third Parties, Would Not Be Damaged

Plaintiff's Motion also fails to demonstrate that the "public interest would not be disserved" by the issuance of an injunction. *Benihana*, 784 F.3d at 895. An injunction would have unpredictable effects on third parties—including banking customers who depend on Sberbank's ability to fulfill its obligations. Notably, the U.S. government has determined not to

12

freeze Defendants' assets, yet Plaintiff asks the Court to take that step in service of his own interests.

Consideration of the public interest requires consideration of the effect of preliminary relief on customers and other non-parties. *See Tutor Time Learning Ctrs., LLC v. KOG Indus.*, No. 1:12-CV-4129 (NGG) (RER), 2012 U.S. Dist. LEXIS 162124, at *21 (E.D.N.Y. Nov. 13, 2012). Here, Plaintiff's Motion requests a freeze of all assets Defendants "manage[] or control" globally. Proposed Order at 3. Placing limitations on Defendants' ability to transfer assets that they "manage" on behalf of clients will have significant but unpredictable effects on the property of Defendants' customers, which does not even belong to Defendants. Further, limiting Defendants' ability to expend their own assets likewise will prevent Defendants from allowing depositors to move funds through the banks' accounts and meet their obligations to their customers, employees and third parties. *Cf. FDIC v. Engel*, 746 F. Supp. 1223, 1224 (S.D.N.Y. 1990) (noting "public interest of maintaining solvency" of banks). For each of these reasons, the public interest weighs against preliminary relief.

## IV. Plaintiff Has Not Established a Need for a Document Preservation Order or Expedited Discovery

Plaintiff also requests expedited discovery and an order prohibiting spoliation of evidence. See Proposed Order at 4. Defendants are aware of their document preservation obligations, which have not changed in any way as a result of current events. Plaintiff has identified no reason why an "emergency" court order reiterating Defendants' existing document preservation obligations is necessary. Plaintiff can seek appropriate relief under Rule 37 of the Federal Rules of Civil Procedure should Defendants fail to comply with their discovery obligations in the future.

Plaintiff also offers no reason why expedited discovery should commence at this time, while motions to dismiss are pending, especially the motion to dismiss under the FSIA on subject-matter jurisdiction grounds. "Because sovereign immunity protects a sovereign from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *See Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (internal quotations and citations omitted).

To obtain expedited discovery, a party must show "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998) (denying request for expedited discovery as part of motion for injunction). For all the reasons discussed above, Plaintiff is not able to show irreparable harm or a likelihood of success on the merits, much less that expedited discovery would avoid irreparable harm or that any benefit to the Plaintiff would outweigh the burden on Defendants.

For these reasons, Plaintiff's request for expedited discovery and an order prohibiting spoliation of evidence should also be denied.

## **CONCLUSION**

For the forgoing reasons, Plaintiff's Motion should be denied.

Dated: New York, New York
       March 14, 2022

                                   Respectfully submitted,

                                   DEBEVOISE & PLIMPTON LLP

                                 By: */s/ William H. Taft V*
                                     Mark P. Goodman
                                     William H. Taft V
                                     mpgoodman@debevoise.com
                                     whtaft@debevoise.com

                                     919 Third Avenue
                                     New York, New York 10022
                                     (212) 909-6000

                                     *Counsel for Defendants*
                                     *Sberbank of Russia and Herman Gref*

                                   WHITE & CASE LLP

                                     Claire DeLelle
                                     Kim Havlin
                                     Scott Hershman
                                     Isaac Glassman
                                     claire.delelle@whitecase.com
                                     kim.havlin@whitecase.com
                                     scott.hershman@whitecase.com
                                     isaac.glassman@whitecase.com

                                     701 Thirteenth Street, NW
                                     Washington, DC 20005
                                     (202) 626-3600

                                     1221 Avenue of the Americas
                                     New York, New York 10020
                                     (212) 819-8200

                                     *Counsel for Defendant*
                                     *Sberbank CIB USA, Inc.*