UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AKHMED GADZHIEVICH BILALOV, an individual,

                Plaintiff,

-against-

HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/18/2022_

20 Civ. 9153 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Akhmed Gadzhievich Bilalov, requests that the Court issue a temporary restraining order ("TRO") and an emergency discovery order against Defendants Herman Gref, Sberbank CIB USA, Inc. ("Sberbank USA"), and Sberbank of Russia PJSC ("Sberbank of Russia") that (1) freeze all assets Defendants own or control, (2) permit Plaintiff to take immediate discovery of documents, and (3) prevent Defendants from destroying or altering documents. *See* Pl. Mem. at 1, ECF No. 82; Pl. Mot., ECF No. 81. For the reasons stated below, Plaintiff's requests are DENIED.

## BACKGROUND

On November 2, 2020, Plaintiff filed under seal a complaint against Gref, the chief executive officer and chairman of the executive board of Sberbank of Russia, and another individual, alleging that they violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and other statutes and provisions of common law, and claiming at least one billion dollars in damages as well as equitable relief. *See generally* ECF No. 4. Three days later, Plaintiff's complaint was unsealed because Plaintiff had not "overcome the strong presumption of public access that attached to his complaint." ECF No. 3 at 1. Plaintiff then amended his complaint twice, *see* ECF Nos. 11, 51, and, in his second amended complaint named Gref, Sberbank USA, Sberbank of Russia,

and Does 1–100 as defendants and alleged that they violated RICO and the Alien Tort Statute, 28 U.S.C. § 1350; committed common law fraud, conspiracy to commit fraud, unlawful conversion, and malicious abuse of process; and were unjustly enriched by their unlawful activities. *See generally* ECF No. 51.

By July 23, 2021, all named Defendants had appeared in this action. *See*, *e.g.*, ECF Nos. 20, 22, 52. On September 6, 2021, Defendants filed motions to dismiss all of Plaintiff's claims, ECF Nos. 58, 61, which are currently pending before this Court. In addition to contesting the merits of Plaintiff's claims, Gref and Sberbank of Russia also raised numerous jurisdictional arguments, *see generally* ECF Nos. 59, 73, including a challenge based on their immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–11, *see generally* ECF No. 73.

Since 2014, the United States has imposed certain sanctions on Sberbank of Russia.[1] And, in January 2018, the United States Department of the Treasury added Gref to a list of "senior foreign political figures and oligarchs in the Russian Federation" who are close to the Russian regime.[2] The list is "not a sanction list" and in "no way should be interpreted to impose sanctions" on the listed individuals.[3]

On February 24, 2022, Russian forces attacked Ukraine.[4] In response, the United States announced that it was imposing additional sanctions on Russia, *see* 31 C.F.R. §§ 587, 589, which included further sanctions on Sberbank of Russia.[5]

---

[1] *See* U.S. Dep't Treas., *Announcement of Expanded Treasury Sanctions within the Russian Financial Services, Energy and Defense or Related Materiel Sectors* (Sept. 14, 2014), *available at* https://www.treasury.gov/press-center/press-releases/pages/jl2629.aspx.
[2] U.S. Dep't Treas., *Report to Congress Pursuant to Section 241 of the Countering America's Adversaries Through Sanctions Act of 2017 Regarding Senior Foreign Political Figures and Oligarchs in the Russian Federal and Russian Parastatal Entities* at App. A (Jan. 29, 2018), *available at* https://www hsdl.org/?abstract&did=808185 (listed as "German Gref").
[3] *Id*. at 2.
[4] *See* White House, *Statement by President Biden on Russia's Unprovoked and Unjustified Attack on Ukraine* (Feb. 23, 2022), *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2022/02/23/statement-by-president-biden-on-russias-unprovoked-and-unjustified-attack-on-ukraine/.
[5] *See also* U.S. Dep't Treas., *U.S. Treasury Announces Unprecedented & Expansive Sanctions Against Russia, Imposing Swift and Severe Economic Costs* (Feb. 24, 2022), *available at* https://home.treasury.gov/news/press-releases/jy0608.

Then, on March 8, 2022, Plaintiff requested a TRO freezing Defendants' assets and other discovery-related relief. *See* Pl. Mem. at 1; Pl. Mot. After finding that Plaintiff had not satisfied the standards for *ex parte* relief under Federal Rule of Civil Procedure 65(b), the Court allowed Defendants to oppose Plaintiff's requests. ECF No. 85. Defendants filed a joint memorandum on March 14, 2022. Defs. Opp., ECF No. 88.

## ANALYSIS

I. <u>Freezing Assets</u>

   A. <u>Legal Standard</u>

A party seeking a TRO must demonstrate "(1) a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [party's] favor; (2) a likelihood of irreparable injury in the absence of an [order]; (3) that the balance of hardships tips in the [party's] favor; and (4) that the public interest would not be disserved by the issuance of [a TRO]." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (quotation marks and citation omitted).[6]

Courts consider a showing of irreparable harm to be "the single most important prerequisite" for the issuance of a TRO. *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted). To satisfy the irreparable harm requirement, plaintiffs must demonstrate that "absent a [TRO,] they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (quotation marks and citation omitted). Courts will only consider the other requirements if the moving party demonstrates that such an injury is likely. *Id.*

---

[6] "The standard[s] for granting a [TRO] and a preliminary injunction pursuant to Rule 65 of the Federal Rules of [Civil] Procedure are identical." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 726–27 (S.D.N.Y. 2019) (citation omitted).

B. Application

Defendants present numerous arguments in opposition to Plaintiff's request for a TRO—including that Plaintiff has failed to make a showing of irreparable harm. *See generally* Defs. Opp.[7] Because the Court agrees that Plaintiff has failed to make a showing of irreparable harm, the Court need not reach Defendants' remaining arguments. *See Freedom Holdings*, 408 F.3d at 114.

Although courts generally do not consider monetary harm irreparable, *see Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2015 WL 170442, at *7 (S.D.N.Y. Jan. 13, 2015), courts find that requirement satisfied "where there has been a showing of intent to frustrate any judgment on the merits." *Shamrock Power Sales, LLC v. Scherer*, No. 12 Civ. 8959, 2016 WL 6102370, at *10 (S.D.N.Y. Oct. 18, 2016) (citation and quotation marks omitted). Plaintiff has not made such a showing. In requesting *ex parte* relief, he asserts, without providing an explanation, that Defendants "have already demonstrated that any notice of [his TRO request] would likely result in Defendants moving their accounts and dissipating or transferring their funds beyond this Court's jurisdiction." Pl. Mem. at 7. Then, in arguing in support of irreparable harm, he states merely that future sanctions issued against certain Russian officials, entities, and state-owned enterprises will lead Defendants to dissipate or remove their funds to "foreign accounts or elsewhere" to "avoid sanctions." *Id*. at 3, 16. These conclusory assertions do not sufficiently demonstrate that Defendants, who have appeared in this action and are actively litigating this case, are likely to dissipate their assets. *See Spin Master v. Aciper*, No. 19 Civ. 6949, 2020 WL 6482878, at *4–6 (S.D.N.Y. Nov. 4, 2020).

Moreover, Plaintiff has not shown that the threat of sanctions will lead to an imminent, non-speculative injury. *See Freedom Holdings*, 408 F.3d at 114. Plaintiff argues that, because of "the reality of the economic sanctions against Russia, it is highly likely that [Plaintiff] would never be able

---

[7] The Court notes that Gref and Sberbank of Russia have expressly preserved their objections to this Court's jurisdiction based on the FSIA. Defs. Opp. at 1 n.1.

to recover a judgment against [] Defendants," without demonstrating the connection between the sanctions and Plaintiff's chances of recovery. Pl. Mem. at 6–7. This statement is insufficient to show a non-speculative future injury. *See Freedom Holdings*, 408 F.3d at 114. And, to the extent that Plaintiff asserts he will be injured by Defendants' *compliance* with sanctions issued by the United States, *see* Pl. Mem. at 16 (stating that Defendants may be "stripped of their assets as a result of sanctions"), the Court does not consider this an injury that should be addressed by the issuance of a TRO, *see Bank Markazi v. Peterson*, 578 U.S. 212, 215–16, 234 (2016) (describing "foreign affairs" as "a domain in which the controlling role of the political branches is both necessary and proper").

In short, Plaintiff's arguments are conclusory, and he fails to satisfy his burden of showing irreparable harm. Accordingly, Plaintiff's request for a TRO is DENIED.

## II.     Other Requested Relief

In addition to seeking a freeze of Defendants' assets, Plaintiff also requests an order allowing the immediate discovery of documents from Defendants and preventing Defendants from destroying or altering documents. Pl. Mem. at 1. Plaintiff advances no arguments in support of these requests. *See generally* Pl. Mem.; Shpigel Decl., ECF No. 83; Proposed TRO, ECF No. 84. Accordingly, Plaintiff's discovery-related requests are DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's requests are DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 81.

SO ORDERED.

Dated: March 18, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge