## SHPIGEL LAW, P.C.
### Attorneys At Law

250 Greenwich Street
46th Floor
New York, New York 10007
Phone (212) 390-1913     Fax (646) 355-0242
E-Mail: ishpigel@iselaw.com

---

July 14th, 2022

**VIA ECF**
The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     **Re:**     ***Bilalov v. Herman Gref Et., al., Dkt. #:20-Civ-09153(AT)(KNF)***

Dear Judge Torres,

     The undersigned represents Plaintiff Akhmed Gadzhievich Bilalov in the above-referenced case. We write according to Rule 3.A.i of Your Honor's Individual Practice and Rules to respectfully request leave to file a Third Amended Complaint (hereinafter "TAC").

     Through the TAC, Plaintiff seeks to add one new Defendant- The Russian Federation-which was significantly involved in perpetrating the scheme that Plaintiff alleges in his complaint.

     Russia is not entitled to sovereign immunity because the Plaintiffs' claims arise out of tortious acts committed in the United States. *See* 28 U.S.C §1605(a)(5).  Plaintiff has reason to believe that the original Defendants acted in their official capacity and under the direction of the Russian Federation to engage in practices that violate 18 U.S.C. §§1962(a)-(c), and 28 U.S.C. §1350, and have committed Fraud, Conspiracy to Commit Fraud, Unlawful Conversion, Malicious Abuse of Process, and Unjust Enrichment. Plaintiff seeks the disgorgement of Defendants' ill-gotten gains.

     The documents and briefs filed in this action show that the Sberbank Defendants are 25% owned by the Russian Federation, and that Herman Gref is both a Russian politician and has served

1

as the CEO and chairman of the executive board of Sberbank, the largest Russian bank.     The Plaintiff believes, based on available documents, that the Defendants including the Russian Federation was organized into a common enterprise, and Herman Gref and the Sberbank Defendants were acting with the consent and aid of the Russian Federation.

Rule 15 provides that a "a party may amend its pleadings [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *See Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006). Given the liberal standard under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.

There is currently a Motion to Dismiss pending, Plaintiff does not seek to allege any new counts therefore Defendants will not be prejudiced by the instant amendment. Plaintiffs are not alleging any new facts or new theories. Likewise, there is no undue, delay, bad faith, or dilatory motive by Plaintiffs. Plaintiff's TAC is supported by facts and information uncovered by Plaintiffs. For the above reasons, Plaintiffs respectfully requests leave to file a Motion to Amend the Complaint.


Respectfully,


*/S/Irina Shpigel*
Irina Shpigel