UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKHMED GADZHIEVICH BILALOV,<br><br>    Plaintiff,<br><br>  v.<br><br>SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive,<br><br>    Defendants. | No. 20-Civ- 09153 (AT) (JW) |

# **AKHMED BILALOV'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

**SHPIGEL LAW P.C.**

250 Greenwich Street, 46th Floor
New York, New York 10007
T. 212.390.1913
F. 646.355.0242
E. ishpigel@iselaw.com

*Counsel for Akhmed Gadzhievich Bilalov*

# TABLE OF CONTENTS

PROCEDURAL HISTORY ..................................................................................................................1

ARGUMENT....................................................................................................................................3

    A.    The Requested Amendment Furthers the Interest of Justice. ............................................3

    B.    The Requested Amendment Will Not Unduly Prejudice the Defendants. .......................4

    C.    The Requested Amendment Is Not Unduly Delayed. ......................................................5

    D.    The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive. ........................6

    E.    The Proposed Amendment Is Not Futile. .........................................................................7

CONCLUSION...............................................................................................................................10

# TABLE OF AUTHORITIES

*2 Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400 (E.D.N.Y. 1995). .............................................. 4
*Abbatiello v. Monsanto Co.*, 571 F. Supp. 2d 548 (S.D.N.Y. 2008) ................................................................ 6
*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699 (2d Cir. 2010) ............................ 4
Altenhaus v. Louison, 342 Mass. 773, 172 N.E.2d 230 ................................................................................ 8
*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ........................................................................... 3
Bradley v. Peaden,347 So.2d 455 (Fla. 1st DCA 1977). ............................................................................... 9
*Clark v. Dematic Corp.*, No. 5:14-CV-750, 2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) ........................ 3
*DeWan v. Seideman*, No. 17-cv-1315 (ER), 2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017)............................ 4
*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................................... 3
*Gracia v. City of N.Y.*, No. 16-CV-7329 (VEC), 2017 WL 4286319 (SDNY Septt. 26, 2017). .................... 6
*Intersource, Inc. v. Kidder Peabody & Co. Inc.*, No. 90-cv-7389 (PKL), 1992 WL 369918 (S.D.N.Y. Nov. 20, 1992). ............................................................................................................................................ 6
*Lehman Bros. Commercial Corp. v. Minmetals Int'l Non- Ferrous Metals Trading Co.*, No. 94 CIV. 8301 (JFK), 1996 WL 346426 (S.D.N.Y. June 25, 1996) ............................................................................... 6
*McMurray v. U-Haul Co., Inc.,* 425 So. 2d 1208 (Fla. Dist. Ct. App. 1983) ............................................ 7, 8
*Pasternack v. Shrader*, 863 F.3d 162 (2d Cir. 2017)..................................................................................... 5
*Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009) .............................. 6
*Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991) ...................................................................... 3
*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987) ..................................................... 6
*See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012). .................................... 7
*Shiah Yih Indus. Co. v. Sitco Importing Co.*, No. 96 CIV. 0356, 1997 WL 304903 (S.D.N.Y. June 5, 1997). ........................................................................................................................................................ 3
*State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843 (2d Cir. 1981).......................................................... 4
*Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466 (S.D.N.Y. July 12, 2011) .. 3
*United States ex rel. Hayes v. Allstate Ins. Co.*, 686 F. App'x 23 (2d Cir. 2017). ........................................ 7
*Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (*internal quotation marks omitted*). ....... 3

## Statutes

Fed. R. Civ. Pro Rule 15(a) ............................................................................................................................ 3

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and Honorable Analisa Torres's September 13th, 2022 Order (ECF 98), Plaintiff Akhmed Bilalov respectfully submits this brief in support of his motion for leave to file a Third Amended Complaint ("TAC")[1].

On September 13th, 2022, this Court considered the Defendants' motion to dismiss and subsequently granted Plaintiff leave to file a motion to amend his complaint with respect to his abuse-of-process claim. Accordingly, Akhmed Bilalov seeks leave to file an amended complaint that includes allegations based on the September 13th, 2022 Order and an additional cause of action for Malicious Prosecution and conforms the requested relief to the claims presented.

## PROCEDURAL HISTORY

Plaintiff, Akhmed Gadzhievich Bilalov ("Akhmed Bilalov") filed his original complaint ("Complaint") in the Southern District of New York on November 5, 2020. The Complaint alleges claims against Herman Gref, and Sberbank CIB USA. On February 5th, 2020, before the Defendants' time to answer expired, Plaintiff filed a First Amended Complaint (hereinafter "FAC") to correct non-sustentative errors. Before Defendants time to answer was due, the parties met and conferred by way of an exchange of pre-motion to dismiss letters, and several key facts and issues were raised, these new facts and issues necessitated the filing of the now operative, Second Amended Complaint ("SAC") on July 2nd, 2021 (ECF 51).

In the SAC Plaintiff, Akhmed Bilalov, alleged causes of action against Defendants Herman Gref, Sberbank CIB USA, Inc. ("Sberbank USA"), Sberbank of Russia PJSC ("Sberbank Russia"), and Does 1-100 based upon violations of the Racketeer Influenced and Corrupt

---

[1] A copy of the proposed Third Amended Complaint is filed with this brief as Exhibit A. A comparison of the proposed Third Amended Complaint to the Second Amended Complaint is filed as Exhibit B.

Organizations Act ("RICO"), 18 U.S.C. § 1962, common law fraud, unjust enrichment, malicious abuse of process, conversion, and the Alien Tort Statute (the "ATS"), 28 U.S.C. § 1350. *See generally* Second Amend Complaint (ECF No. 51).

Gref and Sberbank Russia (together, the "Russian Defendants") moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1330, and, in the alternative, under the doctrine of forum non-conveniens in favor of adjudication in Russia, Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Russian Defs. Mem., (ECF 59, ECF 73). Sberbank U.S.A. moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. US Def. Mem. (ECF 62). On September 13th, 2022, the Court granted Defendant's motion to dismiss the Second Amended Complaint (ECF 98).

The Court granted the Russian Defendants' motion to dismiss as it relates to claims against Sberbank Russia arising from the alleged theft of Plaintiff's shares in the Company, which include Plaintiff's claims under RICO and the ATS, and his common law claims for fraud, conspiracy to commit fraud, unjust enrichment, and conversion.

The Court concluded that Plaintiff should be given leave to file a motion to further amend his complaint with respect to his abuse-of-process claim.

Under Federal Rule of Civil Procedure 15(a)'s permissive standards and the liberal policy of allowing pleading amendments in the Second Circuit, this Court should grant Plaintiff's Motion for leave to file the Amended Complaint to replead the Abuse of Process Claim and to add its sister cause of action under Florida law for Malicious Prosecution.

# ARGUMENT

Akhmed G. Bilalov seeks leave to file the proposed SAC. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (*internal quotation marks omitted*). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Leave to amend can be denied only where it is sought in "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been "repeated failure to cure deficiencies," or if amendment would be futile. *See, e.g.*, *Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Shiah Yih Indus. Co. v. Sitco Importing Co.*, No. 96 CIV. 0356, 1997 WL 304903, at *1–*4 (S.D.N.Y. June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993). Where, as here, defendants will have an "opportunity to respond to the proposed amended complaint" and the court may consider "the merits of the motion[s] [to dismiss] in light of the amended complaint," granting leave to amend is particularly warranted. *Clark v. Dematic Corp.*, No. 5:14-CV-750, 2014 WL 6387166, at *1– 2 (N.D.N.Y. Nov. 14, 2014) (*internal quotation marks and citations omitted*).

A. **The Requested Amendment Furthers the Interest of Justice.**

Akhmed Bilalov seeks leave to amend his complaint to include additional allegations of fact that support Florida's abuse of process claim. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when

determining whether Akhmed Bilalov has adequately stated an abuse of process claim for relief. Many of these facts provide complementary support to the facts already alleged in the SAC and help to fill in details that were already alleged in the SAC. Amending the requested relief so that it extends to the entirety of Sberbank's activities with respect to the abuse of process claim, will ensure that the relief Akhmed Bilalov formally requests in the complaint is commensurate with the claims presented. All of these amendments will further the well-recognized policy interest of having cases "resolved upon the merits" rather than dismissed due to "procedural technicalities." 2 *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995). Justice requires that leave to amend be granted.

**B.    The Requested Amendment Will Not Unduly Prejudice the Defendants.**

Granting Akhmed Bilalov leave to amend will not cause unfair prejudice to the Defendants in light of the absence of any progress to date on discovery, and the opportunity Defendants will have to address the new allegations proposed in the TAC. A defendant is prejudiced by an amendment only when it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725–26 (2d Cir. 2010) (citation and internal quotation marks omitted). Undue prejudice may arise, for example, when "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); *see also DeWan v. Seideman*, No. 17-cv-1315 (ER), 2017 WL 6048816, at *5 (S.D.N.Y. Dec. 5, 2017).

This case is far from the "eve of trial." No trial date has been set; summary judgment motions have not been scheduled, much less filed; and no discovery has been exchanged. The posture of this case ensures that the Defendants will have ample opportunity to consider and

4

address any new allegations presented in the TAC. And since no discovery has been had, Defendants cannot be heard to complain about any "additional" discovery that might result from the proposed amendments.

The pendency of this case for well over a year does not counsel against granting leave to amend. And the previous expense of resources to litigate a case—even over several years—does not, without more, create undue prejudice or bar amendment. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). As explained in Pasternack, it is improper to deny amendment of a complaint, even after a motion to dismiss has been decided, on grounds of delay and expense. *Id*. Here Plaintiff amended the complaint as of right before an answer was due, and the parties only briefed motions to dismiss with respect to the Second Amended Complaint. Further, the Defendants' arguments with respect to the abuse of process claim were grounded in New York law, and the Court dismissed Plaintiff's claim for a failure to comply with Florida law. Here, Plaintiff seeks to amend the complaint pursuant to Florida law which has an additional requirement on the pleading of abuse of process claims. Plaintiff also seeks to add a cause of action for Malicious Prosecution, based on the same facts as the abuse of process claim.

Further, many of the new proposed allegations are based on facts that Akhmed Bilalov has included in previous court filings. These facts further develop a narrative that Akhmed Bilalov has plainly stated in other submissions. They represent additional proof of the same core allegations, not proof of a new class of allegations. Defendants will not be prejudiced by having to address factual assertions of which they have been made previously aware.

### C. The Requested Amendment Is Not Unduly Delayed.

Akhmed Bilalov cannot be faulted for undue delay in seeking leave to amend the TAC. Similar to the undue prejudice analysis, courts in this Circuit have found that parties did not unduly

delay their request for leave when they filed their motion prior to discovery. *See, e.g., Pasternack*, 863 F.3d at 174; *Gracia v. City of N.Y.*, No. 16-CV-7329 (VEC), 2017 WL 4286319, at *2 (S.D.N.Y. Sept. 26, 2017). Courts have also declined to find undue delay when a party seeks to provide further support for its claims based on additional facts, even if the request is made years after the original complaint was filed. *See, e.g., Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (*collecting cases*). Granting leave to amend is particularly appropriate where new facts have come to light after the original pleading has been filed. *See Abbatiello v. Monsanto Co.*, 571 F. Supp. 2d 548, 552–53 (S.D.N.Y. 2008) (granting leave to amend complaint that includes facts about which plaintiffs now have "a better understanding").

Here, Akhmed Bilalov's proposed amended complaint is timely because discovery has not yet begun in this action and because the amendment seeks to add new factual allegations that support a new claim: the Florida abuse-of process claim.

**D.     The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive.**

Akhmed Bilalov's proposed amendment is not sought in bad faith or with a dilatory motive. Courts have declined to find bad faith or dilatory motive when an amendment is based on the discovery of new facts. *See, e.g., Lehman Bros. Commercial Corp. v. Minmetals Int'l Non- Ferrous Metals Trading Co.*, No. 94 CIV. 8301 (JFK), 1996 WL 346426, at *2 (S.D.N.Y. June 25, 1996); *Intersource, Inc. v. Kidder Peabody & Co. Inc.*, No. 90-cv-7389 (PKL), 1992 WL 369918, at *3 (S.D.N.Y. Nov. 20, 1992). In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint. *See, e.g., Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order"). Bad faith can also be found where a party engages in improper behavior in court, such as making

knowing misrepresentations in a prior pleading. *See, e.g., United States ex rel. Hayes v. Allstate Ins. Co.*, 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, Akhmed Bilalov seeks to file its proposed TAC in good faith in order to further support his claims. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See Fluor Corp.*, 654 F.2d at 856. Because this action has not yet proceeded to discovery and remains at the motion to dismiss phase, these amendments cannot be disparaged as an improper means to delay resolution of this matter.

### E. The Proposed Amendment Is Not Futile.

As the additional allegations contained in the proposed SAC further support Akhmed Bilalov's well-pleaded claims, the amended complaint is not futile. A proposed amendment is futile only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and

(iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id*.

The proposed amendments here would not be futile because it provides further detailed factual allegations concerning Akhmed Bilalov's claim that Sberbank of Russia engaged in Malicious Prosecution and Malicious Abuse of Process.

"An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued". *McMurray v. U-Haul Co., Inc.,* 425 So. 2d 1208 (Fla. Dist. Ct. App. 1983)

"An abuse of process arises only when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do". McMurray v. U-Haul Co., Inc., 425 So. 2d 1208 (Fla. Dist. Ct. App. 1983) (Citing *Altenhaus v. Louison,* 342 Mass. 773, 172 N.E.2d 230; *Spellens v. Spellens,* 49 Cal.2d 210, 317 P.2d 613; *Geier v. Jordan,* D.C.Mun.App., 107 A.2d 440; *Hall v. Field Enterprises,* D.C.Mun.App., 94 A.2d 479; *Pimentel v. Houk,* 101 Cal.App.2d 884, 226 P.2d 739; *Ellis v. Wellons,* 224 N.C. 269, 29 S.E.2d 884; *Italian Star Line v. United States Shipping Board E.F. Corp.*(CCA 2nd Cir.), 53 F.2d 359; annotations 80 A.L.R., pages 580-584.)

The Court in *McMurray v. U-Haul Co, Inc*, held that "in order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. Ulterior motive alone is insufficient; there is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action stated in the complaint". (*citing Hall v. Hollywood Credit Clothing Company,* D.C.Mun.App., 147 A.2d 866; *Earl v. Winne,* 34 N.J. Super. 605, 112 A.2d 791; *Geier v. Jordan,* supra; *Pimentel v. Houk,* supra; *Brown v. Robertson,* 120 Ind. App. 434, 92 N.E.2d 856; *Elliott v. Warwick Stores,* 329 Mass. 406, 108 N.E.2d 681; *Saliem v. Glovsky,* 132 Me. 402, 172 A. 4; 1 Am.Jur.2d Abuse of Process, §§ 4, 13; Prosser on Torts, pages 894-895; Cooley on Torts, 4th Ed., § 131, page 434. Also, see the scholarly opinion and collection of authorities in *Spellens v. Spellens,* 49 Cal.2d 210, 317 P.2d 613 (1957), which discuss the subsequent misuse or perversion of duly issued process; as well as *Landers v. Georgia Public Service Commission,* 217 Ga. 804, 125 S.E.2d 495 (1962)).

The Tort of abuse of process is applicable in situations such as bringing a second action to collect a debt already paid or use of criminal process to coerce payment of a civil debt or the return of property. *Bradley v. Peaden,* 347 So.2d 455 (Fla. 1st DCA 1977).

In the case at bar, Defendant alleges that DEFENDANTS provided money or things of value to foreign officials to obtain an Interpol red notice and/or diffusion against Bilalov. *See* Proposed TAC at, pp 23, ¶ 125. The red notice and/or diffusion was based on false, unfounded, politically motivated accusations. *Id*. at 126. Defendant's actions in bribing officials, and filing unfounded and false claims constitutes an illegal, improper, and perverted use of process. *Id*. at 127. Defendants provided false and defamatory information to Interpol and to the United States DHS which led to Plaintiff's arrest in Miami. *Id*. at 128. Defendants had ulterior motives or purpose in obtaining the issuance of the summons. *Id*. at 129. Defendants purpose in obtaining the issuance of the legal process, was to intimidate and extort Plaintiff and to prevent him from publicizing Sberbank's illegal taking of Krasnaya Polyana, and the assassination attempts that the Defendants made on Plaintiff's life. *Id*. at 130.

Additionally, Defendants intended to extradite the Defendant back to Russia in order to murder him, to prevent him from publicizing the unlawful taking of his company Krasnaya Polyana and the subsequent prosecution and attempted murder of Plaintiff. *Id*. at 131. Defendants' actions were retaliatory and malicious. *Id*. at 132. Defendants threatened Plaintiff's life several times, and demonstrate that Defendants intended to kill him and/ or his family. *Id*. at 133. Defendants previously attempted to kill Plaintiff with Mercury. *Id*. at 134. Defendants' actions do not have any justification or excuse. *Id*. at 135.

Defendants worked in concert with Russian law enforcement agencies, the Courts, using their broad influence in order to have Plaintiff detained.

Defendants further undertook "an act which constituted misuse of the process after process was issued, by submitting falsified information to the authorities, by continuing to threaten the Plaintiff and his family, and through acts of extortion. *Id*. at 135. As a direct and proximate result of Defendants' conduct, Plaintiff has been emotionally and financially damaged. *Id*. at 135.

These additional factual allegations provide further support for Plaintiff's claims and are probative of a conspiracy by the Defendant's to use malicious prosecution and abuse of process against the Plaintiff in order to silence him, manipulate him and deprive him of his property and liberty.

## CONCLUSION

Akhmed Bilalov's motion for leave to amend should be granted.

Dated: October 4h, 2022

Irina Shpigel
ishpigel@iselaw.com
SHPIGEL LAW P.C.
250 Greenwich Street, 46th Floor
New York, New York 10007

*Counsel for Akhmed Bilalov*