UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AKHMED GADZHIEVICH BILALOV,        :

                           Plaintiff,        :

          -against-              :

HERMAN GREF, SBERBANK CIB USA, INC.,  :
SBERBANK OF RUSSIA PJSC, and DOES 1-100
inclusive,                                 :

                         Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:20-cv-09153-AT-KNF

Hon. Analisa Torres

### MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**WILK AUSLANDER LLP**
825 Eighth Avenue – Suite 2900
New York, New York  10019
(212) 981-2300

*Counsel for Defendants Sberbank of Russia PJSC,*
*Sberbank CIB USA, Inc. and Herman Gref*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................1

FACTS...................................................................................................................................2

ARGUMENT..........................................................................................................................2

    I.    The Court Lacks Subject Matter Jurisdiction Over The Asserted Claims ..................3

        A.    The TAC does not properly allege diversity ........................................3

        B.    Bilalov's appeal divests this Court of jurisdiction. ..............................4

    II.    The Malicious Prosecution Claim Was Not Authorized By The Court........................5

    III.    Bilalov In Any Event Has Failed To State Any Claim In The TAC............................6

        A.    Abuse of process ................................................................6

        B.    Malicious Prosecution ........................................................10

    IV.    Most of the TAC is Immaterial, Impertinent and Scandalous....................................11

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alamo Rent–A–Car, Inc. v. Mancusi,*
    632 So. 2d 1352 (Fla. 1994) .................................................................................................... 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................................ 9

*Association Of Holocaust Victims For Restitution Of Artwork And Masterpieces, a/k/a "Ahvram," et al. v.
    Bank Austria Creditanstalt AG,*
    2005 WL 3099592 at \*3 (S.D.N.Y. Nov. 17, 2005) ................................................................. 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................................ 9

*Biro v. Conde Nast,*
    807 F.3d 541 (2d Cir. 2015) ................................................................................................... 9

*Brewer v. Hashim,*
    2017 WL 34339\*1 (D. Vt. Aug. 10, 2017) ............................................................................. 5

*Carnegie-Mellon Univ. v. Cohill,*
    484 U.S. 343 (1988) ................................................................................................................ 4

*Cazares v. Church of Scientology of Cal., Inc.,*
    444 So. 2d 442 (Fla. Dist. Ct. App. 1983) .............................................................................. 8

*Corporacion Venezolana de Fomento v. Vintero Sales Corp.,*
    629 F.2d 780 (2d Cir. 1980) ................................................................................................... 3

*Cuoco v. Moritsugu,*
    222 F.3d 99 (2d Cir. 2000) ..................................................................................................... 2

*Della-Donna v. Nova Univ., Inc.,*
    512 So. 2d 1051 (Fla. Dist. Ct. App. 1987) ............................................................................ 10

*Denny v. Barber,*
    576 F.2d 468 (2d Cir. 1978) ................................................................................................... 4

*Doss v. Bank Of Am., N.A.,*
    857 So. 2d 991 (Fla. Dist. Ct. App. 2003) .............................................................................. 10

*Foman v. Davis,*
    371 U.S. 178 (1962) ................................................................................................................ 2

*G-I Holdings, Inc. v. Baron & Budd,*
    238 F.Supp.2d 521 (S.D.N.Y. 2002) ...................................................................................... 11

*Griggs v. Provident Consumer Discount Co.,*
    459 U.S. 58 (1982) .................................................................................................................. 4

*Grundstein v. Kasper,*
    2018 WL 104564\*3 (D. Vt. Apr. 30, 2018) ............................................................................ 5

*Health–Chem Corp. v. Baker,*
    915 F.2d 805 (2d Cir. 1990) ................................................................................................... 3

*Hernandez v. Coughlin,*
    18 F.3d 138 (2d Cir. 1994) ..................................................................................................... 4

*Kolari v. N.Y. Presbyterian Hosp.,*
    455 F.3d 119 (2d Cir. 2006) ................................................................................................... 4

*Lunney v. United States,*
    319 F.3d 554 (2d Cir. 2003) ................................................................................................... 4

*Mallgren v. City of New York,*
    2014 WL 9888*3 (E.D.N.Y. Mar. 12, 2014).................................................................................5

*Marty v. Gresh,*
    501 So. 2d 87 (Fla. Dist. Ct. App. 1987) ...................................................................................8

*Mazaya Trading Co. v. Li & Fung Ltd.,*
    833 F. App'x 841 (2d Cir. 2020) ...............................................................................................3

*McMurray v. U-Haul Co.,*
    425 So. 2d 1208 (Fla. Dist. Ct. App. 1983)..............................................................................8

*Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper v. Ferre,*
    636 F. Supp. 970 (S.D. Fla. 1985).............................................................................................8

*Morse v. Weingarten,*
    777 F.Supp. 312 (S.D.N.Y. 1991) ..........................................................................................12

*One World, LLC v. Onoufriadis,*
    2021 WL 184413 (S.D.N.Y. Jan. 19, 2021).............................................................................3

*Pagan v. N.Y. State Div. of Parole,*
    2002 WL 398682 (S.D.N.Y. Mar. 13, 2002)...........................................................................6

*Palm Beach Strategic Income, LP v. Salzman,*
    457 Fed App'x 40 (2d Cir. 2012) ..............................................................................................5

*Prout v. Vladeck,*
    326 F.R.D. 407 (S.D.N.Y. 2018) ............................................................................................11

*Ruffolo v. Oppenheimer & Co.,*
    987 F.2d 129 (2d Cir. 1993) ......................................................................................................2

*S&I Invs. v. Payless Flea Mkt., Inc.,*
    36 So. 3d 909 (Fla. Dist. Ct. App. 2010) .................................................................................6

*Scozari v. Barone,*
    546 So. 2d 750 (Fla. Dist. Ct. App. 1989) ...............................................................................8

*Tagger v. Strauss Grp. Ltd.,*
    951 F.3d 127 (2d Cir. 2020) ......................................................................................................3

*Trump v. Clinton,*
    2022 WL 4119433 (S.D. Fla. Sept. 8, 2022)..........................................................................10

*United States v. Santarelli,*
    929 F.3d 06 (3d Cir. 2019) ........................................................................................................5

*Universal Licensing Corp. v. Paola del Lungo S.p.A.,*
    293 F.3d 571 (2d Cir. 2002) ......................................................................................................3

*Valdes v. GAB Robins N. Am., Inc.,*
    924 So. 2d 862 (Fla. Dist. Ct. App. 2006)..............................................................................10

*Verdon v. Song,*
    251 So. 3d 256 (Fla. Dist. Ct. App. 2018) ...........................................................................8, 9

*Whitney Info. Network, Inc. v. Gagnon,*
    353 F. Supp. 2d 1208 (M.D. Fla. 2005)...................................................................................8

*Willett v. City Univ. of N.Y.,*
    1997 WL 104769 (E.D.N.Y. Feb. 18, 1997)...........................................................................6

## Statutes

28 U.S.C. § 1367(c)(3)............................................................................................................................4

28 USC § 1332 .............................................................................................................................1, 3, 4

Defendants Sberbank of Russia PJSC, Sberbank CIB USA, Inc. and Herman Gref ("Defendants") respectfully submit this Memorandum of Law in Opposition to the motion by Plaintiff Akhmed Gadzhievich Bilalov for leave to file a Third Amended Complaint ("TAC").

## PRELIMINARY STATEMENT

No federal claims remain in this action.  All were dismissed.  The only claim this court permitted Bilalov to seek to replead is an abuse of process claim under Florida law.

As we show below, no such claim should proceed, nor should any other:

- Bilalov has not established an independent basis for subject matter jurisdiction of any state law claims between him and Defendants. The TAC purports to invoke this Court's power under 28 USC § 1332 but has failed to allege such jurisdiction by providing the requisite facts.

- Bilalov has filed a notice of appeal from the Court's September 13, 2022 Order that dismissed the Second Amended Complaint.  That divests this Court of jurisdiction to consider this motion.

- The Court permitted Bilalov to seek to assert only an abuse of process claim.  Bilalov has abused that grace by seeking to add yet another claim (for malicious prosecution).

- The claims as advanced in the proposed TAC in any event are not legally cognizable claims for relief.

- The TAC is "padded" with facts entirely extraneous to the one claim the Court permitted Bilalov to pursue.  The excess is both impertinent and scandalous, and should be stricken.

The Court thus should not permit the TAC because it lacks jurisdiction to hear it for at least two independent reasons; because the malicious prosecution claim is unauthorized; and because no claim is stated on the merits in the TAC.

## FACTS

The TAC is now Bilalov's fourth attempt to state a claim.  By Order dated and filed September 13, 2022, the Court granted Defendants' motion to dismiss the predecessor pleading, the Second Amended Complaint ("SAC").  ECF No. 98 (the "Order").  Every federal claim was dismissed on the merits.  There was only one remaining possible claim.  The parties had briefed the viability of Bilalov's abuse of process claim under New York law, but the Court ascertained that Florida law should control that claim.  Order at 23-24.  Accordingly, the Court gave Bilalov another chance to plead his abuse of process claim.  The Order concluded, "Plaintiff may request leave to file an amended complaint *for the limited purpose stated above*."  Order at 26.

Bilalov nevertheless has presented the Court with a TAC that has materially the same factual allegations as the SAC, including facts relevant only to the dismissed claims.  The TAC also contains a new claim the Court did not authorize – for malicious prosecution.  TAC ¶¶ 124-136.  As for the abuse of process claim, it substantively does not differ from its predecessor – whatever changes Bilalov made do not salvage it.

## ARGUMENT

While leave to amend should be freely granted, it should not granted if amending the complaint as proposed would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); *See also Foman v. Davis,* 371 U.S. 178, 182 (1962) (denial of leave to amend is not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (request to replead should be denied where repleading

would be futile); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990) ("where ... there is no merit in the proposed amendments, leave to amend should be denied").  The proposed TAC is an exercise in futility.

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ASSERTED CLAIMS

### A.   The TAC does not properly allege diversity

The TAC asserts in ¶ 18 that this Court has jurisdiction 28 USC § 1332 because the parties are citizens of different states.  But the TAC does not actually allege what Bilalov's citizenship is. TAC ¶ 7 alleges that Bilalov is a ***resident*** of Florida.  But jurisdiction turns on citizenship, not residence.  *Tagger v. Strauss Grp. Ltd.,* 951 F.3d 124, 126-127 (2d Cir. 2020) (A foreign citizen who is a permanent resident of the United States is "an alien for the purposes of diversity jurisdiction.")(subsequent history omitted). *See also One World, LLC v. Onoufriadis*, No. 20 CIV. 5802 (CM), 2021 WL 184400, at *13 (S.D.N.Y. Jan. 19, 2021), *aff'd*, No. 21-374-CV, 2021 WL 4452070 (2d Cir. Sept. 29, 2021) ("A lawful permanent resident domiciled in a state is not a citizen of that state—he is an alien for purposes of diversity jurisdiction.").

Is Bilalov a resident alien?  Is he a citizen of some country other than the US such as Russia? The TAC does not say.  Defendants are Russian entities and Defendant Gref is a citizen of Russia. Even if Bilalov is a citizen of some foreign state other than Russia, that is immaterial – there is no diversity where aliens are on both sides of the dispute.  *Mazaya Trading Co. v. Li & Fung Ltd.*, 833 F. App'x 841, 843 (2d Cir. 2020) ("[D]iversity is lacking ... where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *quoting Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).  *See also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he presence of aliens on two sides of a case destroys diversity jurisdiction.").

Unless Bilalov is a citizen of one of the States of the United States, there is no diversity and no subject matter jurisdiction under 28 USC § 1332. The TAC does not allege that Bilalov is a citizen of one of the States and therefore it does not properly allege subject matter jurisdiction. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.").

Nor can Bilalov credibly argue that the Court has supplemental jurisdiction over any state law claims he may assert against Defendants. Once all federal claims in a case are dismissed, any state law claims for which there is no independent basis for federal jurisdiction should normally be dismissed as well. 28 U.S.C. § 1367(c)(3) (A "district court[ ] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."); *See, e.g., Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 119, 122 (2d Cir. 2006) *quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." (alterations omitted)).

### B.   Bilalov's appeal divests this Court of jurisdiction.

Bilalov filed a notice of appeal on October 12, 2022, seeking Second Circuit review of the September 13, 2022 Order dismissing his claims. ECF No. 107. That notice of appeal has removed this Court's ability to consider an amended pleading.

As the Supreme Court has observed, "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In *Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994), the Second Circuit held that, once the plaintiff filed a notice of appeal, the district court lacked jurisdiction to consider a motion to amend the complaint. *Accord Denny v. Barber*, 576 F.2d 465, 468 (2d Cir. 1978).

*See also United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019). Accordingly, district courts in the Second Circuit have routinely declined to consider motions to amend a pleading once the appellant filed an appeal. *See, e.g, Grundstein v. Kasper*, no. 5:17-cv-75, 2018 WL 10456447 at *3 (D. Vt. Apr. 30, 2018) ("The court, however, lacks jurisdiction to rule on a motion to amend a complaint after a notice of appeal is filed."); *Brewer v. Hashim*, no. 2:16-cv-326-jmc, 2017 WL 3433904 at *1 (D. Vt. Aug. 10, 2017; *Mallgren v. City of New York*, no. No. 13–CV–724 (MKB), 2014 WL 988838 at *3 (E.D.N.Y. Mar. 12, 2014); *Association Of Holocaust Victims For Restitution Of Artwork And Masterpieces, a/k/a "Ahvram," et al. v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600(SWK, 2005 WL 3099592 at *3 (S.D.N.Y. Nov. 17, 2005).

Because Bilalov is now seeking Second Circuit review of this Court's Order, he cannot simultaneously ask this Court for leave to amend his complaint.

## II.    THE MALICIOUS PROSECUTION CLAIM WAS NOT AUTHORIZED BY THE COURT

This Court's Order permitting Bilalov to seek to file a third amended complaint was premised solely on the Court's determination that the abuse of process claim was governed by Florida law rather than New York law. Because the parties had believed the claim was controlled by the law of New York, the Court afforded Bilalov a chance to plead the somewhat different elements of Florida law. Order at 26.

Nothing in the Order permitted Bilalov to seek to assert any claim other than a repleaded abuse of process claim. Nevertheless he has seized improperly on the opportunity the Court has given him to assert yet another claim -- for malicious prosecution. Bilalov has not attempted to justify his attempt to assert an unauthorized claim, but instead has simply asserted it.

"District courts in [the Second] Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v.*

*Salzman*, 457 Fed App'x 40, 43 (2d Cir. 2012).  *Accord Pagan v. N.Y. State Div. of Parole,* No. 98 Civ.

5840(FM), 2002 WL 398682 (S.D.N.Y. Mar. 13, 2002) (granting defendants' motion to dismiss with

prejudice as to new state law claims alleged in amended complaint when court's order granted

plaintiff leave to replead only his § 1981 and NYSHRL claims); *Willett v. City Univ. of N.Y.,* No. 94

CV 3873, 1997 WL 104769 (E.D.N.Y. Feb. 18, 1997) (declining to consider five of eight new claims

in amended complaint, on basis they exceeded scope of court's order granting plaintiff leave to

amend).

      If the Court does permit Bilalov to proceed with a TAC, any such pleading should not

include a claim for malicious prosecution.

## III.    BILALOV IN ANY EVENT HAS FAILED TO STATE ANY CLAIM IN THE TAC

###     A.    Abuse of process

      As the Court observed, a claim for abuse of process under Florida law requires that the

following elements be pleaded: "(1) that the defendant made an illegal, improper, or perverted use of

process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper,

or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the

plaintiff suffered damage." Order at 23, *quoting S&I Invs. v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917

(Fla. Dist. Ct. App. 2010).  The key difference between New York law and Florida law is that Florida

law requires the plaintiff to plead "an act which constituted misuse of the process after it was

issued."  *Id.*

      The Order notes correctly that the SAC did not allege a valid abuse of process claim under

Florida law because it failed to set forth any post-issuance abuse of the process that Defendants had

supposedly procured.  Order at 24.  The SAC did allege that Defendants procured Bilalov's arrest

and detention by providing false information to Interpol and DHS (SAC ¶¶ 131 and 179).  So does

the TAC (¶¶ 4, 94, 107, and 121).  Apparently, the "process" allegedly abused is deportation procee-dings (TAC ¶¶ 4, 94, 107, and 121 (Interpol red notices and diffusions, followed by arrest)); ¶¶ 107, 115, 130, and 144 (extradition).

      To pass muster under the Order, Bilalov was required to allege further facts.  New allega-tions appear in TAC ¶¶ 116 and 117, presumably designed to show an abuse of the criminal and extradition processes after they issued.  But the new allegations do not allege an abuse of the process after it was issued.  Here is ¶ 116 in its entirety:

> 116.    In response to the authorities, the Defendants submitted further falsified infor-mation to the authorities in connection with process. Defendants further contacted the Plaintiff's family and continued to threaten them with repercussions in response to Defendants plans to publicize the Krasnaya Polyana story and subsequent poisoning.

Three new words were added to ¶ 117:  "This undue influence, <u>after Plaintiff's arrest,</u> was used to prevent Plaintiff from exercising his rights . . ."

      Bilalov also has added verbiage under the heading "Count II – Malicious Abuse of Process," at ¶¶ 137-150.  With one exception, though, all the new verbiage pertains to Defendants' bad motives and previous bad acts.  The only paragraph relevant to the abuse of process claim rather than the dismissed claims is ¶ 149, which reads in toto, "Defendants further undertook "an act which constituted misuse of the process after process was issued, by submitting falsified information to the authorities, by continuing to threaten the Plaintiff and his family, and through acts of extortion." (extraneous quotation mark in original)

      The issue is that none of this evidences an abuse of any process after it was issued.  The new verbiage in the TAC alleges evil motive for procuring issuance of process but no abuse of it after it was issued (similar to the SAC).  There is no allegation that the "further falsified information" provided after process issued (¶ 116) resulted in, or even sought, consequences for Bilalov beyond

the predictable consequences of any criminal proceeding or deportation proceeding.  *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. Dist. Ct. App. 1989) ("There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose.").  Calling and threatening Bilalov's family has nothing to do with any legal process, so that is not an abuse of process after it issued, either.

Florida law is replete with case after case that dismisses abuse of process claims for failure to show an abuse of the process after it was issued.  For example, in *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005), the defendant alleged that plaintiffs filed trademark infringement lawsuit for variety of improper or unlawful purposes, but the court dismissed their abuse of process claim under Florida law because it did not allege any post-issuance abuse of the process.  Similarly, in *Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper v. Ferre*, 636 F. Supp. 970, 974-75 (S.D. Fla. 1985), the court rejected arguments that process was abused under Florida law by commencing a lawsuit and by failing to follow certain statutory procedures before the lawsuit was commenced because neither involved the requisite allegation of post-issuance abuse of process. *See also Marty v. Gresh,* 501 So. 2d 87, 90 (Fla. Dist. Ct. App. 1987) (holding events before service of process which may have suggested malicious intent did not advance cause of action for abuse of process);  *Cazares v. Church of Scientology of Cal., Inc.,* 444 So. 2d 442, 444 (Fla. Dist. Ct. App. 1983) (Court of Appeals affirmed the trial court's dismissal of the claim for abuse of process finding that no act "other than the wrongful *filing* of the underlying lawsuit" was alleged.)(emphasis in the original); *McMurray v. U-Haul Co.,* 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. 1983) (abuse of process allegation was insufficient where there was no "allegation of a post-issuance act other than service of what was issued.").

Defendants have located only one Florida case that permitted an abuse of process claim to go forward.  In *Verdon v. Song*, 251 So. 3d 256, 258 (Fla. Dist. Ct. App. 2018), the husband

sufficiently alleged a cause of action for abuse of process against his wife. In that case, the

allegations were that after the wife had procured a criminal case against the husband based on false

allegations of domestic abuse, she then told the husband "she would not feel guilty about pressing

charges because Husband had restricted her use of the credit card, and that Husband should call her

before she does something he 'could not fix.' *Id.* at 258-59. This abuse of the criminal process in

order to gain access to husband's credit card was sufficient to state a claim. As the Florida court put

it, "These allegations sufficiently allege that Wife attempted to extort Husband by using the pending

criminal proceedings to gain use of his credit card." *Id.* at 259.

Obviously, nothing remotely similar is alleged here. Bilalov alleges only that Defendants had

an improper motive in instituting proceedings against Bilalov. Though Bilalov says in ¶ 149 that

Defendants engaged in "acts of extortion," these are left wholly unelaborated. There is no factual

allegation of any manner in which Defendants actually made improper collateral use of the alleged

process after it issued. Pleading a conclusion without supporting factual detail does not set forth a

plausible claim. *See Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) *quoting Bell Atl. Corp. v.

Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must

contain "enough facts to state a claim to relief that is plausible on its face." A claim is plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." But "naked assertions" or "conclusory

statements" are not enough.) (internal citations omitted). The TAC alleges no post-process

consequence to Bilalov other than the normal unpleasantness of detention or extradition

proceedings. Improper motive is not abuse of process.

Accordingly, there is no basis for any amendment to add an abuse of process claim under

Florida law.

### B.      Malicious Prosecution

The Court did not permit Bilalov to seek to add a malicious prosecution claim in the TAC. Nevertheless he has done so.  Although the Court should not consider this claim at all, if it does consider the claim its lack of substance would become immediately obvious.

Florida law requires a malicious prosecution plaintiff to plead "(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alamo Rent–A–Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citations omitted).  "It is axiomatic that a plaintiff in a malicious prosecution case must, as an essential element of that cause of action, establish that the prior litigation giving rise to the malicious prosecution suit ended with a "bona fide termination" in that party's favor." *Doss v. Bank Of Am., N.A.*, 857 So. 2d 991, 994 (Fla. Dist. Ct. App. 2003) (*quoting Alamo Rent–A–Car, Inc.)*; *Della-Donna v. Nova Univ., Inc.*, 512 So. 2d 1051, 1055 (Fla. Dist. Ct. App. 1987) (malicious prosecution claim failed because there was no bona fide termination favorable to plaintiff where prior action terminated without considering the merits or probable cause for prosecution); *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 866–67 (Fla. Dist. Ct. App. 2006) (alleging only that a prior action ended favorably is not enough); *Trump v. Clinton*, No. 22-CV-14102, 2022 WL 4119433, at *25 (S.D. Fla. Sept. 8, 2022).

The TAC does not allege that all proceedings against Bilalov terminated in his favor.  The SAC and the TAC do not state the grounds for Plaintiff's arrest, though public reports suggest he

was detained by ICE for purposely overstaying his visa and remains subject to deportation procee-

dings following his release on bond.[1]  Bilalov alleges only that he was released from confinement

(¶ 107).  That is not termination of proceedings.

Because the TAC does not allege that the proceedings Defendants allegedly caused to be in-

stituted have terminated in Bilalov's favor, it has failed to state a claim for malicious prosecution.

Moreover, Bilalov has cited no case law or any authority that would suggest that an Interpol red

notice or diffusion is an "original proceeding" that could support a claim for malicious prosecution –

because there is none.

## IV.   MOST OF THE TAC IS IMMATERIAL, IMPERTINENT AND SCANDALOUS

The TAC is 25 pages long and contains 150 paragraphs.  But almost all of it alleges facts that

are not pertinent to the only claim the Court permitted Bilalov to seek to allege:  abuse of process in

connection with Interpol red notices and diffusions, which were procured in 2018.  Paragraphs 1-3,

13, 23, and 25-93 pertain to claims that this Court dismissed, or at least have nothing to do with the

one specific claim the Court permitted Bilalov to seek to pursue.  Perhaps the "facts" they recite

could be set forth in a few sentences as background, but as it is, the extraneous matter covers more

than 15 pages.  Those 15 pages are best described with the words of Rule 12(f):  "immaterial,

impertinent [and] scandalous."

"[A]llegations may be stricken if they have no real bearing on the case, will likely prejudice

the movant, or where they have criminal overtones."  *Prout v. Vladeck*, 326 F.R.D. 407, 409

(S.D.N.Y. 2018) (Rakoff, J.) *quoting G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 555

---

[1] *See* Adriana G. Licon, *Feds Detain Ex-Russian Olympic Official in South Florida*, Associated Press (Oct. 23, 2019), https://apnews.com/article/01cb86e1c4cc4d218bca81ec0bdd4176 (quoting U.S. Immigration and Customs Enforcement spokeswoman that "Bilalov had arrived in the United States for a temporary stay on May 2, 2016, but 'failed to depart in accordance with the terms of his admission.'"); *Russian National Bilalov Released on Bond From US Detention – ICE Spokesperson*, TASS (Nov. 1, 2019), https://tass.com/world/1086649 (different U.S. Immigration and Customs Enforcement spokesperson stating that Bilalov was "released from ICE custody yesterday after posting bond, and he remains in removal proceedings before the courts.").

(S.D.N.Y. 2002); *see id.* at 556 (granting motion to strike where allegations were, inter alia, "amorphous, unspecific and [could ]not be defended against," and "harm[ed] [the moving party] in the public eye"); *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (striking portions of the complaint because such information was immaterial, impertinent, possibly scandalous, and served "no purpose except to inflame the reader.").

Bilalov apparently included these allegations, which have nothing to do with abuse of process or malicious prosecution, gratuitously for their inflammatory value.  If the Court is inclined to permit any portion of this action to proceed, it should ignore or strike paragraphs 1-3, 13, 23, and 25-93.

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion.

Dated:  New York, New York
November 4, 2022

**WILK AUSLANDER LLP**


By:   */s/Stuart M. Riback*
Stuart M. Riback
Jay Auslander
Natalie Shkolnik
sriback@wilkauslander.com
jauslander@wilkauslander.com
nshkolnik@wilkauslander.com
825 Eighth Avenue – Suite 2900
New York, New York  10019
(212) 981-2300

*Counsel for Defendants Sherbank of Russia PJSC,*
*Sherbank CIB USA, Inc. and Herman Gref*
