# SHPIGEL Law, PC
Attorneys At Law

250 Greenwich Street
46th Floor
New York, New York 10007
Phone (212) 390-1913   Fax (646) 355-0242
E-Mail: ishpigel@iselaw.com

---

November 23rd, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
 Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *Bilalov v. Gref*, et al., case no. 20 Civ. 9153 (AT) (JW)

Dear Judge Paul G. Gardephe:

This firm represents plaintiff Akhmed Bilalov. We write to request that Plaintiff's motion to amend the complaint be held in abeyance until the Plaintiff's appeal is resolved in the Second Circuit.

On September 13, 2022, Judge Analisa Torres granted Defendants' motions to dismiss the complaint but allowed Plaintiff to file a motion for leave to amend the complaint with respect to one state law cause of action against Defendants Herman Gref and Sberbank CIB USA, Inc.  On October 4, 2022, Plaintiff filed a Motion for leave to file a third amended complaint (TAC). (ECF 105) Subsequently, on October 12, 2022, Plaintiff filed a Notice of Appeal (ECF 107). While the motion was still pending, on November 4, 2022, Defendants Herman Gref and Sberbank CIB USA, Inc filed a memorandum of law in opposition to Plaintiff's motion for leave to file a TAC. (ECF 110).

In their motion, the Defendants raised the issue inter alia that the District Court is without jurisdiction to allow the amendment because of the appeal. *See Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978), *Segal v. Gordon*, 467 F.2d 602, 608 n. 12 (2 Cir. 1972). The filing of the notice of appeal from a final judgment ordinarily divests the district court of jurisdiction over the case and shifts it to the Court of appeals; anything the district judge does with the case thereafter, unless and until the case is remanded to him by the Court of appeals, is a nullity. 6 Wright Miller, Federal Practice and Procedure § 1489, at 445, *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (*quoting Ryan v. U.S. Lines Co.,* 303 F.2d 430, 434 (2d Cir. 1962)); *see Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) (district court lacked jurisdiction to rule on a motion to amend the complaint after notice of appeal was filed); *Ching v. United*

*States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) ("[t]he district court could not rule on any motion affecting an aspect of the case that was before [the Second Circuit], including a motion to amend the motion, while that appeal was pending"); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ 3600(SWK), 2005 WL 3099592, at *3 (S.D.N.Y. November 17, 2005).

Due to the Plaintiffs' recently filed notice of appeal, the Court is currently without jurisdiction to permit an amendment. Therefore, Plaintiff respectfully requests that the motion to amend the complaint be held in abeyance until the conclusion of Plaintiff's appeal. Likewise, Plaintiff respectfully requests that the Court allow Plaintiff to Reply to the opposition after the Second Circuit remands the case back to the District Court.

Thank you for the Court's consideration.

Respectfully,

*/s/ Irina Shpigel*
Irina Shpigel

Cc:   All counsel via ECF