UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKHMED GADZHIEVICH BILALOV,

              Plaintiff,

           - against -

HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100,

              Defendants.

**ORDER**

20 Civ. 9153 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Akhmed Gadzhievich Bilalov alleges that Defendants Herman Gref, Sberbank CIB USA, Inc., and Sberbank of Russia PJSC violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Second Amended Complaint ("SAC"), Dkt. No. 51) at 34-49)  The SAC also alleges claims for fraud, conspiracy to commit fraud, conversion, malicious abuse of process, unjust enrichment, and violations of the Alien Tort Claims Act.  (Id. at 50-57)

        In a September 13, 2022 order, Judge Torres – to whom this action was then assigned – granted Defendants' motion to dismiss the SAC. (Order (Dkt. No. 98) at 26)  Judge Torres' order provides that, "[b]y October 4, 2022, Plaintiff may request leave to file [a third] amended complaint for the limited purpose [of amending his abuse-of-process claim]."  (Id.)

        On October 4, 2022, Plaintiff filed a motion for leave to file a third amended complaint.  (Pltf. Mot. (Dkt. No. 103))

        On October 12, 2022, Plaintiff filed a notice of appeal concerning Judge Torres' dismissal order.  (Notice of Appeal (Dkt. No. 107))  In his notice of appeal, Plaintiff states that

his "[a]ppeal does not pertain to the abuse-of-process claim, as Plaintiff will file a motion for leave to further amend his complaint with respect to his abuse-of-process claim, and will pursue that claim independently of the instant appeal." (Id. at 2)

On November 21, 2022, this case was reassigned to this Court.

In a November 23, 2022 letter, Plaintiff "request[s] that Plaintiff's motion to amend the complaint be held in abeyance until the Plaintiff's appeal is resolved in the Second Circuit." (Pltf. Ltr. (Dkt. No. 113) at 1)

As explained below, Plaintiff has filed a notice of appeal concerning a non-final, and thus non-appealable, order. Accordingly, Plaintiff's request for a stay will be denied.

"The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States[] . . . ." 28 U.S.C. § 1291. "A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 128 (2d Cir. 2000).

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The only exception to this rule is where the district court "direct[s] entry of a final judgment as to one or more, but fewer than all, claims or parties," which it may do "only if the court expressly determines that there is no just reason for delay." Id. Here, Judge Torres did not direct entry of a final judgment. (See Order (Dkt. No. 98)) She instead dismissed the case with leave to amend, which is a non-final, and thus non-appealable, order. See Slayton v. Am. Express Co., 460 F.3d 215, 224 (2d Cir. 2006), as amended (Oct. 3, 2006) (citing Conn. Nat.

2

Bank v. Fluor Corp., 808 F.2d 957, 960 (2d Cir. 1987); Blanco v. United States, 775 F.2d 53, 56 (2d Cir. 1985); Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 448 (2d Cir. 1978), abrogated on other grounds by Espinoza ex rel. JPMorgan Chase & Co. v. Dimon, 797 F.3d 229 (2d Cir. 2015)) ("A dismissal with leave to amend is a non-final order and not appealable."). Although "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend," id. (citing Kittay v. Kornstein, 230 F.3d 531, 541 n.8 (2d Cir. 2000)), here Plaintiff has moved for leave to amend and seeks a stay of his motion until his appeal is resolved. (See Pltf. Mot. (Dkt. No. 103); Pltf. Ltr. (Dkt. No. 113)) Accordingly, Judge Torres' September 13, 2022 order is a non-final, non-appealable order.

"Normally the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals." Leonhard v. United States, 633 F.2d 599, 609 (2d Cir. 1980). "[T]he filing of a notice of appeal from a non-appealable order . . . does not deprive [the district court] of the power to proceed, [however]." Id. at 610 (collecting cases); see also United States v. Rodgers, 101 F.3d 247, 251-52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal."). And "[w]here[] . . . a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court." Hoffenberg v. United States, No. 00 Civ. 1686 (RWS), 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004).

Accordingly, Plaintiff's motion for a stay is denied. The Clerk of Court will terminate the motion (Dkt. No. 113).

3

        Any reply concerning Plaintiff's motion for leave to file a third amended complaint will be filed by **December 20, 2022**.

Dated:  New York, New York
         December 13, 2022

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge