Irina Shpigel
Shpigel Law, P.C.
*Attorneys for Plaintiff*
250 Greenwich Street, 46th Floor
New York, New York 10007
E-mail: ishpigel@iselaw.com
T 212-390-1913
F 646-355-0242

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AKHMED GADZHIEVICH BILALOV, an individual,<br><br>Plaintiff,<br><br>- against-<br><br><br>SBERBANK OF RUSSIA PJSC, and DOES 1-100 inclusive<br><br>Defendants. | Civil Action No. 1:2020cv09153 |

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT
OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD
AMENDED COMPLAINT**

Plaintiff Akhmed Bilalov respectfully submits this brief in reply and further support of his motion for leave to file a Third Amended Complaint ("TAC"). Plaintiff Akhmed Gadzhievich Bilalov alleges that Defendants Herman Gref, Sberbank CIB USA, Inc., and Sberbank of Russia PJSC violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Second Amended Complaint ("SAC"). Dkt. No. 51 at 34-49. The SAC also alleges state law claims for fraud, conspiracy to commit fraud, conversion, malicious abuse of process, unjust enrichment, and violations of the Alien Tort Claims Act. Id. at 50-57. In response to the defendants' motions to dismiss, the Court dismissed Plaintiff's federal claims and provided that "[b]y October 4, 2022, Plaintiff may request leave to file [a third]

amended complaint for the limited purpose [of amending his abuse-of-process claim]." Order Dkt. No. 98 at 26. On October 4, 2022, Plaintiff filed a motion to amend his complaint. Defendant's argument that the Court lacks subject matter jurisdiction and that Plaintiff has failed to State a Claim does not have any merit. Accordingly, Akhmed Bilalov respectively seeks to leave to file a Third Amended Complaint.

## I.  THE COURT HAS SUBJECT MATTER JURISDICTION

A. The Court has Supplemental Jurisdiction over the Plaintiff's State Law Claims.

For the purpose of diversity jurisdiction, "[a]n individual's citizenship . . . is determined by his domicile." *Palazo v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotation and citation omitted). Here, there is complete diversity because Bilalov is a citizen of Florida, while the Defendants are citizens of Russia.

1

In any event, even if diversity jurisdiction did not exist, the Court can still exercise supplemental jurisdiction over the Plaintiff's state law claims. Supplemental jurisdiction is "a doctrine of discretion," *United Mine Workers of America v. Gibbs,* 383 US 715 (1966), and a "doctrine of flexibility," which is "designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill,* 484 US 343, 350 (1988). The district court should consider the following factors when deciding whether to exercise supplemental jurisdiction: (1) whether state law claims "implicate the doctrine of preemption" *Valencia,* 316 F.3d at 306; (2) "judicial economy, convenience, fairness, and comity," *id.* at 305 (quotation and citation omitted); (3) the existence of "novel or unresolved questions of state law," *id.,* and (4) whether state law claims "concern the state's interest in the administration of its government." *Id.* (quotation and citation omitted). Each of these factors weighs in favor of retaining jurisdiction.

"Dismissal of state law claims not necessarily mandatory when all federal claims dismissed before trial if state law claims are "closely tied to questions of federal policy or where the federal doctrine of preemption may be implicated". *Marcus v. AT T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998).

1. <u>Federal Preemption</u>

"Dismissal of state law claims not necessarily mandatory when all federal claims dismissed before trial if state law claims are "closely tied to questions of federal policy or where the federal doctrine of preemption may be implicated". *Marcus v. AT T Corp.,* <u>138 F.3d 46, 57</u> (2d Cir. 1998).

In the case at bar, the issues are closely tied to questions of federal policy as exists here.

2. <u>Judicial Economy, Convenience, Fairness and Comity</u>

Furthermore, Plaintiff has spent several years litigating claims in this Court relating to his claims. As a result, the Court is uniquely familiar with all the underlying facts and history leading

to the present litigation. Litigating this action in State Court would further delay resolution. Additionally, it would unnecessarily burden the state court system, where it would take at least 12-14 months from the date of filing the note of issue for the case to be reached for trial. *See Justiana v. Niagara County Dept. of Health,* 45 F. Supp.2d 236, 241 (WDNY 1999) (retaining jurisdiction over state law claims where "declining supplemental jurisdiction over the state law claim would substantially delay any determination in [the] matter and result in unfairness to the litigants," and where "the Court ha[d] already expended the resources necessary to become familiar with the legal and factual issues involved in this case").

By contrast, the Court can try the case as soon as discovery and motion practice is concluded. Given the lengthy history of the Plaintiff's litigations and the Court's familiarity with every aspect of his lawsuits, judicial economy, convenience, and fairness — notwithstanding basic concerns for comity — would be served by keeping the case with the Court.

3. Novel or Unresolved Questions of State Law

The Plaintiff's common law tort claims do not raise any novel issue of state law. *See Valencia,* 316 F.3d at 306 (where remaining state claims "involve issues of state law that [are] unsettled," the exercise of supplemental jurisdiction may be an abuse of discretion); *Morse v. Univ. of Vermont,* 973 F.2d 122, 127 (2d Cir. 1992) (abuse of discretion to exercise jurisdiction over remaining claim that presented novel statute of limitations questions under state statute).

4. State's Interest in the Administration of Government

The Plaintiff's common law tort claims do not implicate any state interest in the administration of its government nor important state policy decisions. *See Valencia,* 316 F.3d at 308 (holding that the district court abused its discretion in retaining jurisdiction over a state law claim that presented novel issues regarding municipal tort liability, noting that unsettled

3

"fundamental and complex questions involving the balancing of important policies of state government . . . are best left to the courts of the state"); *Seabrook v. Jacobson,* 153 F.3d 70, 72 (2d Cir. 1998) (holding that the district court abused its discretion in exercising jurisdiction over novel claim concerning whether portions of the New York City Administrative Code conflicted with state civil service laws).

B. Bilalov's Appeal Does Not Divest this Court of Jurisdiction

"Normally the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals." Leonhard v. United States, 633 F.2d 599,609 (2d Cir. 1980). "[T]he filing of a notice of appeal from a non-appealable order ... does not deprive [the district court] of the power to proceed, [however]." Id. at 610 (collecting cases); see also United States v. Rodgers, 101 F.3d 247, 251-52 (2d Cir. 1996).

Pursuant to Judge Gardephe's December 13, 2022 Order, jurisdiction does not rest with the Court of Appeals but remains with the district court, because the notice to appeal has been filed from an order that is non-appealable. Dkt. 115 at pp 3.

II. **PLAINTIFF HAS STATED A CLAIM FOR RELIEF**

In the instant case, the Court allowed an amendment with respect to Abuse of Process. The abuse of process claim concerns Plaintiff's detention in Florida that resulted from Defendants' bribing of foreign officials and otherwise improperly instituting criminal processes against him in order to retaliate against him and have him wrongfully deported/extradited back to Russia. *See*, *e.g.*, Sec. Amend. Compl. at 25 ¶¶ 131; *id*. at 28 ¶ 144; *id*. at 54–55 ¶¶ 218–225.

Pursuant to this Court's September 13, 2022 Order, Judge Torres applied Florida Law to the Plaintiff's Abuse of Process claims. ECF 98, at 24. After finding that the Plaintiff leave to amend

4

the complaint, because the Defendants' arguments with respect to this claim were grounded in New York law, and the Court dismissed Plaintiff's claim for a failure to comply with Florida law. *Id*. at 26.

The same reasoning should be applied to Plaintiff's Malicious prosecution claim. "An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued". *McMurray v. U-Haul Co., Inc.,* 425 So. 2d 1208 (Fla. Dist. Ct. App. 1983).

The cause of action stems from the same facts and circumstances as the abuse of process claim and the Court should allow the addition of this sister claim. Amending the requested relief so that it extends to the abuse of prosecution claim and encompasses the entirety of Sberbank's activities, is in the interest of justice and will ensure that the relief Akhmed Bilalov formally requests in the complaint is commensurate with the claims presented. Furthermore, the Defendants are not prejudiced by the Amendment, in light of the absence of any progress to date on discovery, and the opportunity Defendants will have to address the new allegations proposed in the TAC. The addition of the cause of action for Malicious Prosecution will not require the Defendants to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute because it is based on the same facts as the Abuse of Process claim.

   A.  <u>Abuse of Process</u>.

The Plaintiff alleges that the Defendant's took additional acts that constitute misuse of process. The Plaintiff alleges that Defendants further undertook "an act which constituted misuse of the process after process was issued, by submitting falsified information to the authorities, by continuing to threaten the Plaintiff and his family, and through acts of extortion. TAC at pp

135 (ECF 104, Exhibit 3). As a direct and proximate result of Defendants' conduct, Plaintiff has been emotionally and financially damaged. Id. at 135.

Plaintiff further alleges that in his first correspondence with Interpol, which subsequently blocked access to his file and effectively removed the diffusion placed by Russia, Plaintiff highlighted the immediate reactions of well-informed observers, and the international press covering his case and the case of his cousin of Ziyavudin Magomedov; which point to the political nature of the arrests. TAC at ¶113. It was established by Plaintiff that he was poisoned and the poisoning was linked to the persecution against him by the Defendants and the unlawful taking of his assets. *Id*. at 114. Subsequently, Defendant Gref and his associates illegally used their law enforcement and intelligence contacts to eliminate Plaintiff and, when that proved fruitless, to incriminate him and have him arrested and extradited. *Id*. at 115.

In response to the authorities, the Defendants submitted further falsified information to the authorities in connection with the process. Defendants further contacted the Plaintiff's family and continued to threaten them with repercussions in response to Defendants plans to publicize the Krasnaya Polyana story and subsequent poisoning. *Id*. at 116. This undue influence, after Plaintiff's arrest, was used to prevent Plaintiff from exercising his rights and he was afraid for his life due to the threats he received from credible and reliable individuals which represented agencies that acted on their threats in the past. *Id*. at 117. Following his departure to Germany and then to the U.S., Plaintiff's concern was only to protect his life and the lives of his family members, he was recently poisoned and had to seek treatment in Germany to remove the toxic mercury form his system. Moreover, criminal charges were being fabricated against him and against members of his family. *Id*. at 118.

Thus Plaintiff has adequately stated a cause of action for Malicious Abuse of Process.

6

B.  Malicious Prosecution

Likewise the Plaintiff has stated a cause of action for malicious prosecution. The TAC alleges that establish that the prior action giving rise to the malicious prosecution suit ended with a "bona fide termination" in that Plaintiff's favor." The malicious prosecution claim stems from the Defendants' Interpol red notice, which was removed by Interpol after the Plaintiff established that the red notice was politically motivated. TAC *Id*. at 113-118. Therefore, the Plaintiff properly stated a claim for Malicious Prosecution.

### III.    ALL THE FACTS IN THE COMPLAINT ARE PERTINENT

The Court in *McMurray v. U-Haul Co, Inc*, held that "in order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. *Hall v. Hollywood Credit Clothing Company,* D.C.Mun.App., 147 A.2d 866; *Earl v. Winne,* 34 N.J. Super. 605, 112 A.2d 791; *Geier v. Jordan,* supra; *Pimentel v. Houk,* supra; *Brown v. Robertson,* 120 Ind. App. 434, 92 N.E.2d 856; *Elliott v. Warwick Stores,* 329 Mass. 406, 108 N.E.2d 681; *Saliem v. Glovsky,* 132 Me. 402, 172 A. 4; 1 Am.Jur.2d Abuse of Process, §§ 4, 13; Prosser on Torts, pages 894-895; Cooley on Torts, 4th Ed., § 131, page 434.  The facts outlined in the TAC are thus necessary to establish an existence of an ulterior motive by the Defendants to establish the claims for Abuse of Process and Malicious Prosecution.

### CONCLUSION

Akhmed Bilalov's motion for leave to amend should be granted.

Dated: New York, New York
       December 20th, 2022

                                            Irina Shpigel
                                            ishpigel@iselaw.com
                                            SHPIGEL LAW P.C.
                                            250 Greenwich Street, 46th Floor
                                            New York, New York 10007

                                            *Counsel for Akhmed Bilalov*