**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AKHMED GADZHIEVICH BILALOV,

                              Plaintiff,

                  -against-

HERMAN GREF, SBERBANK CIB USA,
INC., SBERBANK OF RUSSIA PJSC,

                           Defendants.
------------------------------------------------------------------X

**Report & Recommendation**

**20-CV-9153 (PGG) (JW)**

**To the Honorable Paul G. Gardephe, United States District Judge:**

On October 4, 2022, Plaintiff filed a motion for leave to file an amended complaint. Dkt. No. 103. In support of this motion, Plaintiff filed a memorandum of law, Dkt. No. 105 ("Motion" or "Mot."), as well as a Declaration from Irina Shpigel attaching as exhibits the proposed amended complaint as well as a red line. Dkt. No. 104 ("Shpigel Decl."). On November 4, 2022, Defendants filed their opposition to the motion. Dkt. No. 110 ("Opposition" or "Opp."). On December 20, 2022, Plaintiff filed their reply. Dkt. No. 116 ("Reply"). For the reasons stated below, it is my recommendation that the motion for leave to amend be DENIED.

## PROCEDURAL BACKGROUND

This case was initiated in fall 2020. In the initial Complaint, eight counts were alleged against the Defendants, including fraud, violations of RICO, torts, and provision of material support to terrorists. See generally Compl. (Dkt. No. 4). Thereafter, two amended complaints were filed. Dkt. Nos. 11, 51. On September 6, 2021, the Defendants filed their motions to dismiss the Second Amended Complaint. Dkt. Nos. 58-62.

On September 13, 2022, District Judge Analisa Torres issued an Order granting Defendants' motions to dismiss.  Dkt. No. 98 (the "Order").  In that same Order, Judge Torres largely denied Plaintiff's request for leave to amend; however, the District Judge left Plaintiff the opportunity to request leave to amend the Complaint with respect to the abuse-of-process claim.  Id. at 26 ("Defendants' arguments with respect to this claim were grounded in New York law, and the Court dismissed Plaintiff's claim for a failure to comply with Florida law… Thus, Plaintiff may file a motion for leave to further amend his complaint with respect to his abuse-of-process claim within twenty-one days of this order.").

Subsequently, on October 12, 2022, Plaintiff filed a Notice of Appeal to the Second Circuit of the decision to grant the motions to dismiss.  Dkt. No. 107.  Plaintiff then asked District Judge Paul G. Gardephe, assigned to this case on November 21, 2022, for leave to stay the case while the appeal was pending.  Dkt. No. 113.  That request was denied on December 13, 2022.  Dkt. No. 115.  This motion follows.

## LEGAL STANDARD

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, courts "retain the discretion to deny [] leave in order to thwart tactics that are dilatory, unfairly prejudicial, or otherwise abusive.'" Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting as reasons to deny leave, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment"). "[A]mendment is favored where it would allow the merits of a claim to be fully adjudicated." Stonewell Corp. v. Conestoga Title Ins. Co., Case No. 04-cv-9867 (KMW) (GWG), 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010) (citing Morin v. Trupin, 835 F. Supp. 126, 129 (S.D.N.Y. 1993)). However, "[w]here it appears that granting leave to amend is unlikely to be productive… it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

## **DISCUSSION**

Plaintiff's motion essentially seeks to make two categories of amendments in a Third Amendment Complaint. The first is that contemplated by Judge Torres in her Order, regarding the existing abuse-of-process claim. The second seeks to add a new claim to the Complaint. The two amendments are addressed separately, below.

### A. **Amendment of the existing abuse-of-process claim.**

In her Order granting the motion to dismiss as to the Plaintiff's abuse-of-process claim, Judge Torres found, following a choice-of-law analysis, that Florida law applied to this claim. Order at 23-24. Plaintiff had pursued his claim under New York's standard for that claim. As Judge Torres found that Florida law required an extra element for abuse of process, Plaintiff failed to state a claim for abuse-of-process when the correct state's law was applied. Id. at 23. While not explicitly stated in the Order, Judge Torres allowed Plaintiff to file a motion to further amend his Complaint to allege facts supporting that extra element: that Defendants committed some "act which constituted misuse of the process after it was issued." Id. at 24 (citing S&I

3

Invs. v. Payless Flea Mkt., Inc., 36 So. 3d 909, 917 (Fla. Dist. Ct. App. 2010) ("The mere filing of a complaint and having process served is not enough to show abuse of process… The Plaintiff must prove improper use of process after it issues." (citations omitted))).

Plaintiff submits two alterations to the Complaint to support this element. The first adds the following allegation: "In response to the authorities, the Defendants submitted further falsified information to the authorities in connection with process. Defendants further contacted the Plaintiff's family and continued to threaten them with repercussions in response to Defendants plans to publicize the Krasnaya Polyana story and subsequent poisoning." Shpigel Decl. Ex. A at ¶ 116. The second adds the following to Count II, abuse of process: "Defendants further undertook 'an act which constituted misuse of the process after process was issued, by submitting falsified information to the authorities, by continuing to threaten the Plaintiff and his family, and through acts of extortion." Id. at ¶ 149.

"A cause of action for abuse of process… requires both allegations of a willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose; and that the act or acts constituting the misuse occur *after* the process is issued." Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers, Inc. v. Ferre, 636 F. Supp. 970, 974-75 (S.D. Fla. 1985) (citations omitted) (emphasis in original) (finding that the lawsuit "fail[ed] to state a claim for relief insofar as neither involves the requisite allegation of post-issuance of process abuse"). Not only must there be an act after process, but that act must consist of a misuse of process. See id.

Here, while Plaintiff has added allegations that Defendants engaged in bad acts following the issuance of process, he has failed to allege that those acts constituted a misuse of process as required by Florida law.   While threatening Plaintiff's family, as alleged, is certainly not behavior this Court would condone, abuse of process specifically refers to the misuse of legal proceedings against another. See 1 Am. Jur. 2d Abuse of Process § 2 ("In order to maintain an action for abuse of process, there must have been an issuance of legal or judicial process."); Cline v. Flagler Sales Corp., 207 So.2d 709, 711 (Dist. Ct. App. Fla. 1968) ("The cause of action consists of the willful or intentional misuse of process; a willful and intentional misuse of it for some wrongful and unlawful object, or ulterior purpose not intended by the law to effect.").   Threatening contact is a separate issue and fails to allege the missing element to support this cause of action.

### B. **Amendment to add the malicious prosecution claim.**

Plaintiff also seeks to amend the complaint to add a claim of malicious prosecution.   Judge Torres only authorized a limited amendment: "Plaintiff should be given leave to file a motion to further amend his complaint with respect to his abuse-of-process claim."   Order at 26.   The addition of a new claim for malicious prosecution is beyond the scope of the Order.

.   Furthermore, the amendment to add a new claim is not appropriate at this stage of the case.   In the Order, Judge Torres also denied Plaintiff's request for leave to amend his other claims, noting that "Plaintiff has amended his compliant twice and had notice of the deficiencies of these claims at least since Defendants filed their

pre-motion letters on their motions to dismiss in July 2021." <u>Order</u> at 25.  Prior to

that, Judge Torres had denied Plaintiff leave to add an additional defendant on the

basis that it did not "any new facts or theories" and because it was unduly delayed.

<u>Id</u>. at 25, 25 n.13.

This amendment is similarly unduly delayed.  While Plaintiff asserts that the

malicious prosecution claim is "based on the same facts as the abuse of process claim,"

Mot. at 5, that does not support granting leave to amend.  "An action for abuse of

process differs from an action for malicious prosecution in that the latter is concerned

with maliciously causing process to issue, while the former is concerned with the

improper use of process after it has been issued."  1 Am. Jur. 2d Abuse of Process § 2

(1962).  The amendments here allege improper use of process after issuance; thus, all

the allegations necessary to sustain a malicious prosecution claim, which does not

require that element, have ostensibly been in the Complaint this whole time.  The

claim of malicious prosecution could have been raised in either the original

Complaint, the First Amended Complaint, or the Second Amended Complaint.

Adding a new claim now, particularly after the motion to dismiss was resolved,

is both an undue delay and outside the scope of Judge Torres's Order allowing this

motion to be made for a "limited purpose."  See <u>Palm Beach Strategic Income, LP v.</u>

<u>Salzman</u>, 457 Fed. App'x 40, 43 (2d. Cir. 2012) ("District courts in this Circuit have

routinely dismissed claims in amended complaints where the court granted leave to

amend for a limited purpose and the plaintiff filed an amended compliant exceeding

the scope of the permission granted.").

## RECOMMENDATION

Neither of the proposed amendments remedies the defect identified in Judge Torres's Order.  As such, the filing of the proposed third amended complaint would be futile.  Therefore, I recommend that the motion be DENIED.

## FILING OF OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF.  Any requests for an extension of time for filing objections must be directed to Judge Gardephe.  **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**.  See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:      New York, New York
            March 16, 2023

                                        _Jennifer E. Willis_
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge

7