UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

AKHMED GADZHIEVICH BILALOV,

                Plaintiff,

                - against -

HERMAN GREF, SBERBANK CIB USA, INC., SBERBANK OF RUSSIA PJSC, and DOES 1-100,

                Defendants.

**ORDER**

20 Civ. 9153 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Akhmed Gadzhievich Bilalov brings this action against Defendants Herman Gref, Sberbank CIB USA, Inc., and Sberbank of Russia PJSC, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Second Am. Cmplt. (Dkt. No. 51) at 34-49) Plaintiff also alleges claims for fraud, conspiracy to commit fraud, conversion, malicious abuse of process, unjust enrichment, and violations of the Alien Tort Claims Act. (Id. at 50-57)

        In a September 13, 2022 order, Judge Torres – to whom this action was then assigned – granted Defendants' motion to dismiss the Second Amended Complaint. (Order (Dkt. No. 98) at 26) Judge Torres' order provides that, "[b]y October 4, 2022, Plaintiff may request leave to file [a third] amended complaint for the limited purpose [of amending his abuse-of-process claim]." (Id.)

        On October 4, 2022, Plaintiff moved for leave to file a third amended complaint. (Pltf. Mot. (Dkt. No. 103))

On October 12, 2022, Plaintiff filed a notice of appeal concerning Judge Torres' order dismissing the Second Amended Complaint. (Notice of Appeal (Dkt. No. 107)) The parties later filed a stipulation withdrawing the appeal. (Dkt. No. 119)

On November 21, 2022, this case was reassigned to this Court.

On December 20, 2022, Plaintiff filed a reply brief. (Dkt. No. 16) On January 11, 2023, this Court referred Plaintiff's motion to amend to Magistrate Judge Jennifer E. Willis for a Report and Recommendation ("R&R"). (Dkt. No. 117)

On March 16, 2023, Judge Willis issued an R&R recommending that Plaintiff's motion for leave to file a third amended complaint be denied because "[n]either of the proposed amendments remedies the defect identified in Judge Torres's [o]rder [granting Defendants' motion to dismiss]." (R&R (Dkt. No. 120) at 7)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. . . . **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review.** See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

(R&R (Dkt No. 120) at 7 (emphasis in original))

No party has filed objections to Judge Willis's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Willis's R&R. (See R&R (Dkt. No. 120) at 7) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Willis's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no

timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

This Court has reviewed Judge Willis's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Willis's R&R (Dkt. No. 120) is adopted in its entirety, and Plaintiff's motion for leave to file a third amended complaint is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 103) and to close this case.

Dated: New York, New York
       July 5, 2023

SO ORDERED.

*Paul S. Gardephe*

Paul G. Gardephe
United States District Judge